# EXHIBIT D

1
2
3
4
5
6

BERGER MONTAGUE PC
Benjamin Galdston (SBN 211114)
Email: bgaldston@bm.net
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel:   (619) 489-0300

*Attorneys for Plaintiff*

7
8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17
18
19

LATISHA WATSON, Individually and
on Behalf of All Others Similarly
Situated,

              Plaintiffs,

     v.

THE UNIVERSITY OF SOUTHERN
CALIFORNIA, and THE BOARD OF
TRUSTEES OF THE UNIVERSITY
OF SOUTHERN CALIFORNIA,

           Defendants.

Case No. 2:20-cv-04107-DMG-PVC

**PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS**

20
21
22
23
24
25
26
27
28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Latisha Watson ("Plaintiff") requests that Defendants The University of Southern California and The Board of Trustees of the University of Southern California (collectively, "Defendants") respond to this First Request For Production Of Documents ("Requests"). In responding to these Requests, please use the Definitions and Instructions set forth below. Documents and other things requested shall be produced on or before July 17, 2020, at the office of Berger Montague PC, 12544 High Bluff Drive, Suite 340, San Diego, CA 92130, or at such other place and/or time mutually agreed to by the parties.

## DEFINITIONS

The following definitions and instructions apply to each of the requests set forth herein.

1. "2U" refers to the third-party company 2U, Inc.

2. "Action" shall mean the above-captioned case, *Watson v. The University of Southern California, et al.*, pending in the United States District Court for the Central District of California, Case No. 2:20-cv-04107-DMG-PVC.

3. "Any" includes "all," and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the term "including" means "including without limitation"; the singular form of a noun or pronoun shall include the plural form of the noun or pronoun, and vice versa; the neutral form of a pronoun shall include the masculine and feminine forms of the pronoun, and vice versa; and the use of any tense of a verb shall include all other tenses of the verb. In each such instance, the Request shall be construed so as to furnish the most complete and inclusive answer.

4. "Board of Trustees" means the Board of Trustees for Defendant The University of Southern California, including without limitation, its members, committees, employees, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, and

including the following: Miriam Adelson; Michael E. Adler; Wallis Annenberg; Stephanie A. Argyros; Wanda M. Austin; Thomas J. Barrack Jr.; Marc R. Benioff; David C. Bohnett; Joseph M. Boskovich Sr.; Robert A. Bradway; Charles G. Cale; Rick J. Caruso; Alan I. Casden; Ronnie C. Chan; Frank H. Cruz; David H. Dornsife; Suzanne Dworak-Peck; Michele Dedeaux Engemann; Michael A. Felix; Carol L. Folt; Stanley P. Gold; Ming Hsieh; Tamara Hughes Gustavson; Lydia H. Kennard; Kenneth R. Klein; John Kusmiersky; Jaime L. Lee; Kathy Leventhal; William J. McMorrow; John Mork; Oscar Munoz; Rod Y. Nakamoto; Carmen Nava; Shelly L. Nemirovsky; Dominic Ng; Suzanne Nora Johnson; J. Kristoffer Popovich; Blake Quinn; Amy A. Ross; Frederick J. Ryan Jr.; Leonard D. Schaeffer; William E. B. Siart; Jeffrey H. Smulyan; Heliane M. Steden; Mark A. Stevens; Ronald D. Sugar; Tracy M. Sykes; Daniel M. Tsai; Ronald N. Tutor; Wenxue Wang; Chris Cox; Malcolm R. Currie; Daniel J. Epstein; Gavin S. Herbert; B. Wayne Hughes Sr.; Ray R. Irani; Glorya Kaufman; John F. King; Daniel D. Lane; Claude Mann; Kathleen L. McCarthy; Jerry W. Neely; C. L. Max Nikias; Joan A. Payden; Frank Price; Bruce M. Ramer; Lorna Y. Reed; Edward P. Roski Jr.; William J. Schoen; Robert H. Smith; Steven Spielberg; Richard J. Stegemeier; Ratan N. Tata; Peter V. Ueberroth; Andrew J. Viterbi; and Willis B. Wood Jr.

5.     "CARES Act" shall mean the Coronavirus Aid, Relief, and Economic Security Act signed into law on March 27, 2020.

6.     "Committee" refers to the University Committee on Curriculum.

7.     "Communication" or "Communications" shall mean any transmission, transfer, or exchange of information by any means, including without limitation, any verbal, written, printed, typed, electronic, photographed, recorded, or otherwise reproduced, communication or representation. "Communication" includes, but is not limited to, electronic mail.

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS

8.   "Complaint" shall mean the Class Action Complaint filed by Plaintiff on May 5, 2020, in this Action.

9.   "Concerning" or "concerns" shall mean relating to, referring to, describing, evidencing, or constituting.

10.   "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

11.   "Defendants" or "The University" shall mean Defendants The University of Southern California ("USC") and The Board of Trustees of the University of Southern California (the "Board"), individually and collectively, including without limitation, their officers, directors, members, employees, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly.

12.   The term "document(s)" includes things (e.g., audio or tape recordings, computer disks, thumb drives, memory cards, etc.) and means all documents and things subject to production under Federal Rules of Civil Procedure 26 and 34, and thus includes (by way of illustration only and not by way of limitation) any written, printed, recorded, or graphic matter that is or has been in your actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including without limitation: correspondence; records; reports; memoranda; notes; letters; telegrams; messages (including, without limitation, reports of telephone conversations and conferences); text messages; chat messages; facsimile transmission; notebooks of any character; summaries or records of personal conversations; diaries; calendars; desk pads; appointment books; routing slips; publications; computer readable disks and/or drives, tapes or other records; photographs (including photographs taken by a cell phone, iPhone, or iPad, similar device, or other recording device); minutes or records of meetings; transcripts of oral

testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; court papers; cancelled or un-cancelled checks; brochures; pamphlets; press releases; drafts of, revisions of drafts of, or translations of, any document; tape recordings; records; dictation belts, emails and other electronic documents. The scope of email and other electronic documents includes documents on any personal laptop, home computer, removable media devices (floppy disks, tapes, CD ROMS, DVDs, zip disks and/or drives, flash drives and other removable drives), personal digital assistants or similar devices (such as a Palm Pilot or Blackberry), or any other storage medium or any other electronically-stored information. Any document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these Requests.

13.    The term "person" or "persons" means any individual, firm, trust, partnership, corporation, proprietorship, limited liability company, association, joint venture, governmental body, or any other organization or entity of any kind. When asked to identify a person, state the person's legal name, present or last known address, and telephone number.

14.    "Plaintiff" refers to Latisha Watson.  "Plaintiffs" refers to Latisha Watson and all other members of the putative Class, as defined in Plaintiff's Complaint in this Action.

15.    The terms "relate(s)" and "relating" shall mean and include constituting, referring to, concerning, indicating, responding to, pertaining to, in connection with, evidencing, reflecting, embodying, identifying, incorporating,

dealing with, discussing, showing, implying, analyzing, or describing, whether directly or indirectly.

16.    "Relevant Time Period" refers to January 1, 2019 through the present.

17.    "Senior Administration" shall mean the individuals responsible for managing USC's institutional operations through its administrative units and schools, individually and collectively, including without limitation, their employees, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, as follows:

        a.  Carol L. Folt, President;

        b.  Charles F. Zukoski, Provost and Senior Vice President for Academic Affairs;

        c.  Mike Bohn, Director of Athletics;

        d.  Winston B. Crisp, Vice President for Student Affairs;

        e.  Samuel Garrison, Interim Senior Vice President, University Relations;

        f.  Thomas E. Jackiewicz, Senior Vice President and CEO for Keck Medicine of USC;

        g.  Lisa Mazzocco, Chief Investment Officer;

        h.  Glenn Osaki, Senior Vice President and Chief Communications Officer;

        i.  James M. Staten, Senior Vice President, Finance, and Chief Financial Officer;

        j.  Tracey L. Vranich, Interim Senior Vice President for University Advancement;

        k.  Felicia A. Washington, Senior Vice President for Human Resources;

l.   David W. Wright, Senior Vice President, Administration; and

m. Rene Pak, Chief of Staff.

18.   "USC" or the "University" means The University of Southern California, including without limitation, its members, committees, employees, agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly.

19.   The terms "you," "yours," and/or "yourself" refer to Defendants, individually and collectively, including without limitation, their officers, employees, agents, representatives, and all other persons acting on their behalf.

## INSTRUCTIONS

1.   These Requests cover all documents and things in your actual or constructive possession, custody, or control. You are obligated to obtain copies of responsive documents and information that are under your control to the extent that you have the legal right to demand copies thereof (e.g., text and email messages; testimony; written statements).

2.   You must produce all documents either in the same form and order as they are maintained by you or organized and labeled to correspond with the particular Requests set forth below.

3.   These Requests continue such that you must supplement your production if any additional documents come into your possession, custody, or control, or as otherwise necessary to ensure compliance with your ongoing production obligations.

4.   You must produce each document in native format or Group IV Tagged Image File Format ("TIFF"), including all applicable metadata, regardless of whether such documents are stored in electronic or hard copy form. Applicable metadata includes, at a minimum: begbates, endbates, begattach, endattach,

6

pagecount, fileextension, filesize, Custodian, Author, From, To, CC, BCC, Subject, Attachments, datecreated, datemodified, datesent, datereceived, filename, MD5Hash, textpath, and nativepath. Hard copy documents shall be converted to searchable text using Optical Character Recognition ("OCR") technology, and searchable Unicode text files shall be produced. You must extract the text of each native electronic document ("Extracted Text") and produce it in a text file. The Extracted Text shall be provided in searchable Unicode text format.

5.     You must produce spreadsheet files and presentations (e.g., Excel, PowerPoint), and sound, video, and other files not practical for the TIFF format in native form or in another reasonably usable form. Such native file productions shall include all metadata and a single-page TIFF image indicating that the associated file was produced in native form.

6.     Each document production shall be accompanied by a load file that indicates document breaks of the TIFF images and includes all accompanying metadata.

7.     Unless otherwise agreed to by the parties, you are required to produce all documents on external hard drives or readily accessible computer or electronic media (the "Production Media"). For productions with a total volume of 5 GB or less (in a compressed or uncompressed transfer format), production by File Transfer Protocol ("FTP") is an acceptable alternative to production by hard media. You must provide all decryption or access passwords necessary to access produced documents via email to Defendants' counsel.

8.     These Requests continue such that you must supplement your production if any additional documents come into your possession, custody, or control, or as otherwise necessary to ensure compliance with your ongoing production obligations.

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS

9.     If you withhold from production any information, documents, or things requested on the grounds of attorney-client privilege, work-product immunity, or any other claim of privilege, you must provide a log identifying each such document, including the:

a.     Type of document (i.e., letter, memorandum, etc.) or some other means of accurately identifying it;

b.     Date, if any, or an estimate thereof, and so indicated as an estimate if no date appears on the document;

c.     Author (including position or title of same), if any;

d.     Addressee (including position or title of same), if any;

e.     Each recipient (including position or title of same) to whom the document, thing, or copies thereof were circulated, or its contents communicated, if any;

f.     Present location;

g.     Present custodian;

h.     General subject matter, as described in the document; and

i.     Nature of the claimed privilege, which explains your basis for withholding the document or thing in sufficient detail so as to enable your claim of privilege to be adjudicated, if necessary. If the privilege you assert is a claim or defense governed by state law, you must set forth the state privilege rule you are invoking.

10.     To the extent any purportedly privileged document contains nonprivileged subject matter, the non-privileged portions must be produced with the purportedly privileged material redacted.

11.     Unless otherwise specified, the time period encompassed by these Requests is January 1, 2019 through present. Defendants shall produce responsive

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS

documents that relate to the Relevant Time Period irrespective of the date of the document.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All documents concerning Board of Trustee meetings that occurred during the Relevant Time Period, including without limitation agendas, minutes, action items, resolutions, or memoranda.

**REQUEST FOR PRODUCTION NO. 2**:

All documents concerning the calculation and determination of the tuition and fees that students are charged for each academic program offered for the 2019-2020 academic year.

**REQUEST FOR PRODUCTION NO. 3**:

All documents concerning the calculation and determination of the amount(s) that students are charged to live in USC on-campus housing for the 2019-2020 academic year.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning the calculation and determination of the amount(s) that students are charged for non-academic programs or activities for the 2019-2020 academic year.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning the calculation and determination of the amount(s) that students are charged for meals, meal plans, or dining services for the 2019-2020 academic year.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning your decision to suspend "study abroad" or "learning abroad" programs for the 2019-2020 academic year, including without

limitation documents ascribing a student cost to such program and documents concerning your decisions regarding any refund or contemplated refund to students for such suspension.

**REQUEST FOR PRODUCTION NO. 7**:

All documents concerning "Project Restart," including without limitation documents identifying each element of university life that was impacted by the COVID-19 health crisis, discussing the anticipated return to "on-campus" operations, or concerning the timeline or costs of such anticipated return.

**REQUEST FOR PRODUCTION NO. 8**:

All documents, including telephonic or video conferences, "Zoom" calls, recordings, transcripts, or presentations regarding the University's transition from "on-campus" operations to "online operations," campus and facilities closures, student tuition or fees, and dining services.

**REQUEST FOR PRODUCTION NO. 9**:

Email, correspondence, chat messages, text messages, and all other communications among Senior Administration regarding the decision to suspend "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 10**:

Email, correspondence, chat messages, text messages, and all other communication among Senior Administration regarding whether to refund tuition to students in connection with the decision to suspend "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 11**:

Email, correspondence, chat messages, text messages, and all other communication among Senior Administration regarding whether to refund fees or other costs, including those related to housing, meals, activities, and study-abroad

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS

programs, to students in connection with the decision to suspend "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 12**:

All documents concerning the Board of Trustee's consideration, decision, approval, or modification of any policy concerning whether to refund tuition to students in connection with the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 13**:

All documents concerning the Board of Trustee's consideration, decision, approval, or modification of any policy concerning whether to refund fees or other costs, including related to housing, meals, activities, and study-abroad programs, to students in connection with the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 14**:

Documents sufficient to show the fees charged to non-students for use of on-campus amenities or facilities such as on-campus athletic facilities, gymnasiums, event spaces, libraries, or other buildings or facilities during the 2019-2020 academic year.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to any communication between you and USC professors, instructors, counselors, coaches, tutors, or teaching assistants regarding the provision of online instruction following the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning your training of professors, instructors, counselors, tutors, teaching assistants or other academic staff regarding the provision of online instruction following the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning your communications with professors, instructors, counselors, coaches, tutors, teaching assistants or other academic or non-academic staff concerning their compensation or changes to their compensation relating to the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the Committee's consideration of proposals relating to online learning following the suspension of "on-campus" operations, including any correspondence or other communications between you and the Committee or any of its members.

**REQUEST FOR PRODUCTION NO. 19:**

Email, correspondence, chat messages, text messages, and all other communications between you and USC students and/or their families concerning the suspension of "on-campus" operations, including but not limited to complaints about instruction, requests for refunds and issues or concerns raised by such students and/or their families relating to the provision of online instruction.

**REQUEST FOR PRODUCTION NO. 20:**

All documents from the period January 1, 2015 through the present concerning your provision of online courses or degree programs prior to the suspension of "on-campus" operations, including but not limited to documents relating to the provision of online courses through third-party companies such as 2U.

**REQUEST FOR PRODUCTION NO. 21:**

All contracts, correspondence or agreements between you and 2U or any other third-party companies that provided services to you in connection with the provision of online courses during the period January 1, 2015 through the present.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to any contracts or agreements between you and 2U or any other third-party companies that provided services to you in connection with the provision of online courses during the period January 1, 2015 through the present.

**REQUEST FOR PRODUCTION NO. 23:**

All documents or communications concerning planning for the provision of online courses and instruction, including documents concerning transitioning "on-campus" operations or services in the event of an emergency requiring you to suspend on-campus services, including but not limited to contingency plans for transitioning from "on-campus" operations to online instruction and for training USC professors and instructors to transition to online instruction in the event of such an emergency.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning fieldwork opportunities you provided to students following the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning access to community building or networking tools you provided to students following the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show the amount of the fees charged and/or payments made by you to third-party providers of online courses prior to the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 27:**

Email, correspondence, chat messages, text messages, and all other communications between you and third-party providers of online courses,

including but not limited to 2U, following the suspension of "on-campus" operations.

**REQUEST FOR PRODUCTION NO. 28:**

Email, correspondence, chat messages, text messages, and all other communications between you and third-party providers of online courses, including but not limited to 2U, concerning negotiations with regard to the portion of tuition for online courses to be paid to such third-party provider of online courses.

**REQUEST FOR PRODUCTION NO. 29:**

Email, correspondence, chat messages, text messages, and all other communication between you and third-party providers of online courses, including but not limited to 2U, regarding the differences between online courses and on-campus instruction.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning the difference in value between courses offered online (either by you or other colleges or universities) and courses offered "live" or on-campus (either by you or other colleges or universities).

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning the steps required and taken to plan for a course or degree program to be provided to USC students online, including but not limited to the steps required and taken by you before third-party companies such as 2U can offer online instruction to USC students.

**REQUEST FOR PRODUCTION NO. 32**:

Documents sufficient to show your document preservation policies applicable to this Action.

---

14

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS

**REQUEST FOR PRODUCTION NO. 33**:

Insurance policies, declarations, and any correspondence with any insurance provider regarding insurance coverage applicable to this Action.

**REQUEST FOR PRODUCTION NO. 34**:

Insurance policies, declarations, and any correspondence with any insurance provider regarding business interruption coverage or any other coverage available for losses related to Coronavirus, COVID-19 or governmental action.

**REQUEST FOR PRODUCTION NO. 35**:

Documents sufficient to identify all relief, funds, payments, reimbursements, awards, loans, or other benefits received by the University pursuant to the CARES Act or any other program related to Coronavirus, COVID-19 or governmental action.

**REQUEST FOR PRODUCTION NO. 36**:

Organizational charts or similar documents sufficient to show the reporting structure for administration, fiscal, and budgetary functions at USC.

**REQUEST FOR PRODUCTION NO. 37**:

Copies of all student bulletin board, chat room, or other community discussion forum messages concerning the suspension of "on-campus" operations, the provision of online courses, and/or reimbursement of tuition and/or fees for the 2019-2020 academic year.

Dated:  June 18, 2020                    BERGER MONTAGUE PC


*/s/ Benjamin Galdston*
Benjamin Galdston (SBN 211114)
12544 High Bluff Drive, Suite 340
San Diego, CA 92130
Tel: (619) 489-0300
Email:  bgaldston@bm.net

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS

E. Michelle Drake
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel: (612) 594-5933
Email: emdrake@bm.net

Ellen Noteware
Glen L. Abramson
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: enoteware@bm.net
        gabramson@bm.net

*Attorneys for Plaintiff*
*Latisha Watson*

16

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS

## **PROOF OF SERVICE**

On June 18, 2020, I caused to be served true copies of the foregoing document on counsel for Defendants in this action via electronic mail as follows:

Michelle C. Doolin
Leo P. Norton
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121
mdoolin@cooley.com
lnorton@cooley.com

Alexandra Rex Mayhugh
Cooley LLP
1333 Second Street Suite 400
Santa Monica, CA  90401
amayhugh@cooley.com

Michael N. Sheetz
Cooley LLP
500 Boylston Street
Boston, MA 02116
msheetz@cooley.com

*Attorneys for Defendants The University of Southern California and The Board of Trustees of the University of Southern California*

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 18, 2020, at San Diego, California.

*/s/ Benjamin Galdston*
Benjamin Galdston

17
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS