1  Steve W. Berman (*Pro Hac Vice*)
   steve@hbsslaw.com
2  HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Second Avenue, Suite 2000
3  Seattle, WA 98101
   T: (206) 623-7292
4  F: (206) 623-0594

5  Christopher R. Pitoun (SBN 290235)
   christopherp@hbsslaw.com
6  HAGENS BERMAN SOBOL SHAPIRO LLP
   301 North Lake Avenue, Suite 920
7  Pasadena, CA 91101
   T: (213) 330-7150
8  F: (213) 330-7152

9  [Additional Counsel listed on signature page]

10 *Interim Co-Lead Class Counsel and
   Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| In re University of Southern California Tuition and Fees COVID-19 Refund Litigation | No. 2:20-cv-04066-DMG-PVC<br><br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 16(c) & 26(f)** |

Plaintiffs Injune David Choi, Christina Diaz, J. Julia Greenberg, Justin Kerendian, Ivana Saddigh, , Gabriel Tabariai, and Latisha Watson, as well as Sonja Joplin, Robert Calvert, and Chile Aguiniga (collectively, "Plaintiffs")[1], and Defendants The University of Southern California and The Board of Trustees of The University of Southern California ("Defendants" or "USC"), by and through their attorneys, hereby submit their Joint Report under Rules 16(c) and 26(f) of the Federal Rules of Civil Procedure, and this Court's Notice of Scheduling Conference dated September 9, 2021 (ECF No. 102).

**A.  Meet and Confer.**

The parties met and conferred telephonically on September 24, 2021 to discuss (1) preparing an agenda of matters to be discussed at the scheduling conference, (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and (3) considering whether they will consent to trial by a Magistrate Judge, and (4) all other items contemplated in this Court's Order Scheduling Meeting of Counsel (ECF No. 102). Ellen Noteware, Roy Katriel and Daniel Kurowski attended for Plaintiffs, while Leo Norton attended for Defendants. The results of that conference, and follow-up meet and confer efforts, are set forth below.

**B.  Short Synopsis of the Principal Issues in the Case.**

   **1.  Plaintiffs' Claims.**

Individually and on behalf of a class of similarly situated individuals, Plaintiffs enrolled as full-time students for the Spring 2020 academic term at USC. Plaintiffs allege that they and other class members paid USC for opportunities and services that

---

[1] Plaintiff Keshav Srinivasan is post-Spring 2020 student, and as such, the parties agree that the Court dismissed his claims in its order on USC's motion to dismiss the Consolidated Class Action Complaint. (ECF Nos. 55, 99.) The case initiated by plaintiffs Sonja Joplin, Robert Calvert, and Chile Aguiniga was consolidated under this case after the Consolidated Class Action Complaint was filed and USC had moved to dismiss it. Plaintiffs' counsel has advised that plaintiffs Sonja Joplin, Robert Calvert, and Chile Aguiniga intend to pursue their Spring 2020 claims in this case though they are not presently named plaintiffs in the Consolidated Class Action Complaint. (ECF Nos. 55, 63.)

USC promised to provide them but failed to actually provide, including in-person, on-campus classes, access to in-person, on-campus facilities, services, amenities and activities. As a result of the issues raised in the Consolidated Class Action Complaint, and as narrowed in the Court's Order re Defendants' Motion to Dismiss (ECF No. 99), Plaintiffs allege claims for breach of contract and quasi-contract restitution based on USC's refusal to issue prorated tuition refunds to students who were barred from campus for the Spring 2020 semester and required to take remote, on-line classes instead of the live, in-person classes which USC promised them and for which they paid, as well as "unfair" claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL").

### 2. Defendants' Defenses.

USC filed its answer on September 8, 2021, denying Plaintiffs' substantive allegations and asserting various defenses. Plaintiffs' claims are without merit because Plaintiffs cannot establish the existence of a contract with a clear and unequivocal term of in-person education and USC did not engage in any unfair or unjust conduct. None of the general promotional statements on which Plaintiffs rely mandates in-person education as the exclusive manner of learning. Further, under the express terms of the USC Catalogue, tuition is assessed in terms of units toward a degree; it is not assessed based on a particular manner of instruction, in-person instruction, or unfettered access to campus. And USC expressly reserved the right to change its policies and the way it administers its courses without a refund of tuition. Far from acting unjustly or unfairly, USC expended significant efforts and resources to quickly pivot to a remote education environment to avoid disrupting the education of tens of thousands of students. In doing so, USC drew upon the knowledge, experience, and professional judgment of its administrators and innovative scholars, researchers, teachers, and mentors. USC also announced various supportive measures for its students, including issuing pro-rated refunds for room and meal plan payments and

disbursing millions of dollars in federal Coronavirus Aid, Relief and Economic Security (CARES) Act funds for student emergency use.

Additionally, Plaintiffs' are barred in whole or in part by USC's defenses, including, but not limited to, the educational malpractice doctrine; prevention, impossibility, or impracticability of performance or excuse for any non-performance because in-person education and activities were rendered impossible by operation of law and public policy through government health and safety orders; substantial performance because USC offered in-person instruction for more than half of the Spring 2020 semester, at which point it continued to offer educational instruction remotely as required by state and local stay-at-home orders; illegality; unconscionability; unclean hands; failure to mitigate; unjust enrichment because Plaintiffs benefitted from USC's decision to expend a significant amount of additional money and resources in order to continue providing Plaintiffs with an education and progress toward a degree notwithstanding a global and unprecedented health crisis; novation; force majeure; and accord and satisfaction. Plaintiffs' equitable claims (quasi-contract restitution and UCL) are barred, in whole or in part, because they are duplicative of Plaintiffs' breach of contract claim and also because they assert a legal claim (breach of contract) and equitable claims (quasi-contract restitution and UCL) when they have asserted an adequate legal remedy.

**C.    Whether Other Parties Are Likely To Be Added.**

At this time, the parties do not anticipate additional parties to the action other than plaintiffs Sonja Joplin, Robert Calvert, and Chile Aguiniga as their case was consolidated under this case after the Consolidated Class Action Complaint was filed.

**D.    Whether The Pleadings Are Likely To Be Amended.**

The pleadings are not likely to be amended except to potentially remove plaintiff Keshav Srinivasan and add plaintiffs Sonja Joplin, Robert Calvert, and Chile Aguiniga and delete any dismissed claims and allegations.

**E.  Statement as to Issues Which Any Party Believes May Be Determined By Motion.**

    **1.  Plaintiffs' Position.**

As this case is a putative class action, Plaintiffs intend to move for class certification under Fed. R. Civ. P. 23. As a result, the issue of whether to grant certification is an issue which will be determined by motion and will greatly inform the scope of this action, including any trial. At this time, Plaintiffs do not believe that any other issue may be determined by motion.

    **2.  Defendants' Position.**

The viability of Plaintiffs' equitable claims (quasi-contract restitution and UCL) is an issue that may be determined by a motion for judgment on the pleadings (Fed. R. Civ. P. 23) or for summary judgment (Fed. R. Civ. P. 56). Plaintiffs' breach of contract claim may be decided by a motion for summary judgment (Fed. R. Civ. P. 56). And some or all of USC's affirmative defenses may be decided by a motion for summary judgment (Fed. R. Civ. P. 56). As such, USC reserves the right to bring such motions.

**F.  Statement As To Whether The Parties Consent to a Mutually Agreeable Magistrate Judge To Preside Over This Action for All Purposes, Including Trial.**

The parties do not consent to reassignment of this case to a Magistrate Judge for all purposes, including trial.

**G.  Preservation of Discoverable Information and Form of Document Production.**

The parties are taking reasonable efforts to preserve discoverable information, including electronically stored information ("ESI"). Further, the parties agree to meet and confer in good faith regarding ESI and collection issues as appropriateThe parties are in the process of meeting and conferring on a mutually agreeable ESI protocol.

H. **Proposals Regarding Severance, Bifurcation, or Other Ordering Of Proof.**

Given the class action nature of this case, it is Defendant's position that certain discovery requests and issues may need to be phased or delayed until after class certification. The parties agree to meet and confer in connection with specific discovery requests as they arise and which may warrant phasing or delayed production given the class action nature of this case. Should the parties agree to phase or delay any specific discovery pending the Court's ruling on class certification, the parties agree to meet and confer within fourteen (14) days of the Court's order on class certification regarding the timing of any such deferred productions. Also, the parties jointly request that the Court set a case management conference to address post-class certification ruling issues and procedures, such as any deferred discovery, any additional discovery (including expert discovery/disclosures in light of the Court's class certification ruling, if any), and any changes to the proposed pretrial and trial dates in light of the Court's ruling.

I. **Proposed Schedule of Pretrial & Trial Dates.**

The parties submit the following agreed case schedule, which the parties separately attach in the Schedule of Pretrial & Trial Dates Worksheet:

| MATTER | JOINT REQUESTED DATE | TIME |
|---|---|---|
| JURY TRIAL<br><br>Duration Estimate: 20 business days | Tuesday, July 25, 2023 or another date thereafter convenient to the Court. | 8:30 a.m. PT |
| FINAL PRETRIAL CONFERENCE | Tuesday, June 27, 2023 or another date thereafter convenient to the Court. | 2:00 p.m. PT |

| MATTER | JOINT REQUESTED DATE |
|---|---|
| Service of Initial Disclosures | November 1, 2021 |
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | January 20, 2022 |

- 5 -

| | |
|---|---|
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | June 22, 2022 |
| Initial Expert Disclosure & Report Deadline (class certification and merits) | July 20, 2022 |
| Rebuttal Expert Disclosure & Report Deadline (class certification and merits) | August 17, 2022 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | September 14, 2022 |
| Plaintiffs' Motion for Class Certification Cut-Off (filing deadline) | September 28, 2022 |
| Defendants' Response to Motion for Class Certification (filing deadline) | November 2, 2022 |
| Plaintiffs' Reply to Motion for Class Certification (filing deadline) | November 23, 2022 |
| Case Management Conference | TBD at the Court's convenience following ruling on motion for class certification. |
| Settlement Conference Completion Date | February 15, 2023 |
| Dispositive Motion Cut-Off (Filing deadline) | March 22, 2023 |
| Motions in Limine (including *Daubert*) Filing Deadline | June 6, 2023 |
| Opposition to Motion in Limine Filing deadline | June 20, 2023 |

### J. Efforts Made To Settle Or Resolve the Case To Date and The Parties' Recommended Settlement Procedure Per Local Rule 16-15.4

With respect to efforts made to settle or resolve the case to date, in August 2020, the parties discussed the potential for an early private mediation. But a mediation did not occur as USC filed a motion to dismiss. No other efforts to settle or resolve the case have taken place.

Per Local Rule 16-15.4(3), the parties recommend ADR PROCEDURE NO. 3 ("The Parties shall participate in a private dispute resolution proceeding.").

**K.   Issues Relating to Claims of Privilege or Other Protections From Disclosure.**

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, and agree to establish procedures for asserting privilege and work product claims. The parties will confer and file a Motion for a Proposed Order attaching as an exhibit a proposed Stipulation and Protective Order governing the process for asserting claims of privilege or protection of documents after production in this case.

**L.   Any Other Issues Affecting the Status or Management of the Case.**

At this time, the parties do not believe that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for the Central District of California are necessary in this case, except as to depositions. As there are 10 plaintiffs, USC intends to take each of the 10 named Plaintiffs' depositions and potentially up to two additional fact witness depositions. As such, USC requests that its deposition limit be increased from 10 to 12 (not counting expert discovery depositions). To the extent that a potential need to change the limitations on written discovery or for additional depositions comes to the attention of a party, the parties agree to meet and confer regarding same and seek leave of court as appropriate.

| | |
|---|---|
| By: */s/ Daniel J. Kurowski*_____ | By: */s/ Leo P. Norton (with permission)* |
| **BERGER MONTAGUE PC**<br>Glen L. Abramson<br>(*Pro Hac Vice*)<br>Ellen T. Noteware<br>(*Pro Hac Vice*)<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>Email: gabramson@bm.net<br>Email: enoteware@bm.net | **COOLEY LLP**<br>Michelle C. Doolin<br>(SBN 179445)<br>Leo P. Norton<br>(SBN 216282)<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Tel: (858) 550-6000<br>Fax: (858) 550-6420<br>Email: mdoolin@cooley.com<br>Email:lnorton@cooley.com |
| **BERGER MONTAGUE PC**<br>E. Michelle Drake<br>(*Pro Hac Vice*)<br>43 SE Main Street, Suite 505<br>Minneapolis, MN 55414<br>Tel: (215) 875-3000<br>Email: emdrake@bm.net | Alexandra R. Mayhugh<br>(SBN 300446)<br>(amayhugh@cooley.com)<br>1333 2nd Street, Suite 400<br>Santa Monica, CA 90401<br>Tel: (310) 883-6400<br>Fax: (310) 883-6500 |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Christopher R. Pitoun<br>(SBN 290235)<br>301 North Lake Avenue, Suite 203<br>Pasadena, CA 91101<br>Tel: (213) 330-7150<br>Email: christopherp@hbsslaw.com | Michael N. Sheetz (*Pro Hac Vice*)<br>500 Boylston Street<br>Boston, MA 02116-3736<br>Tel: (617) 937-2300<br>Fax: (617) 937-2400<br>Email: msheetz@cooley.com |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Steve W. Berman<br>(*Pro Hac Vice*)<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Tel: (206) 623-7292<br>Email: steve@hbsslaw.com | |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Daniel J. Kurowski<br>(*Pro Hac Vice*)<br>Whitney K. Siehl<br>(*Pro Hac Vice*)<br>455 N. Cityfront Plaza Drive, Suite 2410<br>Chicago, IL 60611<br>Tel: (708) 628-4949<br>Email: dank@hbsslaw.com<br>Email: whitneys@hbsslaw.com | |
| **THE KATRIEL LAW FIRM, P.C.**<br>Roy A. Katriel, Esq. | |

(SBN 265463)
2262 Carmel Valley Road,
Suite 201
Del Mar, CA 92014
Tel: (619) 363-3333
Email: rak@katriellaw.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

## ECF ATTESTATION

Pursuant to Local Rule 5-4.3.4, the filer of this document, Daniel J. Kurowski, attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.