COOLEY LLP
MICHELLE C. DOOLIN (179445)
(mdoolin@cooley.com)
LEO P. NORTON (216282)
(lnorton@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

ALEXANDRA R. MAYHUGH (300446)
(amayhugh@cooley.com)
1333 2nd Street
Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500

MICHAEL N. SHEETZ *(Pro hac vice)*
(msheetz@cooley.com)
500 Boylston Street
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400

Attorneys for Defendants
UNIVERSITY OF SOUTHERN CALIFORNIA and THE BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

*In re University of Southern California Tuition and Fees COVID-19 Refund Litigation*

Case No. 2:20-cv-4066-DMG-PVC

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Judge: Dolly M. Gee
Date: February 11, 2022
Time: 9:30 a.m.
Courtroom: 8C, 8th Floor

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

III. DISMISSAL OF PLAINTIFFS IVANA SADDIGH, GABRIEL TABARIAI, SONJA JOPLIN, AND ROBERT CALVERT SHOULD BE CONDITIONED ON RESPONDING TO OUTSTANDING WRITTEN DISCOVERY AND BEING DEPOSED .......... 5

IV. CONCLUSION .......... 8

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

i

DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.*, No. 09-cv-02757, 2011 WL 5865059 (D. Co. Nov. 22, 2011) .................... 6, 7, 8

*Dysthe v. Basic Research, LLC*, 273 F.R.D. 625 (C.D. Cal. 2011) .................... 5, 6, 7, 8

*Fraley v. Facebook Inc.*, No. C 11-1726, 2012 WL 555071 (N.D. Cal. Feb. 21, 2012) .................... 6, 7

*Mashek v. Silberstein*, 20 F.R.D. 421 (S.D.N.Y. 1957) .................... 5, 7

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919 (9th Cir. 1989) .................... 5

*In re Vitamins Antitrust Litigation*, 198 F.R.D. 296 (D.D.C. 2000) .................... 7

*In re Wellbutrin XL Antitrust Lit.*, 268 F.R.D. 539 (E.D. Pa. 2010) .................... 5, 7

**Other Authorities**

Fed. R. Civ. P.

16 .................... 1, 3

26 .................... 1, 3, 5

30(b)(1) .................... 5

33 .................... 5

34 .................... 5

41(a) .................... 2, 5, 7

9 Wright & Miller, *Federal Practice and Procedure,* § 2366 (3d ed.2008) .................... 5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii

DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

## I. INTRODUCTION

Defendants University of Southern California ("USC") and Board of Trustees of the University of Southern California ("Board of Trustees") (USC and Board of Trustees collectively, the "USC Defendants") oppose the Motion for Leave to Amend the Complaint (ECF Nos. 111-112) filed by Plaintiffs Injune David Choi, Christina Diaz, J. Julia Greenberg, Justin Kerendian, and Latisha Watson ("Moving Plaintiffs") to respectfully request that the Court impose conditions on the dismissal of those plaintiffs who are seeking to withdraw. Specifically, Plaintiffs Ivana Saddigh, Gabriel Tabariai, Sonja Joplin, and Robert Calvert (collectively, "Withdrawing Plaintiffs") should be ordered to respond to the USC Defendants' interrogatories and requests for production, responses to which are now past due, and to provide deposition testimony as a condition to dismissal.

The USC Defendants do not oppose Moving Plaintiffs receiving leave to amend or Withdrawing Plaintiffs' claims being dismissed without prejudice. But such dismissal should be with conditions imposed to alleviate the prejudice and unfairness to the USC Defendants through Withdrawing Plaintiffs' misguided attempt to shirk their discovery obligations through the filing of the proposed First Amended Consolidated Class Action Complaint ("FACCAC"). Because the USC Defendants have answered the Consolidated Class Action Complaint (ECF No. 101), Withdrawing Plaintiffs cannot unilaterally be removed as named plaintiffs. They can only be dismissed by order of this Court on proper terms.

Withdrawing Plaintiffs have been parties to this action for over a year. Certain of them actively opposed USC's motion to dismiss, and survived dismissal in part. Each of the Withdrawing Plaintiffs expressed an intention to pursue their claims in the parties' Joint Report filed under Rules 16 and 26 of the Federal Rules of Civil Procedure (ECF No. 103). They identified themselves as witnesses in plaintiffs' initial disclosures. They also propounded requests for production on the USC Defendants. Notwithstanding the fact that they initiated federal putative class actions against the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

USC Defendants, participated in this case for well over a year, and are presently parties, Withdrawing Plaintiffs failed to timely respond to the USC Defendants' interrogatories and requests for production and have refused to engage with the USC Defendants regarding their depositions. But they have not filed a motion for voluntarily dismissal under Rule 41(a) of the Federal Rules of Civil Procedure, much less been dismissed. Instead, Withdrawing Plaintiffs seek dismissal through the proposed FACCAC, which proposes to remove them as named plaintiffs.

It is well-settled that the discovery that the USC Defendants seek from Withdrawing Plaintiffs is relevant to class certification issues and to the USC Defendant's defenses in this ongoing action. The USC Defendants will suffer prejudice or be unfairly affected by being precluded from obtaining relevant information to which they are entitled from parties to this action, and bear the burden and expense of seeking information they have already requested through other discovery devices available for non-parties. To avoid prejudice and unfairness, the Withdrawing Plaintiffs should be ordered to respond to the past due interrogatories and requests for production without objections and provide deposition testimony as a condition to dismissal.

## II. BACKGROUND

Plaintiffs Ivana Saddigh and Gabriel Tabariai joined this action as parties through the filing of the Consolidated Class Action Complaint on August 14, 2020. (ECF No. 55 ["Consolidated Complaint"], at ¶¶ 29-31, 35-37.) Plaintiffs Sonja Joplin and Robert Calvert filed their complaint on October 9, 2020 (Case No. 20-cv-09338-DMG-PVC, ECF No. 1 ["Joplin Complaint"]), and this Court consolidated it with this action on November 9, 2020.[1] (ECF No. 63.) As such, all four of the Withdrawing Plaintiffs have been parties to this action for well over a year.

During this time, the Court decided USC's motion to dismiss, granting it in part and denying it in part. (ECF No. 99.) Plaintiffs Ivana Saddigh and Gabriel Tabariai

[1] While not classified by Plaintiffs as a moving party to the instant motion, named plaintiff Chile Mark Aguiniga Gomez from the Joplin Complaint seeks to be added through amendment to the FACCAC.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

opposed the USC Defendants' motion to dismiss, and plaintiffs relied on their allegations, among others, in avoiding dismissal in part. (*See* ECF Nos. 59, 99.)

Withdrawing Plaintiffs' allegations as to their respective degree programs and student standing are unique compared to the other plaintiffs. (*See* Consolidated Complaint at ¶¶ 14-41 and Joplin Complaint at ¶¶ 6-7.) Plaintiff Ivana Saddigh alleges that she graduated from the USC Gould School of Law in Spring 2020 with an L.L.M. and paid $29,960 in tuition and fees for Spring 2020. (Consolidated Complaint at ¶¶ 29-30.) Plaintiff Gabriel Tabariai alleges that he is majoring in Real Estate Development and expects to graduate in 2022 and that he paid $28,628 in tuition and $1,776 in fees for Spring 2020. (*Id*. at ¶¶ 35-36.) Plaintiff Sonja Joplin alleges that she is a graduate student at USC's Keck School of Medicine and is pursuing her Medical Degree having completed her second year as of Spring 2020. (Joplin Complaint at ¶ 6.) Plaintiff Robert Calvert alleges he is pursuing his bachelor's degree in Economics, and completed his junior year in May 2020. (*Id*. at ¶ 7.)

Withdrawing Plaintiffs each participated in the Rules 16(c) and 26(f) process under the Federal Rules of Civil Procedure and in the preparation and filing of the parties' Joint Report filed on October 8, 2021. (ECF No. 103.) In the Joint Report, the USC Defendants made it clear that they planned to take each of the plaintiffs' depositions. (*Id*. at 8:12-14.)

Withdrawing Plaintiffs made their initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure with the other plaintiffs collectively on November 1, 2021, and in doing so, identified themselves as having discoverable information and as witnesses. (Declaration of Leo P. Norton i/s/o of Defendants' Opposition to Motion for Leave to Amend Complaint ("Norton Decl."), at ¶ 2.) The USC Defendants likewise identified Withdrawing Plaintiffs as having information that may support its claims or defenses in their initial disclosures. (*Id.* at ¶ 3.)

All plaintiffs served the USC Defendants with a first set of requests for production on October 15, 2021. (*Id.* at ¶ 4.) The USC Defendants served each of the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

plaintiffs, including the Withdrawing Plaintiffs, with a first set of interrogatories and first set of requests for production on October 15, 2021. (*Id.* at ¶ 5.) By agreement of the parties, the deadline to respond to the parties' respective written discovery requests was extended to December 31, 2021. (*Id.* at ¶ 6.)

On December 22-23, 2021, in connection with plaintiffs' request that the USC Defendants stipulate to reset the filing deadline and corresponding hearing date for plaintiffs' intended motion for leave to amend the complaint, plaintiffs' counsel advised that certain unspecified plaintiffs may no longer wish to continue as named plaintiffs. (ECF No. 109, at 2:16-23; Norton Decl. at ¶ 7.) The USC Defendants reserved their rights as to depositions of any plaintiffs that would no longer be proceeding as named plaintiffs. (Norton Decl. at ¶ 7.)

On December 31, 2022, the Moving Plaintiffs timely served their responses to the USC Defendants' interrogatories and requests for production, but the Withdrawing Plaintiffs did not. (*Id.* at ¶ 8.) Withdrawing Plaintiffs' failure to serve responses implicitly identified them as the named plaintiffs that no longer desired to proceed in that capacity. Subsequently, the parties met and conferred over the instant motion and proposed FACCAC, and the USC Defendants stated their position that they were amenable to plaintiffs receiving leave to amend the complaint, subject to and conditioned on the Withdrawing Plaintiffs responding to the now past due interrogatories and requests for production and receiving deposition testimony from them before the close of fact discovery. (*Id.* at ¶ 9.) The USC Defendants also requested deposition dates for the Withdrawing Plaintiffs. (*Id.*) Plaintiffs did not agree, opting instead to file the instant motion, and did not provide deposition dates for the Withdrawing Plaintiffs. (*Id.*) Accordingly, the USC Defendants served deposition notices for the Withdrawing Plaintiffs on January 13, 2022 for depositions to occur in March 2022. (*Id.* at ¶ 10.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4

DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

## III. DISMISSAL OF PLAINTIFFS IVANA SADDIGH, GABRIEL TABARIAI, SONJA JOPLIN, AND ROBERT CALVERT SHOULD BE CONDITIONED ON RESPONDING TO OUTSTANDING WRITTEN DISCOVERY AND BEING DEPOSED

"Pursuant to Federal Rule of Civil Procedure 41(a)(2), after an opposing party has answered, an action may be dismissed at the plaintiff's request only by the court, on terms that the court considers proper." *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 628 (C.D. Cal. 2011); *see also In re Wellbutrin XL Antitrust Lit.*, 268 F.R.D. 539, 543 (E.D. Pa. 2010) ("Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that an action may be dismissed upon order of the Court, 'on terms that the court considers proper.'"). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.,* 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). "Terms and conditions are generally imposed by the district court under Rule 41(a)(2) for the protection of the defendant from such prejudice." *In re Wellbutrin XL Antitrust Lit.*, 268 F.R.D. at 543 (citing 9 Wright & Miller, *Federal Practice and Procedure,* § 2366 (3d ed.2008)). Courts have imposed a wide variety of terms and conditions, including completion of outstanding discovery and providing deposition testimony. *See, e.g., In re Wellbutrin XL Antitrust Lit.*, 268 F.R.D. at 544 (requiring completion of outstanding written discovery before allowing dismissal); *Mashek v. Silberstein*, 20 F.R.D. 421, 422 (S.D.N.Y. 1957) (compelling deposition before granting voluntary dismissal).

It is axiomatic USC is entitled to take discovery from a party on a matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1), 30(b)(1), 33, 34; *see, e.g.*, *Dysthe*, 273 F.R.D. at 628 ("Defendants are certainly entitled to take the deposition of a party"). Plaintiffs Saddigh, Tabariai, Joplin, and Calvert were parties at the time USC served them with interrogatories, requests for production, and depositions notices, and are currently parties in this action. Further, since at least the Joint Report filed on October 8, 2021, the USC Defendants have made

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5

DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

it clear that they planned to take each of the plaintiffs' depositions. (ECF No. 103, at 8:12-14).

Withdrawing Plaintiffs' interrogatory responses, documents, and deposition testimony are relevant to class certification issues, including, among other issues, commonality and typicality, as well as the USC Defendants' affirmative defenses. *Dysthe,* 273 F.R.D. at 627 (finding that deposition testimony of a named plaintiff seeking to withdraw as a party was relevant to class certification issues, including commonality and typicality); *Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.*, No. 09-cv-02757, 2011 WL 5865059, at *2 (D. Co. Nov. 22, 2011) (same); *Fraley v. Facebook Inc.*, No. C 11-1726, 2012 WL 555071, at *3 (N.D. Cal. Feb. 21, 2012) (denying motion for protective order and ordering deposition of named plaintiff seeking to be dismissed because testimony was relevant to Facebook's class certification opposition and ongoing defense notwithstanding the presence of other remaining named plaintiffs).

The USC Defendants will be prejudiced and unfairly impacted by dismissal without conditions because Withdrawing Plaintiffs are preventing the USC Defendants from accessing information to which they are entitled through the interrogatories, requests for production, and deposition notice they served during the discovery period. The prejudice and unfair impact are the loss of relevant information and the burden of seeking the information they already requested through other means, such as third-party discovery, which involves additional delay, expense, and other issues not attendant with party discovery. Withdrawing Plaintiffs' allegations are also unique compared to the Moving Plaintiffs as they pursued different degree programs from different schools than the Moving Plaintiffs. *See Colorado Cross-Disability Coalition*, 2011 WL 5865059 at *2 (noting unique status in litigation as relevant); *Fraley,* 2012 WL 555071 at *2-*3 (noting relevance of unique allegations compared to remaining plaintiffs).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC

Withdrawing Plaintiffs' desire to no longer proceed as named plaintiffs does not in any way impact USC's right to take discovery from them for three independent reasons.

First, they have not yet been dismissed from this case and are presently parties to this action. *See Dysthe*, 273 F.R.D. at 628-29; *Colorado Cross-Disability Coalition*, 2011 WL 5865059 at *2; *Fraley,* 2012 WL 555071 at *2-*3.

Second, district courts reject attempts by plaintiffs in class actions to use their desire to be removed as plaintiffs and to instead proceed as unnamed class members as grounds to avoid responding to discovery served on them before dismissal. *See, e.g., In re Vitamins Antitrust Litigation,* 198 F.R.D. 296, 304-05 (D.D.C. 2000) (finding the avoidance of a discovery obligation to be "largely inadequate" as a ground for a motion for voluntary dismissal and to be "somewhat indicative of bad faith" in conditioning dismissal on responding to outstanding discovery); *In re Wellbutrin XL Antitrust Lit.*, 268 F.R.D. at 544 (finding "avoidance of an adverse discovery ruling, however, is not a compelling grounds for dismissal without prejudice" in conditioning dismissal on responding to outstanding discovery); *see also* 273 F.R.D. at 629-30 (finding plaintiff "is therefore highly likely to be relevant to class certification issues . . . even if he no longer wishes to be burdened with this litigation"); *Colorado Cross-Disability Coalition,* 2011 WL 5865059 at *2 (finding plaintiff's "decision to withdraw from the litigation does not affect Defendants' entitlement to take his deposition"); *Fraley,* 2012 WL 555071 at *3 ("the court must conclude that Fraley's legitimate desire to protect her privacy does not outweigh the relevance or propriety of Facebook proceeding to take Fraley's deposition . . . . by agreeing to be a class representative, she understood that she would have to participate in discovery and provide testimony").

Third, under Rule 41(a) of the Federal Rules of Civil Procedure, the Court may condition dismissal on completion of discovery served when Withdrawing Plaintiffs were parties to the action. *See In re Wellbutrin XL Antitrust Lit.*, 268 F.R.D. at 544 (requiring completion of outstanding discovery before allowing dismissal); *Mashek*, 20

Cooley LLP
Attorneys At Law
San Diego

7

**Defendants' Opposition to Motion for Leave to Amend
Case No. 2:20-cv-4066-DMG-PVC**

F.R.D. at 422 (compelling deposition before granting voluntary dismissal). Even if they are ultimately dismissed, USC would still be entitled to their depositions as percipient witnesses given their participation in the litigation to date and unique status and allegations. *See Dysthe*, 273 F.R.D. at 629-30 (compelling deposition of named plaintiff who was seeking to withdraw as a percipient witness even if dismissed at some later date); *Colorado Cross-Disability Coalition,* 2011 WL 5865059 at *2 (finding "ample grounds to support" mandating deposition of named plaintiff even if he is dismissed and becomes an unnamed class member before the deposition takes place).

To avoid prejudice and unfairness to the USC Defendants in opposing Moving Plaintiffs' motion for class certification and in the ongoing defense of this action, the Withdrawing Plaintiffs should be ordered to respond to the USC Defendants' interrogatories and requests for production and to provide deposition testimony pursuant to the USC Defendants' deposition notices.[2]

## IV. CONCLUSION

For the foregoing reasons, conditions should be imposed on the dismissal of Plaintiffs Ivana Saddigh, Gabriel Tabariai, Sonja Joplin, and Robert Calvert in the form of an order requiring them to respond to the USC Defendants' outstanding discovery.

Dated: January 21, 2022

COOLEY LLP

/s/ *Leo P. Norton*
Leo P. Norton (216282)

Attorneys for Defendants
THE UNIVERSITY OF SOUTHERN CALIFORNIA and THE BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA

[2] The USC Defendants remain willing to reschedule the depositions from the dates noticed to mutually agreed upon dates before the close of fact discovery.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8

DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 2:20-CV-4066-DMG-PVC