1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Case No. 2:20-cv-4066-DMG-PVCx<br><br>**STIPULATED PROTECTIVE ORDER** |

1. **INTRODUCTION**

      1.1    Purposes and Limitations.  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

      1.2    Good Cause Statement.  Good cause exists to protect such confidential, propriety, or private information.  Plaintiffs, who are current or former students at the University of Southern California, seek damages or restitution relating to the transition from in-person education to remote education as a result of the COVID-19 pandemic.  Information that is believed to be confidential and proprietary in this case that will likely be the subject of discovery in this putative class action case includes, among other things, university financial information about costs and pricing of education, internal deliberations and strategic decision-making information, and personal and private information of student individuals, including academic, professional, financial, and identifying information ("Protected Material").  Disclosure of Protected Material could potentially result in competitive harm to the University of Southern California and harm to student individuals through the disclosure of confidential, proprietary, and private information, including student education records protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.  A two-tiered protective order is necessary in this case because discovery is likely to involve personal, private, or strategic information that, if disclosed to the opposing parties could create a substantial risk of serious harm due to improper disclosure of financial or confidential information, including student education records protected by FERPA.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>:    Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of an opposing Party or of an opposing Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information would include personally identifying information of third parties, academic, financial, and/or personal information about Non-Party students, information that would place the University of Southern California at a competitive disadvantage as to other universities or competitors, and non-public financial information.

2.8    <u>House Counsel</u>:   attorneys who are full-time, part-time, or contracted employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the

level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

(b) for testimony given in deposition or other pretrial or trial proceedings that the Designating Party either (1) identify on the record or (2) identify, in writing, within 21 days of receipt of the final transcript, that the transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

Parties shall give the other parties notice if they reasonably expect a deposition or other pretrial or trial proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that was not designated

on the record shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in its entirety.  After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

5.3    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time.

6.2    <u>Meet and Confer</u>.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging

Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality promptly and within 30 days of the initial notice of challenge.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion within 30 days shall automatically waive their challenge to the confidentiality designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (this includes any of the named Plaintiffs in this litigation);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before being shown or given any CONFIDENTIAL Information or Items, and provided that if the Expert is or was employed by the opposing Party or one of its competitors within the last two years, the Receiving Party shall notify the Designating Party before disclosing any CONFIDENTIAL Information or Items to that Expert, and shall give the Designating Party an opportunity to move for a protective order within 14 days preventing or limiting such disclosure;

(d) the Court and its personnel;

(e) court reporters and videographers, and their respective staff;

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses and attorneys for witnesses in the action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any CONFIDENTIAL Information or Items unless otherwise agreed by the Designating Party or as ordered by

the Court.[1]  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions; and

(j) any court exercising appellate jurisdiction over this dispute, and its personnel.

7.3   Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, HIGHLY CONFIDENTIAL Information or Items shall be treated in the same manner as CONFIDENTIAL Information or Items pursuant to Paragraph 7.2 above, except that they shall not be disclosed to individual parties or directors, officers, or employees of a Party other than House Counsel of a Party, unless such individuals qualify to view such information under Paragraph 7.2(c), above.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

---

[1] The parties agree that they will work cooperatively and in good faith to obtain a signed Exhibit A from Non-Party or Party (as necessary) witnesses prior to or at the start of each deposition.  In the event a Non-Party or Party witness refuses to sign Exhibit A: (i) the parties may agree to proceed with the deposition, including the disclosure of Protected Material to the witness; or (ii) the deposing party may choose to end the deposition and seek an appropriate Court order.

1    (b) promptly notify in writing the party who caused the subpoena or order

2    to issue in the other litigation that some or all of the material covered by the subpoena

3    or order is subject to this Protective Order.  Such notification shall include a copy of

4    this Stipulated Protective Order; and

5    (c) cooperate with respect to all reasonable procedures sought to be

6    pursued by the Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with the

8    subpoena or court order shall not produce any information designated in this action as

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

10   before a determination by the court from which the subpoena or order issued, unless the

11   Party has obtained the Designating Party's permission.  The Designating Party shall

12   bear the burden and expense of seeking protection in that court of its confidential

13   material and nothing in these provisions should be construed as authorizing or

14   encouraging a Receiving Party in this action to disobey a lawful directive from another

15   court.

16   8.2   The provisions set forth herein are not intended to, and do not, restrict in

17   any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

18   9.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED</u>

19   <u>IN THIS LITIGATION</u>

20   (a)   The terms of this Order are applicable to information produced by a Non-

21   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL - ATTORNEYS' EYES ONLY".  Such information produced by

23   Non-Parties in connection with this litigation is protected by the remedies and relief

24   provided by this Order.  Nothing in these provisions should be construed as prohibiting

25   a Non-Party from seeking additional protections.  A copy of this Order shall be served

26   with any subpoena to a Non-Party.

27   (b)   In the event that a Party is required, by a valid discovery request, to

28   produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

       2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

     (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days after receiving the notice and accompanying information (except as otherwise set forth in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, in which case the provisions of such agreement shall control), the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE   PROTECTED MATERIAL</u>

(a)    When a Producing Party gives notice to Receiving Parties that produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and as set forth herein.

(b)    A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or attorney work product shall be returned or destroyed immediately by the Receiving Party if such information appears on its face to have been inadvertently produced or if requested.  After being notified, a Receiving Party must promptly return or destroy the specified information until the claim is resolved.

(c)    Nothing contained herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.  In making its challenge the Receiving Party shall not reference the content of the produced information or material.  The Receiving Party shall refrain from distributing or otherwise using the disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.

(d)    If the Receiving Party wishes to challenge the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation, the Receiving Party must inform the Producing Party or Non-Party within three (3) business days of receipt of the notice of the assertion of privilege or protection over the produced material.  Within seven (7) business days of receiving such challenge notice, the Producing Party or Non-Party must meet and confer with the Receiving Party.  If the meet and confer is unsuccessful, the Receiving Party must file a motion challenging the privilege assertion within seven (7) business days of either Party notifying the other that

the meet and confer process has reached an impasse.  If the Receiving Party decides not to file a motion challenging the privilege assertion, it must destroy (and certify such destruction) or return the produced material by seven (7) business days following receipt of the notice of the assertion of privilege or protection or seven (7) business days of either Party notifying the other that meet and confer process has reached an impasse, whichever is later.  If the Receiving Party files a motion challenging the privilege assertion and it is not successful, the Receiving Party shall have seven (7) business days to certify the destruction or return of the produced material.  The parties may extend the deadline set forth in this paragraph only by mutual agreement.

(e)    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

(f)    The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Rule 502(b) do not apply.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested

13

persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4.

FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: January 31, 2022

HON. PEDRO V. CASTILLO
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation*, Case No. 2:20-cv-040660-DMG-PVC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____
Title: _____
Address: _____
Signature: _____
Date: _____