1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

*In re University of Southern California Tuition and Fees COVID-19 Refund Litigation*

Case No. 2:20-cv-4066-DMG-PVCx

**STIPULATED ORDER FOR THE PRODUCTION OF DOCUMENTS AND ESI**

**AGREED ORDER FOR PRODUCTION OF DOCUMENTS AND ESI**

Plaintiffs Plaintiffs Injune David Choi, Christina Diaz, J. Julia Greenberg, Justin Kerendian, Latisha Watson, Chile Mark Aguiniga Gomez and defendants University of Southern California and the Board of Trustees of the University of Southern California, by and through their counsel, stipulate and agree as to the production of documents and ESI as follows:

**1.      Reasonably Accessible ESI**

Following the Federal Rules of Civil Procedure and the principles of reasonableness and proportionality in the Sedona Conference Principles, each Party will conduct a diligent search of reasonably accessible sources in which it has reason to believe relevant ESI responsive to the opposing Party's discovery requests will be found.

**2.      Definitions**

The following definitions apply to this Order:

**A.      "Database"** means an electronic collection of structured data (often maintained in a non-custodial manner).

**B.      "ESI"** or **"Electronic Document"** means electronically stored information as defined in FRCP 34 and refers to information stored in electronic form including word processing files (*e.g.*, Microsoft Word), computer presentations (*e.g.*, Microsoft PowerPoint), databases, spreadsheets (*e.g.*, Microsoft Excel) and email, together with the metadata associated with each such document.

**C.      "Extracted Text"** refers to the result of the process by which content of an Electronic Document is gleaned and extracted during e-discovery processing.

**D.      "Native Format"** means the default format of a data file created by its associated software program.  For example, Microsoft Excel produces its output as '.xls' files by default, which is the Native Format of Excel.  Microsoft Word produces native files with a '.doc' extension, which is the Native Format of Word.

1    **E.** **"Optical Character Recognition"** or **"OCR"** refers to the result of the

2    process by which a hard copy or non-searchable Electronic Document is analyzed by a

3    computer for the purposes of gleaning text from the face of the document.

4    **F.** **"Privileged Information**" refers to information subject to a claim of

5    attorney-client privilege, work-product protection, or other privilege or immunity.

6    **G.** **"Producing Party"** means any Party to this proceeding who produces

7    documents or information under this Order.

8    **H.** **"Receiving Party"** means any Party to this proceeding who receives

9    documents or information under this Order.

10   **3.** **Production Format**

11   In general, documents will be produced as Bates-stamped tagged image file

12   format ("TIFF") images accompanied by an image load file, a data load file with fielded

13   metadata, document-level extracted text for ESI, and OCR text for scanned hard copy

14   documents and ESI that does not contain extractable text.  All documents in the

15   production shall be assigned a unique Bates number (or Bates numbers in the case of

16   multi-page documents) that maintains a constant length of digits, padded after an alpha

17   prefix, and remains sequentially numbered across the entire production.  Detailed

18   requirements, including files to be delivered in native format, are below.

19   **A.** **De-duplication.**  At minimum, the parties will use industry standard

20   MD5 or SHA-1 hash values to globally de-duplicate all files identified for production.

21   Loose efiles will not be compared to email attachments for de-duplication purposes.

22   The Producing Party need only produce a single copy of a standalone, loose efile,

23   however, all documents within an organized group of documents (*e.g.*, an email with

24   attachments), duplicate or otherwise, shall be maintained and produced so as to

25   preserve family relationships.  Hard copy documents containing handwritten notes

26   will not be considered as duplicative of any other document.

27   **B.** **Document Unitization.**  Where documents with attachments are

28   produced, they will be attached in the same manner as included in the original file.

1    Where documents are produced and all attachments thereto are not included, the

2    parties will identify the missing attachments by means of a "place holder" file.

3    Documents that are segregated or separated from other documents, whether by

4    inclusion of binders, files, dividers, tabs, clips or any other method, will be produced

5    in a manner that reflects these divisions.

6        **C.    Production Delivery.**  Productions shall be delivered via secure online

7    data transfer or on an external hard drive if the size of a production makes online

8    transfer impractical.

9        **D.    Encryption.**  To maximize the security of information in transit, the

10   Parties shall encrypt any media on which documents are produced.  In such cases, the

11   Producing Party will transmit the encryption key or password and applicable

12   instructions to the Receiving Party, upon receipt of the encrypted media.

13       **E.    TIFF Image Requirements.**

14       **i.**    TIFF images will be produced in black and white, 300 x 300 dpi

15   Group IV single-page format, and will be consecutively Bates-stamped and

16   stamped with any confidentiality designation.

17       **ii.**    In the event of any discrepancy between the confidentiality

18   designation stamped on the TIFF image and the confidentiality designation

19   provided in the metadata, the higher designation shall control until the

20   producing party corrects the discrepancy by providing either a corrected

21   metadata overlay or a new production TIFF image.

22       **iii.**    Images will include the following content where present:

23       **a.**    For word processing files (*e.g.*, Microsoft Word):
     Comments, "tracked changes," similar in-line editing and all
24   hidden content.

25       **b.**    For presentation files (*e.g.*, Microsoft PowerPoint):
26   Speaker notes, comments and all other hidden content.

27       **c.**    For spreadsheet files (*e.g.*, Microsoft Excel – if
28   applicable): Hidden columns, rows, and sheets; comments, and

STIPULATED ORDER RE PRODUCTION OF
DOCUMENTS AND ESI
CASE NO. 2:20-CV-4066-DMG-PVC

"tracked changes" and any similar in-lineediting or hidden content.

**F.     Native Production Requirements.**

i.      Spreadsheet files (*e.g.*, Microsoft Excel and .csv files) shall be provided in native format.

      **a.**     In lieu of a full TIFF image version of each spreadsheet file, a single placeholder image bearing the relevant bates number and confidentiality designation will be produced. In the event of any discrepancy between the confidentiality designation stamped on the TIFF image and the confidentiality designation provided in the metadata, the higher designation shall control until the producing party corrects the discrepancy by providing either a corrected metadata overlay or a new production TIFF image.

      **b.**     When redaction of a spreadsheet is necessary in image format, a redacted full TIFF version may be produced provided that the spreadsheet is manually formatted for optimal printing. If the spreadsheet requiring redaction is not reasonably useable in TIFF format, the parties will meet-and-confer to determine a suitable production format.

ii.     Media files (e.g. .mp3, .wmv, etc.) will be produced in native format.

iii.    The parties will meet-and-confer to discuss a suitable production format for any proprietary or non-standard file types that require special software or technical knowledge for review.

iv.     The parties will meet-and-confer to discuss a suitable production format for any databases or database reports.

v.      The parties may request native or color copies of any documents that cannot be accurately reviewed in black and white TIFF format. Reasonable requests for native or color documents should not be refused.

STIPULATED ORDER RE PRODUCTION OF
DOCUMENTS AND ESI
CASE NO. 2:20-CV-4066-DMG-PVC

**G.    Load File Requirements.**

        **i.**    A Concordance compatible data load file should be provided with each production volume and contain a header row listing all metadata fields included in the production volume.

        **ii.**    Image load files should be produced in Concordance/Opticon compatible format.

**H.    Extracted Text/OCR Requirements.**

        **i.**    Electronically extracted text must be provided if available for documents collected from electronic sources. Text generated via OCR will be provided for all documents that do not contain electronically extractable text (e.g. non-searchable PDF files or JPG images) and for redacted and hard copy documents. The parties agree not to degrade the searchability of documents as part of the document production process.

        **ii.**    Document text will be produced as separate, document-level text files and will not be embedded in the metadata load file.

        **iii.**    Text files should be named according to the beginning bates number of the document to which they correspond.

        **iv.**    If a document is provided in native format, the text file should contain the extracted text of the native file.

**I.    Metadata.**  The parties agree to produce the metadata fields listed in Appendix A where applicable.  Aside from metadata fields generated during e-discovery processing and production (e.g., Bates numbers, hash and custodian values, etc.),  the Producing Party is not obligated to create or manually code metadata fields from a document where metadata does not exist in the document, or if the metadata is not machine-extractable.

**4.    Documents Protected from Discovery**

**A.    Review and Redaction.**    Documents containing both Privileged Information and responsive non-Privileged Information will be produced with the

5

Privileged Information redacted in such a way as to show the location of the redaction within the document.

**B.     Non-Waiver.**  Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require disclosure of Privileged Information. The parties will not conduct an inquiry under FRE 502(b) to determine whether information was produced inadvertently. Instead, the Parties will determine inadvertence solely based on the good faith representation of the Producing Party. Nothing herein shall prevent the Receiving Party from challenging the propriety of the privileged designation of any information by submitting a challenge to the Court.

**C.**     Fed. R. Civ. P. 26(b)(5)(B) governs the proper procedure for the notification and return of Privileged Information when identified by the Producing Party.

**D.**     If a Receiving Party identifies information that appears on its face to be Privileged Information, the Receiving Party is under a good-faith obligation to notify that Producing Party. Such notification shall not waive the Receiving Party's ability to subsequently contest any assertion of privilege or protection with respect to the information.

**E.     Logging Procedures.**

**i.**     Documents withheld or redacted based upon a claim of privilege (or subject to a recognized immunity from discovery) shall be included on a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A).

**ii.**     The parties will not be required to log privileged communications or attorney work product dated after March 19, 2020, or privileged communications occurring solely between the parties' respective employees and inside or outside counsel or solely between counsel.

**5.** **Miscellaneous Provisions**

    **A.**    This Order shall have no effect on any producing Party's right to seek reimbursement for costs associated with collection, review, or production of documents or ESI.

    **B.**    This Order shall not be interpreted to require disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

    **C.**    This Order shall not be interpreted to require production of irrelevant information or disclosures beyond those required by the Federal Rules of Civil Procedure.

FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: February 25, 2022

_____
HON. PEDRO V. CASTILLO
United States Magistrate Judge

STIPULATED ORDER RE PRODUCTION OF
DOCUMENTS AND ESI
CASE NO. 2:20-CV-4066-DMG-PVC

1
2

**APPENDIX A**
**METADATA FIELDS**

3

| Field | Comments |
|---|---|
| BEGBATES | Beginning Bates number |
| ENDBATES | Ending Bates number |
| BEGATTACH | Bates number of the first page of a family range |
| ENDATTACH | Bates number of the last page of a family range |
| PARENTID | Bates Number of Parent document |
| FILEEXTENSION | Original file extension as the document was maintained in the ordinary course of business |
| DOCTITLE | Document title as stored in file metadata |
| DOCUMENT SUBJECT | Any value populated in the Subject field of the document properties |
| CUSTODIAN | Custodian full name |
| AUTHOR | Document author information for non-email |
| FROM | The name and SMTP email address of the sender included in the "From" line of an email |
| LASTMODIFEDBY | Document Last Author information for non-email |
| TO | The name and SMTP email address of all recipients included in the "To" line of an email |
| CC | The name and SMTP email address of all recipients included in the "Cc" line of an email |
| BCC | The name and SMTP email address of all recipients included in the "Bcc" line of an email |
| EMAIL SUBJECT | Email Subject |
| DATETIMECREATED | File date and time created MM/DD/YYYY HH:MM AM/PM |

| DATETIMEMODIFIED | File date and time modified MM/DD/YYYY HH:MM AM/PM |
|---|---|
| DATETIMESENT | Email date and time sent MM/DD/YYYY HH:MM AM/PM |
| DATETIMERECEIVED | Email date received. MM/DD/YYYY HH:MM AM/PM |
| FILENAME | Name of the file as maintained in the ordinary course of business with extension. |
| MD5HASH | Computer-generated MD5 Hash value for each document |
| MESSAGE ID | Message identifier created by email application and extracted from metadata |
| MESSAGE CLASS | Type of item from an email client (e.g., email, contact, calendar, etc.) |
| CONFIDENTIALITY | Confidential designation of document |
| TEXTPATH | Path to the corresponding text file for each record on the delivery media, including filename |
| NATIVEPATH | Path to the native-format file corresponding to each record on the delivery media, including the file name (if a native-format file is provided) |

STIPULATED ORDER RE PRODUCTION OF
DOCUMENTS AND ESI
CASE NO. 2:20-CV-4066-DMG-PVC