UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **1** of **13** |

Present: The Honorable    DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT [221] [224] [290] [291]**

Before the Court are the parties' cross-motions for summary judgment. [Doc. ## 221 ("DMSJ"), 224 ("PMSJ").] Both motions are fully briefed. [Doc. ## 236 ("Opp. to DMSJ"), 239 ("Opp. to PMSJ"), 248 ("PMSJ Reply"), 249 ("DMSJ Reply").] For the following reasons, the Court **DENIES** Plaintiffs' MSJ and **GRANTS in part** and **DENIES in part** USC's MSJ.

**I.
PROCEDURAL BACKGROUND**

Plaintiffs Injune David Choi, Christina Diaz, Chile Mark Aguiniga Gomez, J. Julia Greenberg, Justin Kerendian, and Latisha Watson filed their First Amended Consolidated Class Action Complaint on May 5, 2022, asserting the following claims against Defendants University of Southern California and The Board of Trustees of the University of Southern California (collectively, "USC"): (1) breach of implied contract, (2) restitution based on quasi-contract, and (3) violation of the unfair prong of California's Unfair Competition Law ("UCL"). [Doc. # 126 ("FAC").]

On September 29, 2023, the Court granted USC's motion for judgment on the pleadings as to Plaintiffs' breach of contract claim based on USC's impossibility defense. In the same Order, the Court also granted Plaintiffs' motion for class certification as to their remaining quasi-contract and UCL claims and certified the following class: "All students who paid or were obligated to pay tuition, fees, or other costs to the University of Southern California for the Spring 2020 academic term." [Doc. # 213 ("Sept. 29, 2023 Ord.") at 44.][1] The parties now move for summary judgment on one or both of Plaintiffs' remaining claims.

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **2** of **13** |

## II.
## FACTUAL BACKGROUND[2]

USC is a private, nonprofit university located in Los Angeles, California.[3] FAC ¶ 33. Plaintiffs and the Class Members were all students at USC during the Spring 2020 semester when USC transitioned from in-person education to online education due to the COVID-19 pandemic and the related local and statewide stay-at-home orders. DSUF ¶¶ 1, 3–10. Watson was a graduate student in USC's social work program during Spring 2020, but the other named Plaintiffs were undergraduate students. *Id.* ¶ 2. USC offers some fully online graduate programs, which it did prior to the pandemic as well, but it does not offer an online undergraduate program. DSUF ¶ 28.

Once courses moved online, USC continued to provide students with remote classes as well as other educational resources, such as at-home lab kits. RGD ¶ 12. Whether the USC student body was satisfied with the Spring 2020 semester is a heavily disputed fact. *Compare, e.g.*, DSUF ¶ 14 (stating that course surveys for Spring 2020 were similar to, or higher than, ratings for Spring 2019), ¶ 25 (noting that Fall 2020 enrollment rates did not drop) *with, e.g.*, PSUF ¶ 13 (explaining how students "lost access" to many campus resources and benefits), ¶ 14 (describing petitions requesting refunds for Spring 2020 tuition). The financial impact of the Spring 2020 semester on USC also is heavily disputed. RGD ¶ 16; *compare, generally*, Declaration of Daniel J. Kurowski, Ex. 7 ("Singer Report") [Doc. # 236-9] *with, generally*, Declaration of John L. Hansen, Ex. A ("Hansen Report") [Doc. # 244].

All named Plaintiffs successfully completed their Spring 2020 semesters. RGD ¶ 12. In April 2020, USC announced that it would not provide tuition refunds, in part or in whole, for the Spring 2020 semester, but it did provide pro-rated housing and meal plan fee refunds to eligible students. *Id.* ¶¶ 15, 17. Choi graduated in May 2020 and the other named Plaintiffs continued at

---

[2] The facts in this section are uncontroverted, unless otherwise stated. Many of the parties' purportedly disputed facts are not in fact controverted by evidence, and the Court therefore cites to them as uncontroverted facts. Facts are drawn from USC's Statement of Undisputed Facts [Doc. # 221-2 ("DSUF")], Plaintiffs' Separate Statement of Undisputed Facts [Doc. # 224-2 ("PSUF")], Plaintiffs' Statement of Genuine Disputes [Doc. # 236-1 ("PSGD")], USC's Statement of Genuine Disputes [Doc. # 239-1 ("DSGD")], and each side's responses thereto [Doc. # 249-1 ("RGD")]. The Court has reviewed the entire record but discusses only the uncontroverted material facts that affect its analysis.

[3] The Court provided a detailed description of this case's factual background in its Sept. 29, 2023 Order and hereby incorporates that description by reference. The Court will provide only an abbreviated summary of the facts relevant to this Order here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **3** of **13** |

USC and graduated on time in later semesters. *Id.* ¶ 12. USC raised its tuition prices by approximately 3.5% for the Fall 2020 semester, but enrollment rates remained steady. *Id.* ¶ 25.

### III.
### LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (*en banc*) ("Rule 56 requires the parties to set out facts they will be able to prove at trial."). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "Rather, it draws all inferences in the light most favorable to the nonmoving party." *Id.*

### IV.
### DISCUSSION[4]

USC moves for summary judgment on Plaintiffs' remaining quasi-contract and UCL claims. In the alternative, USC moves for partial summary judgment on both claims as to Plaintiff

---

[4] The Court has reviewed USC's evidentiary objections. [Doc. ## 239-2, 249-2.] To the extent the Court does not address any USC's objections, it is because the Court did not rely on the objected-to evidence in reaching its ruling. Any objections to such evidence are **OVERRULED as moot**. Otherwise, the Court will address any pertinent evidentiary objections throughout this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|

| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **4** of **13** |
|---|---|---|---|

Watson and the graduate student class members and for dismissal without prejudice of Plaintiffs' UCL claim.  Plaintiffs move for summary judgment on their quasi-contract claim.

**A.      Claim II:  Quasi-Contract**

Quasi-contract claims require the plaintiff to show "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense."  *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017) (citing *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008)).  "The fact that one person benefits another is not, by itself, sufficient to require restitution . . . .  The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 684 (9th Cir. 2009) (citing *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657 (1992) (emphasis in *Perry*)).

**1.      *Berlanga* is not dispositive of the parties' cross-motions for summary judgment.**

As a preliminary matter, the California Court of Appeal's decision in *Berlanga v. University of San Francisco,* 100 Cal. App. 5th 75 (2024), does not control the outcome of the cross-MSJs currently before this Court.  The Court recently considered the impact of the *Berlanga* decision in another similar action—*In re Pepperdine University Tuition and Fees COVID-19 Refund Litigation*, No. CV 20-4928-DMG (KSx) (C.D. Cal. Mar. 31, 2025)—and incorporates herein by this reference the analysis and reasoning included in that Order.  *See In re Pepperdine*, No. CV 20-4928-DMG (KSx) [Doc. # 183 ("Order re Defendant's Motion for Reconsideration")].  For the same reasons as described in that Order, the Court finds *Berlanga* factually distinguishable from this case and non-dispositive of Plaintiffs' quasi-contract and UCL claims.

**2.      Triable issues of fact exist concerning whether USC's retention of Plaintiffs' Spring 2020 tuition was "unjust."**

First, there is no meaningful dispute as to whether USC received a benefit from Plaintiffs—it received Plaintiffs' tuition.  To the extent that USC claims that the benefit was negligible because USC expended more resources than it gained from Plaintiffs during the Spring 2020 semester, the Court will consider that contention as part of the "unjust" prong of the quasi-contract claim.

"Unjust enrichment," or restitution, has become understood to "include not only the restoration or giving back of something to its rightful owner, but also compensation,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-4066-DMG (PVCx) | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | 5 of 13 |

reimbursement, indemnification, or reparation for benefits derived from, or for loss or injury caused to, another." *Dinosaur Dev., Inc. v. White*, 216 Cal. App. 3d 1310, 1314–15 (1989). Courts may take into account policy considerations when determining whether it is "unjust" for a party to retain a benefit. *First Nationwide*, 11 Cal. App. 4th at 1663. These considerations include but are not limited to: whether the benefit was given due to mistake, whether it is desirable to allow the receiving party to retain the benefit, and whether it is customary to have the party bestowing the benefit incur the loss. *See id.*; *Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 947–48 (C.D. Cal. 2022).

USC emphasizes in its MSJ that USC: (1) was required, under the local and statewide stay-at-home orders, to transition to online education, (2) included a reservation of rights clause in its course catalog, (3) "expended approximately $40 million in additional costs and experienced a total loss of approximately $100 million in increased costs and decreased revenues" during Spring 2020, and (4) kept students on track for graduation in spite of the remote environment. *Id.* at 15–16. Other than listing out these facts and then stating, in a conclusory fashion, that "[t]hese undisputed facts are fatal to Plaintiffs' claims because they show that USC did not engage in unjust retention or an unfair business practice," USC provides no meaningful explanation for *why* these facts should be dispositive of Plaintiffs' quasi-contract and UCL claims. USC suggests that its retention of the entirety of Plaintiffs' Spring 2020 tuition was not unjust because "any purported injury [to Plaintiffs from the transition to online instruction] was insubstantial or Plaintiffs and the Class received benefits that outweighed any purported injury," but it provides no in-circuit case authority to support the proposition that these are dispositive facts as a matter of law. *See* DMSJ at 17.

Whether USC was "unjustly enriched" is not merely a question of whether USC made a profit during the Spring 2020 semester. "Enrichment" comes in many shapes, any of which may be unjust. *See* Restatement (Third) Restitution and Unjust Enrichment § 1, cmt. d ("[T]he benefit that is the basis of a restitution claim may take any form, direct or indirect. It may consist of services as well as property. A saved expenditure or a discharged obligation is no less beneficial to the recipient than a direct transfer."). USC received the same amount of money as it would have for a fully in-person semester, but according to Plaintiffs, was discharged of its obligation to provide an education that was equal in value and quality. Thus, whether USC fulfilled its obligations to students is a disputed material fact inappropriate for resolution on summary judgment.

USC relies upon two out-of-circuit decisions in support of its MSJ: *Dixon v. University of Miami*, 75 F.4th 1204 (11th Cir. 2023) and *Burt v. Board of Trustees of University of Rhode Island*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **6** of **13** |

84 F.4th 42 (1st Cir. 2023). In *Dixon* and *Burt*, the district courts granted summary judgment in favor of the universities on the student classes' unjust enrichment claims, and the Eleventh and First Circuits, respectively, affirmed those decisions. Not only are these decisions not binding upon this Court, but the Court also finds them distinguishable from this case in both law and fact.

First, neither decision concerns California contract law—*Dixon* interprets Florida contract law, and *Burt* interprets Rhode Island contract law. Under Florida law, "an unjust enrichment claim cannot exist where payment has been made for the benefit conferred." *Dixon*, 75 F.4th at 1211 (quoting *Murphy v. Pakauski*, 357 So. 3d 149, 152 (Fla. Dist. Ct. App. 2023) (internal quotations omitted)). Thus, Dixon's unjust enrichment claim was barred, as a matter of law, by the fact that she *voluntarily chose* to continue her courses online during Fall 2020 even though she was given the choice to return to campus. *Id.* USC does not offer an analogous statute under California law and, regardless, USC students were not presented with a choice similar to the one given to students in *Dixon*. Although Plaintiffs theoretically could have chosen to disrupt their progress towards their degrees by withdrawing from school for the Fall 2020 semester, the choice between doing that or continuing their education, *despite* USC's 3.5% increase in tuition, is not comparable to the simple choice between a remote or in-person semester. *See id.* (describing the choice given to students as "an arm's-length transaction").

*Burt* is similarly unavailing for USC. In *Burt*, the university offered "uncontradicted" evidence about the services it continued to provide to students during Spring 2020, and the students provided "no evidence" that their Spring 2020 semester was lackluster in any way. *Burt*, 84 F.4th at 59. Indeed, the students in *Burt* offered no more than a single conclusory statement that the university "deliver[ed] a different, inferior product." *Id.* Here, USC may contest the adequacy or persuasiveness of Plaintiffs' evidence, but it cannot argue that Plaintiffs failed to produce *any* evidence about the alleged inferiority of the online modality during Spring 2020. *See, e.g.*, Declaration of Kurowski ISO Opp. to DMSJ ("Kurowski Decl,"), Ex. 6 at 32:16–33:2 [Doc. # 236-8 ("Greenberg Depo.")] (explaining that there was "different value" in meeting in-person with her classmates to "role play [] business situations" for class); Declaration of Roy A. Katriel, Ex. 17 [Doc. # 224-20] (statement from USC Dean that "nothing can compare to in-person instruction); Singer Report at 6 (concluding that the online experience has a fair market value that is 30.4% and 24.1% less than an on-campus experience for undergraduates and graduates, respectively).[5]

---

[5] USC objects to the Expert Report of Hal J. Singer, Ph.D. as hearsay (Fed. R. Evid. 801), because it is an "unsworn expert report." Defs.' Evid. Obj. to PMSJ ¶ 1 [Doc. # 239-2]. Certain contents of Dr. Singer's report and/or his testimony could be presented under oath at trial and thus does not need to be presented in an admissible form at the MSJ stage. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (explaining that parties do not have to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **7** of **13** |

Here, there are triable issues of material fact as to whether USC's retention of the entirety of Plaintiffs' Spring 2020 tuition was unjust. Plaintiffs submitted substantial evidence—including Dr. Singer's reports, depositions of students, and emails from dissatisfied students to various individuals in USC's administration—that class members found in-person education to be more valuable than online education. *See, e.g.*, Kurowski Decl., Ex. 1 (email chain from student on behalf of herself and 55 classmates requesting partial tuition refund); Ex. 9 (letter from USC student to USC Office of the President requesting same); Ex. 11 (email requesting same).[6] Accordingly, it may be "unjust to allow [USC] to retain the benefits of offering in-person services when it did not offer in-person services, even though that performance was impossible." *See Arredondo*, 618 F. Supp. 3d at 948; *see also Tufeld Corp. v. Beverly Hills Gateway, L.P.*, 86 Cal. App 5th 12, 31–32 (2022) (affirming trial court's award of restitution to plaintiff in case where the law made it impossible for defendant to fulfill original contract obligation). A reasonable jury could find that USC was unjustly enriched because Plaintiffs received something meaningfully different than what they bargained for. Plaintiffs paid for a full semester of in-person education—which they valued more than an online education—but received only half a semester of in-person education.

A verdict in favor of Plaintiffs is possible *even if* Plaintiffs still received an adequate education and *even if* USC did not necessarily make a direct profit from the transition to online learning during Spring 2020. *See Krueger v. Wyeth, Inc.*, 396 F. Supp. 3d 931, 951 (S.D. Cal. 2019) (denying defendants' motion for summary judgment on plaintiff's claim for restitution where plaintiff did not contend that the product received was "valueless or worthless"); *Cnty of San Bernardino v. Walsh*, 158 Cal. App. 4th 848, 856 (2007) (explaining that a claim for unjust enrichment does not require the plaintiff to have suffered a "corresponding loss or, in some cases, any loss" (quoting Restatement (First) of Restitution § 1, cmt. e (1937))); *see also Cnty. of Solano v. Vallejo Redevelopment Agency*, 75 Cal. App. 4th 1262, 1278 (1999) (affirming trial court's finding that defendant was unjustly enriched when it used the money intended for a certain project to fund other projects even though those other projects also benefited plaintiff).

---

produce evidence in a form that would be admissible at trial as long as the content of the evidence is admissible); *Campos v. Costco Wholesale Corp.*, No. CV 18-2043-MWF (PLAx), 2018 WL 7348846, at *2 (C.D. Cal. Dec. 21, 2018) (considering unsworn expert report on MSJ because the contents of the report could be presented at trial). The Court therefore **OVERRULES** the objection.

[6] USC objects to Exs. 1, 9, and 11 as hearsay. Fed. R. Evid. 801. The contents of these emails and letters from students potentially are hearsay, but because Plaintiffs could call the students who authored the emails and letters to testify at trial about the contents therein or present a USC witness regarding its awareness of and response to those refund requests, the Court **OVERRULES** the objections. *See Fraser*, 342 F.3d at 1036.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-4066-DMG (PVCx) | Date | March 31, 2025 |
|---|---|---|---|
| Title | In re University of Southern California Tuition and Fees COVID-19 Refund Litigation | Page | 8 of 13 |

Plaintiffs are not entitled to summary judgment on their quasi-contract claim, however, because an equally reasonable jury could find that USC's enrichment from Plaintiffs' tuition was not "unjust," based on USC's argument that it expended significant resources in an attempt to give its students the best educational experience possible under the difficult circumstances of the pandemic. *See Dinosaur Dev.*, 2016 Cal. App. 3d at 1316 ("It must ordinarily appear that the benefits were conferred by *mistake, fraud, coercion or request*; otherwise, though there is enrichment, it is not unjust.") (emphasis in original), *but see Thane Int'l, Inc. v. 9472541 Canda Inc.*, No. CV 19-3125-MWF, 2020 WL 7416171, at *8 (C.D. Cal. Nov. 16, 2020) (rejecting party's argument that benefits are unjust *only* if they were conferred by mistake, fraud, coercion, or request). As USC highlighted, it is undisputed that USC had no choice but to transition to online education, it expended a significant amount of resources to make students' online experiences more similar to being in-person, and its enrollment remained steady from Spring 2020 to Fall 2020, despite an increase in tuition. *See* DSUF ¶¶ 3–10, 25; RGD ¶ 12. Further, even if a jury found for Plaintiffs on the issue of whether they are entitled to restitution at all, they could still disagree with Plaintiffs as to the appropriate *amount* of restitution. USC heavily disputes the reliability and findings of Plaintiff's expert, Dr. Singer, and presented experts of their own—none of whom the Court has excluded—and a reasonable jury could choose to agree with USC's experts over Dr. Singer. *See* Sept. 29, 2023 Ord. at 44.

Because triable issues of fact exist as to whether USC was unjustly enriched by Plaintiffs' Spring 2020 tuition and if so, by how much, the Court concludes that summary judgment on Plaintiffs' quasi-contract claim in favor of either party is not appropriate. USC's MSJ and Plaintiffs' MSJ are both **DENIED** on this issue.

**B.      Claim III: UCL Unfair Business Practices**

**1.      Triable issues of fact exist concerning whether USC's retention of Plaintiffs' Spring 2020 tuition was "unjust."**

The UCL prohibits "unfair competition," which is defined as "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. An "unfair" business practice "is one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) (citation and quotation marks omitted). For the same reasons that the court concludes that there are triable disputes of fact as to Plaintiffs' quasi-contract claim, *supra*, there are also triable issues as to their unfair business practices claim under the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **9** of **13** |

With regard to Plaintiffs' request for injunctive relief under the UCL, however, they lack standing to pursue it. To have standing to seek an injunction, there must be a chance that the plaintiff will face the complained-of conduct in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–106 (1983). Plaintiffs have already graduated, and in-person classes have resumed. RGD ¶ 13; *see In re Pepperdine*, 659 F. Supp. 3d 1086, 1096 (C.D. Cal. 2023) (granting summary judgment in defendant's favor on plaintiffs' claim for injunctive relief because they had already graduated).[7] The Court thus **DENIES** USC's MSJ as to Plaintiffs' UCL claim, but **GRANTS** the MSJ as to Plaintiffs' entitlement to injunctive relief.

### 2. The Court has equitable jurisdiction over Plaintiffs' UCL claim.

USC argues, in the alternative, that Plaintiffs' UCL claim should be dismissed for lack of equitable jurisdiction, pursuant to the Ninth Circuit's decisions in *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834, 844 (9th Cir. 2020), and *Guzman v. Polaris Industries, Incorporated*, 49 F.4th 1308, 1311 (9th Cir. 2022). MSJ at 24. Under *Sonner* and *Guzman*, plaintiffs generally cannot maintain both a legal claim and an equitable claim seeking the same redress. *See Sonner*, 971 F.3d at 844. Plaintiffs do not dispute that this is the law of the circuit, but instead argue that their claim for restitution based on quasi-contract is an equitable claim rather than a legal claim. Opp. to DMSJ at 26. Plaintiffs are correct.

"Whether termed unjust enrichment, quasi-contract, or quantum meruit, the equitable remedy of restitution" "is based on the idea that one person should not be permitted unjustly to enrich himself at the expense of another." *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 477-78; *see also MH Pillars*, 277 F. Supp. 3d at 1094 ("Unjust enrichment is an equitable claim that sounds in implied or quasi-contract") (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)). Even though restitution based on quasi-contract is a claim in equity, the remedy may sometimes be monetary. *See* 1 Witkin, Cal. L. Summary (11th ed.), *Contracts* § 1050 ("The quasi-contract . . . is designed to restore the aggrieved party to his or her former position by return of the thing **or its equivalent in money**.") (emphasis added). Here, because the experience of the second half of Plaintiffs' Spring 2020 semester cannot be returned

---

[7] USC did not specifically raise the issue of Plaintiffs' standing to pursue injunctive relief in either its MSJ or Opposition to Plaintiffs' MSJ. Generally, a court will not consider arguments raised for the first time in a reply. *In re America West Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). But courts have an "independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **10** of 13 |

to them, the appropriate remedy is necessarily monetary restitution. Nonetheless, because Plaintiffs' remaining claims are claims in equity and not in law, *Sonner* and its progeny are inapplicable. USC's alternative motion to dismiss Plaintiffs' UCL claim is **DENIED**.

**C.    There are triable issues of fact as to Plaintiff Watson's and other graduate student class members' quasi-contract and UCL claims.**

USC argues that the Court should grant partial summary judgment in its favor on Watson's and the other graduate student class members' quasi-contract and UCL claims because USC offered its graduate programs both online and in-person prior to the pandemic, and USC charges the same amount regardless of the modality. DMSJ at 20–21. USC relies solely on an unpublished decision from the District of Connecticut as support for this argument. *See Michel v. Yale Univ.*, 2023 WL 1350220, at *7 (D. Conn. Jan. 30, 2023) (granting summary judgment on plaintiffs' claim for restitution in part because the online and in-person programs were the same price).

USC is correct that the court in *Michel* rejected plaintiffs' proposed expert's calculations of the disparity in value between the online and in-person programs in favor of the fact that Yale assigned the same value to both programs, but *Michel* is distinguishable from this case. *See id.* First, the Court already rejected a similar argument when it considered USC's motion to exclude Dr. Singer's testimony. *See* Sept. 29, 2023 Ord. at 23–24 ("the fact that USC has long charged the same tuition for in-person and online courses, when a school offers both" "does not justify exclusion of [Dr. Singer's] opinion"). A reasonable juror might find the lack of difference in price between programs to be persuasive enough to discount Dr. Singer's report, but it is not dispositive at summary judgment. Additionally, the *Michel* court gave weight to the fact that "Michel himself conceded that he had no reason to think that the education he received online was any worse than what he received in person." *Michel*, 2023 WL 1350220, at *8. USC has not offered any evidence to suggest that Watson or any other graduate student class members feel the same way as the named plaintiff in *Michel*, while Plaintiffs have offered evidence that Watson and her graduate student peers were dissatisfied with their online educations. *See supra*, Part IV.A.2. More importantly, however, while the question of student satisfaction may influence the *amount* of restitution owed, *whether* restitution is owed turns on USC's enrichment, not Plaintiffs' loss. *See* Restatement (First) of Restitution § 1, cmt. e (1937) ("[Where] a benefit has been received by the defendant but the plaintiff has not suffered a corresponding loss or, in some cases, any loss, but nevertheless the enrichment of the defendant would be unjust . . . [t]he defendant may be under a duty to give to the plaintiff the amount by which [the defendant] has been enriched."); *see also Walsh*, 158 Cal. App. 4th at 542 (affirming trial court's restitution award that was "not based on a computation of [the] loss," but rather, the value of the enrichment).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | 11 of 13 |

Lastly, even setting aside the differences between this case and *Michel*, California courts have never decided that "repayment of the difference between what the plaintiff paid and the value of what the plaintiff received" is the *only* proper measure of restitution. *See In re Tobacco Cases II*, 240 Cal. App. 4th 779, 792 (2015) (noting that there are multiple potential ways to measure restitution). For example, Plaintiffs suggest that restitution in this case should be measured by "what USC continues to retain above what [California Civil Code] [s]ection 1514 permits."[8] Reply at 11. Therefore, despite USC's contentions otherwise, it is not settled that the difference in value between in-person versus online education, as determined by USC, is the appropriate measure of restitution.

For these reasons, the Court concludes that USC is not entitled to partial summary judgment on Watson's and the other graduate student class members' quasi-contract and UCL claims and **DENIES** USC's MSJ on this issue.

**D.    There are triable issues of fact as to some of the mandatory fees paid by Plaintiffs and the Class during Spring 2020.**

Plaintiffs seek to recover a partial refund of the following mandatory fees: (1) Student Health Fee ($366), (2) Student Programing Fee ($64 for undergraduate students and $43 for graduate students), (3) Laboratory Fees ($5–$500), (4) Commuter Permit Fees ($499.50), and (5) the Norman H. Topping Student Aid Fund Fee ($8). FAC ¶¶ 43. USC moves for partial summary judgment as to Plaintiffs' fee refund request on the basis that: the fees were not related to in-person services, USC continued to provide the services covered by the fees (either in-person or remotely), or the fees were not charged to any of the named Plaintiffs during Spring 2020. DMSJ at 23.

It is undisputed that none of the named Plaintiffs paid either the Laboratory Fees or the Commuter Permit Fees during Spring 2020. Opp. to DMSJ at 24. They accordingly lack standing to pursue refunds of these fees. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class.") (internal citations and quotations

---

[8] California Civil Code section 1514 provides "[i]f performance of an obligation is prevented by any cause excusing performance, other than the act of the creditor, the debtor is entitled to a ratable proportion of the consideration to which he would have been entitled upon full performance, according to the benefit which the creditor receives from the actual performance."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | **12** of 13 |

omitted).  USC's MSJ is therefore **GRANTED** as to the Laboratory Fees and Commuter Permit Fees.

Next, the Norman H. Topping Fee "provides scholarships to low income students" and has been assessed by USC students since 1970.  RGD ¶ 19.  USC contends that the benefit of this fee (i.e., funding of the scholarship) has nothing to do with in-person education.  DMSJ Reply at 25–26.  The Court agrees.  Plaintiffs point out that there are certain in-person requirements for scholarship recipients, but this fact is irrelevant to the assessment of the fee.  Again, the relevant inquiry is whether students realized the full benefit of the fee (i.e., the funding of the scholarship), and Plaintiffs do not contend that, for example, no low income students benefited from the scholarship during Spring 2020.  USC's MSJ is **GRANTED** as to the Norman H. Topping Fee.

Lastly, USC argues that summary judgment should be granted on Plaintiffs' claims for restitution with regard to the Student Health Fee and Student Programming Fee because USC continued to offer student health services and student programming during Spring 2020, albeit in a hybrid or remote setting.  In turn, Plaintiffs essentially argue that the services, though offered, were of a lesser value or lower quality than the in-person equivalent.  Opp. to DMSJ at 24.  These arguments mirror the parties' arguments about Plaintiffs' claims for refunds of their tuition.  Because there are disputed material facts concerning the value of USC's online or hybrid student health services and student programming, the Court **DENIES** USC's MSJ as to the Student Health Fee and Student Programming Fee.

## V.
## CONCLUSION

In light of the foregoing, the Court:

1. **DENIES** Plaintiffs' MSJ as to Plaintiffs' quasi-contract claim;

2. **DENIES** USC's MSJ as to Plaintiffs' quasi contract claim;

3. **DENIES** USC's MSJ as to Plaintiffs' UCL claim, but **GRANTS** the MSJ as to Plaintiffs' entitlement to injunctive relief;

4. **DENIES** USC's motion for partial summary judgment as to Watson's and the other graduate student class members' quasi-contract and UCL claims; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-4066-DMG (PVCx)** | Date | March 31, 2025 |
|---|---|---|---|
| Title | *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | Page | 13 of 13 |

5. **GRANTS** USC's motion for partial summary judgment as to Plaintiffs' claims regarding the Laboratory Fee, Commuter Permit Fee, and Norman H. Topping Fee; but **DENIES** the motion as to the Student Health Fee and Student Programming Fee.

The parties' joint requests for rulings under Local Rule 83-9 are **DENIED as moot.** [Doc. ## 290, 291.] The parties shall meet and confer and file a Joint Status Report by **April 30, 2025** proposing new pretrial and trial dates and deadlines.

**IT IS SO ORDERED.**