1

Steve W. Berman (*Pro Hac Vice*)
*steve@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
F: (206) 623-0594

Christopher R. Pitoun (SBN 290235)
*christopherp@hbsslaw.com*
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
T: (213) 330-7150
F: (213) 330-7152

[Additional Counsel listed on signature page]

*Co-Lead Counsel and*
*Attorneys for Plaintiff J. Julia Greenberg*

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | No. 2:20-cv-04066-DMG-PVC<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR BENCH TRIAL**<br><br>Date: June 20, 2025<br>Time: 9:30 a.m.<br>Courtroom: 8C<br><br>Action filed: May 7, 2020<br>Consolidated: July 17, 2020<br>Trial Date: TBD |

1
2

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................ 1

II.    RELEVANT PROCEDURAL BACKGROUND ................................. 1

III.   LEGAL STANDARD ....................................................................... 3

IV.    ARGUMENT ................................................................................... 4

    A.     Plaintiffs' UCL Claim Should be Tried to the Court. ................ 4

    B.     Plaintiff's Quasi-Contract Claim for Restitution Should be
        Tried to the Court. ................................................................... 6

V.     CONCLUSION ............................................................................... 8

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bankston v. Americredit Fin. Servs., Inc.*,
   2011 WL 89730 (N.D. Cal. Jan. 10, 2011) ..................................................6

*Better Care Plastic Tech. Co. v. Gredale, LLC*,
   2023 WL 8053859 (C.D. Cal. Sept. 25, 2023) .........................................6

*Cargill Inc. v. Progressive Dairy Sols., Inc.*,
   362 F. App'x 731 (9th Cir. 2010) ...........................................................5

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
   494 U.S. 558 (1990) ..................................................................................3

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
   526 U.S. 687 (1999) ..................................................................................3

*Consumer Fin. Prot. Bureau v. CashCall, Inc.*,
   2025 WL 1194987 (9th Cir. Apr. 24, 2025) ...........................................7

*Craig v. Atl. Richfield Co.*,
   19 F.3d 472 (9th Cir. 1994) ......................................................................3

*Cramton v. Grabbagreen Franchising LLC*,
   2020 WL 5880153 (D. Ariz. Oct. 2, 2020) ..............................................4

*Doe v. Horne*,
   2024 WL 69645 (D. Ariz. Jan. 5, 2024) ..................................................4

*Doskocz v. ALS Lien Servs.*,
   102 Cal. App. 5th 107 (2024), *review denied* (Aug. 28, 2024)..................5

*Gerawan Farming, Inc. v. Rehrig Pac. Co.*,
   2013 WL 1982797 (E.D. Cal. May 13, 2013)..........................................5

*Grondal v. United States*,
   2020 WL 6720930 (E.D. Wash. Nov. 16, 2020).....................................4

*Guzman v. Polaris Indus. Inc.*,
   49 F.4th 1308 (9th Cir. 2022) ..................................................................5

*Hansen v. Safeway, Inc.*,
    2010 WL 2593611 (N.D. Cal. June 22, 2010) ...................................................... 3

*Hebert v. Vantage Travel Serv., Inc.*,
    2021 WL 2516076 (D. Mass. June 18, 2021) ....................................................... 7

*Hodge v. Superior Ct.*,
    145 Cal. App. 4th 278 (2006) ............................................................................... 5

*Kingsbury v. U.S. Greenfiber, LLC*,
    2013 WL 12121540 (C.D. Cal. Nov. 4, 2013) ................................................. 3, 4

*McLaughlin v. Wells Fargo Bank, N.A.*,
    2013 WL 1164432 (C.D. Cal. Mar. 19, 2013) ..................................................... 6

*Mills v. Molina Healthcare, Inc.*,
    2022 WL 17825534 (C.D. Cal. Dec. 8, 2022) ...................................................... 4

*Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*,
    9 Cal. 5th 279 (2020) ....................................................................................... 4, 5

*Okura & Co., Inc. v. Careau Group*,
    783 F. Supp. 482 (C.D. Cal. 1991) ...................................................................... 6

*Ollier v. Sweetwater Union High Sch. Dist.*,
    267 F.R.D. 338 (S.D. Cal. 2010) .......................................................................... 4

*In re Payless Shoesource, Inc.*,
    2009 WL 3233820 (E.D. Cal. Sept. 11, 2009) ..................................................... 3

*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*,
    43 Cal. App. 5th 988 (2019) ................................................................................. 5

*Simler v. Conner*,
    372 U.S. 221 (1963) ............................................................................................ 3

*Smith v. Chase Mortgage Credit Grp.*,
    653 F. Supp. 2d 1035 (E.D. Cal. 2009) ............................................................... 6

*Sonner v. Premier Nutrition Corporation*,
    971 F.3d 834 (9th Cir. 2020) ............................................................................ 2, 3

*Soriano v. Countrywide Home Loans, Inc.*,
    2011 WL 2175603 (N.D. Cal. June 2, 2011) ....................................................... 6

*Spinelli v. Gaughan,*
    12 F.3d 853 (9th Cir. 1993) ...................................................................... 4

*Warner v. Tinder Inc.,*
    105 F. Supp. 3d 1083 (C.D. Cal. 2015) .................................................... 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 38(a) ................................................................................... 3

Fed. R. Civ. P. 39(a)(2) ..................................................................... 1, 3, 4

Fed. R. Civ. P. 39(c)(1) .............................................................................. 3

PLAINTIFFS' MEM. ISO MOTION FOR BENCH TRIAL      Case No. 2:20-cv-0466-DMG-PVC

1

## I.    INTRODUCTION

As this Court has recognized, the remaining claims of Plaintiffs Injune David Choi, Christina Diaz, Chile Mark Aguiniga Gomez, J. Julia Greenberg, Justin Kerendian, and Latisha Watson (collectively, "Plaintiffs") against Defendants University of Southern California and The Board of Trustees of the University of Southern California (collectively, "USC") "are claims in equity and not in law." (ECF No. 293, "MSJ Order," at 10.) Not only that, but the particular remedy that Plaintiffs seek through these claims—restitution—is equitable in nature, as well. For these reasons, discussed further herein, there is no constitutional right to a trial by jury as to Plaintiffs' claims for (1) restitution based on quasi-contract, and (2) violation of the unfair prong of California's Unfair Competition Law ("UCL"). Accordingly, and under Fed. R. Civ. P. 39(a)(2), Plaintiffs ask for these claims to be tried in a bench trial, rather than a jury trial.

## II.    RELEVANT PROCEDURAL BACKGROUND

On May 5, 2022, Plaintiffs filed their First Amended Consolidated Class Action Complaint. (ECF No. 126, "FAC.") In their FAC, Plaintiffs asserted three claims against USC: (1) breach of implied contract, (2) restitution based on quasi-contract, and (3) violation of the unfair prong of the UCL. As for their breach of implied contract claim, Plaintiffs alleged that they and the Class "are entitled to an award of money damages." (*Id.* ¶ 107.) For their restitution based on quasi-contract claim, Plaintiffs plead that they and the Class are entitled to "restitution [in the form of] a prorated portion of the funds for the Spring 2020 term that Plaintiffs and the Class paid for tuition and fees." (*Id.* ¶ 115.) Finally, as for their UCL claim, Plaintiffs allege that they and the Class "are entitled to restitution and to the recovery of attorney's fees and costs. (*Id.* ¶ 122.) "Plaintiffs demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all causes of action so triable." (*Id.* at § VIII.)

As relevant here, USC moved for partial judgment on the pleadings as to Plaintiffs' claim for breach of implied contract. (ECF No. 152.) USC argued that its

performance under the alleged contract was excused due to impossibility and, moreover, that Plaintiffs' claim based in contract was duplicative of Plaintiffs' claim for restitution based on quasi-contract. In its briefing, USC reiterated that, should their implied contract claim (and any right to *damages*) be dismissed, Plaintiffs would remain free to pursue *restitution*. (*See, e.g., id.* at 1 ("Plaintiffs may pursue restitution based on a quasi-contract theory..."); *id.* at 7 ("Plaintiffs may pursue restitution based on quasi-contract because performance of the asserted implied contract was impossible."); *see also* ECF No. 213 at 15) ("USC acknowledges that recovery is still available when a contract fails due to impossibility, but argues that the only available recovery is restitution, not damages.")). On September 29, 2023, the Court granted USC's motion for judgment on the pleadings, concluding that "USC's impossibility defense bars Plaintiffs' breach of contract claim for damages." (*Id.* at 17.) In that same order, the Court granted Plaintiffs' motion for class certification as to their two remaining claims. (*Id.* at 44.)

On March 31, 2025, the Court ruled on the Parties' cross-motions for summary judgment. (*See generally* MSJ Order.) The Court denied both Parties' motions regarding Plaintiffs' claim for restitution based on quasi-contract. (*Id.* at 8.) As for Plaintiffs' UCL claim, the Court granted USC's motion regarding Plaintiffs' entitlement to injunctive relief, but otherwise denied the motion. (*Id.* at 9.)[1] In so doing, the Court considered USC's argument that "Plaintiffs' UCL claim should be dismissed for lack of equitable jurisdiction," because, under *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020), and its progeny, "plaintiffs generally cannot maintain both a legal claim and an equitable claim seeking the same redress." (*Id.*) The Court, however, agreed with Plaintiffs that their "claim for restitution based on quasi-contract is an equitable claim rather than a legal claim." (*Id.*) *Sonner* is thus inapplicable, as both of "Plaintiffs' remaining claims are claims in equity and not in law." (*Id.* at 10.) This is true, the Court

---

[1] The Court also granted USC's motion as it pertained to Plaintiffs' claims for recovery of certain fees not paid by any of the named Plaintiffs (i.e., the Laboratory Fees, Commuter Permit Fees, and the Norman H. Topping Fee). *See* ECF No. 293 at 11-12.

1 | determined, even though the remedy that Plaintiffs seek for their quasi-contract claim is
2 | "necessarily monetary restitution." (*Id.*)

### III.    LEGAL STANDARD

"In diversity cases, whether issues are to be tried before a jury is to be determined as a matter of federal law." *In re Payless Shoesource, Inc.*, 2009 WL 3233820, at *2 (E.D. Cal. Sept. 11, 2009) (citing *Simler v. Conner*, 372 U.S. 221, 222 (1963)). "[T]he substantive dimension of the claim asserted finds its source in state law, but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler*, 372 at 222. "Accordingly, a federal court first looks to state law to determine the elements of the cause of action and remedies sought, and then looks to federal law to characterize the action and remedies as either legal or equitable." *In re Payless*, 2009 WL 3233820, at *2 (citation omitted). Under federal law, the right to a jury trial can arise either from statute or from the Seventh Amendment to the United States Constitution. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999); Fed. R. Civ. P. 38(a). The Seventh Amendment protects a party's right to a jury trial "[i]n Suits at common law." U.S. Const., amend. VII. "The phrase 'Suits at common law' refers to 'suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990) (citations omitted; emphasis in original).

After a jury trial has been demanded under Rule 38, the Court may, "on motion or on its own, find[ ] that on some or all of those issues [for which a jury was demanded] there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2)[2]; *see Craig v. Atl.*

---

[2] Alternatively, under Fed. R. Civ. P. 39(c)(1), "[i]n an action not triable of right by a jury, the court, on motion or on its own [] may try any issue with an advisory jury." "Whether to empanel an advisory jury on an equitable claim is entirely within the discretion of the district court." *Kingsbury v. U.S. Greenfiber, LLC*, 2013 WL 12121540, at *1 (C.D. Cal. Nov. 4, 2013) (citing *Kyei v. Oregon Dep't Transp.*, 497 Fed.Appx. 711, 713 (9th Cir. 2012). *See also Hansen v. Safeway, Inc.*, 2010 WL 2593611, at *3 (N.D. Cal. June 22, 2010) ("The trial court has the discretion, but not the duty, to submit an equitable claim to the jury for a binding verdict."). Given the tremendous amount of judicial resources needed to empanel

*Richfield Co.*, 19 F.3d 472, 477 (9th Cir. 1994) ("[U]nder Rule 39(a)(2), the court may, on its own initiative, remove a case from the jury docket if it finds that the right to a jury trial did not exist under a statute or the Constitution."). "Whether a federal right to a jury trial exists 'depends upon whether plaintiff's claim is properly characterized as legal or equitable.'" *Kingsbury*, 2013 WL 12121540, at *1 (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Loc. 287 (AFL-CIO)*, 649 F.3d 1067, 1069 (9th Cir. 2011)). This inquiry involves considering both the nature of the right and the nature of the remedy sought, with the latter being the more important consideration. *See Spinelli v. Gaughan*, 12 F.3d 853, 857 (9th Cir. 1993) ("[T]he Supreme Court has told us four times that the nature of the remedy is more important for Seventh Amendment purposes than the nature of the right.").

## IV.    ARGUMENT

### A.    Plaintiffs' UCL Claim Should be Tried to the Court.

The Court should grant Plaintiffs' Motion regarding their UCL claim. First, as to the nature of this claim, "[o]ver the more than 80-year history of the UCL, scores of decisions of both [the Supreme Court of California] and the Courts of Appeal have uniformly recognized that the cause of action established by this statute is equitable in nature." *Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cnty.*, 9 Cal. 5th

---

an advisory jury—whose recommendations are not binding—courts routinely deny requests for such a jury absent "extraordinary circumstances." *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 338, 339 (S.D. Cal. 2010) (denying defendants' motion for advisory jury "because an advisory jury would add unnecessary expense, time and complexity to a case that has no special factors or extraordinary circumstances present"). *See also Kingsbury*, 2013 WL 12121540, at *1 (denying request for advisory jury, noting that "[i]n a bench trial, an advisory jury makes non-binding recommendations to the judge, who remains the ultimate factfinder"); *Mills v. Molina Healthcare, Inc.*, 2022 WL 17825534, at *17 (C.D. Cal. Dec. 8, 2022) (denying request for advisory jury because there was "no justification for complicating the proceedings or unnecessarily burdening jurors and the judicial system by empaneling an advisory jury"); *Grondal v. United States*, 2020 WL 6720930, at *4 (E.D. Wash. Nov. 16, 2020) ("The Court finds that there are no 'extraordinary circumstances' of this case justifying the need for an advisory jury."); *Doe v. Horne*, 2024 WL 69645, at *3 (D. Ariz. Jan. 5, 2024) ("Empaneling an advisory jury would not promote judicial economy; it would prolong proceedings and increase costs while providing little benefit."); *Cramton v. Grabbagreen Franchising LLC*, 2020 WL 5880153, at *21 (D. Ariz. Oct. 2, 2020) ("The Court [] finds it unnecessary, in its discretion, to empanel an advisory jury for purposes of the bench trial. Utilizing an advisory jury would likely result in delay and would not, in any event, be helpful to the Court."). No such circumstances are present here, and the Court is fully capable of adjudicating Plaintiffs' claims—which have already been pending for *five years*— without the assistance of a jury. *See Kingsbury*, 2013 WL 12121540, at *1.

279, 305 (2020) (collecting cases and providing overview of statutory precursor to modern-day UCL, under which "there is no question that the civil cause of action [] was equitable in nature and, as such, was intended to be tried by the court and not a jury"). *See also Rincon EV Realty LLC v. CP III Rincon Towers, Inc.*, 43 Cal. App. 5th 988, 994 (2019) ("A UCL claim brought by a private plaintiff is an equitable cause of action, even when it is based on an underlying violation that is legal in nature."); *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284 (2006) ("[T]he UCL is not simply a legislative conversion of a legal right into an equitable one. It is a separate equitable cause of action.").[3]

Second, and more importantly, the remedy sought under the UCL—in this case, restitution—is indisputably equitable in nature. *See id.* ("[T]he UCL provides only for equitable remedies," i.e., "injunctive relief and restitution."); *see also Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022); *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1090–91 (C.D. Cal. 2015) ("While the scope of conduct covered by the UCL is broad, its remedies are limited. A UCL action is equitable in nature; damages cannot be recovered....[U]nder the UCL, [p]revailing plaintiffs are generally limited to injunctive relief and restitution.") (internal citation and quotation marks omitted)).

Accordingly, federal district courts in this Circuit, as well as California state courts, have consistently found that UCL claims "[are] to be tried by the court rather than by a jury." *Id. See also Nationwide Biweekly*, 9 Cal. 5th at 304 (concluding "that the [California] Legislature, in enacting the UCL, intended that a cause of action under the UCL would be tried by the court and not a jury…"); *Cargill Inc. v. Progressive Dairy Sols., Inc.*, 362 F. App'x 731, 733 (9th Cir. 2010) ("We note that defendants' [UCL] counterclaim was not subject to a jury trial…"); *Gerawan Farming, Inc. v.*

---

[3] This remains true even when a UCL cause of action might touch upon legal issues. *See, e.g.*, *Hodge*, 145 Cal. App. 4th at 285("The fact that contract issues may be implicated does not transform an equitable action into one of law."); *Doskocz v. ALS Lien Servs.*, 102 Cal. App. 5th 107, 120 (2024), *review denied* (Aug. 28, 2024) ("[T]he fact that the UCL cause of action required determination of ALS's liability under the FDCPA did not transform Doskocz's equitable UCL cause of action into a legal one.").

1  *Rehrig Pac. Co.*, 2013 WL 1982797, at *9 n.4 (E.D. Cal. May 13, 2013) (explaining

2  that the court would decide plaintiffs' UCL claim, noting that "there is no right to a jury

3  under the UCL"); *Bankston v. Americredit Fin. Servs., Inc.*, 2011 WL 89730, at *6, n.3

4  (N.D. Cal. Jan. 10, 2011) (noting that the case was scheduled for a bench trial because

5  there is "no right to a jury trial on UCL claims"); *Soriano v. Countrywide Home Loans,*

6  *Inc.*, 2011 WL 2175603, at *7 (N.D. Cal. June 2, 2011) ("[T]he only issue remaining

7  for trial is Plaintiff's UCL claim…Because the UCL claim is not for a jury to decide [],

8  this claim will be tried to the Court."); *Smith v. Chase Mortgage Credit Grp.*, 653 F.

9  Supp. 2d 1035, 1045 (E.D. Cal. 2009) ("The UCL sounds in equity and therefore there

10  is no right to a jury determination as to whether a defendant's conduct was unfair under

11  the statute; the court must make this factual determination."); *Okura & Co., Inc. v.*

12  *Careau Group*, 783 F. Supp. 482, 490 n.1 (C.D. Cal. 1991) (explaining that cause of

13  action brought under the UCL "seek[s] equitable remedies for which [plaintiff] would

14  not be entitled to [a] jury trial"). This Court should conclude the same, and grant

15  Plaintiffs' motion for a bench trial.

16  **B.    Plaintiff's Quasi-Contract Claim for Restitution Should be Tried to the**

17  **Court.**

18      Plaintiffs' Motion should also be granted with respect to their quasi-contract

19  claim for restitution.  First, and as this Court has previously recognized, "[Plaintiffs']

20  claim for restitution based on quasi-contract is an equitable claim rather than a legal

21  claim." (MSJ Order at 10.) *See also McLaughlin v. Wells Fargo Bank, N.A.*, 2013 WL

22  1164432, at *7 (C.D. Cal. Mar. 19, 2013) ("Quasi contract (also known as unjust

23  enrichment or quantum meruit) is an equitable claim that supplies a cause of action

24  where one party has unjustly benefited at the expense of another party."); *Better Care*

25  *Plastic Tech. Co. v. Gredale, LLC*, 2023 WL 8053859, at *1 (C.D. Cal. Sept. 25, 2023)

26  (agreeing with plaintiff "that the Court should conduct a bench trial—instead of a jury

27  trial—because the remaining issues in this case are equitable in nature").

28

Second, as with their UCL claim, the restitutionary relief that plaintiffs seek is equitable in nature, as well. As the Ninth Circuit recently explained, the law of the Circuit is that, for Seventh Amendment purposes, *all* forms of restitution are equitable:

> The parties debate whether this case involves legal remedies that are within the scope of the Seventh Amendment guarantee. Our precedent suggests that the answer is no: In *Commerce Planet*, we stated that "**restitution is an equitable remedy for Seventh Amendment purposes**, without drawing any distinction between the legal and equitable forms of that relief"—in other words, **no form of restitution triggers the right to a jury tria**l.

*Consumer Fin. Prot. Bureau v. CashCall, Inc.*, 2025 WL 1194987, at *4 (9th Cir. Apr. 24, 2025) (quoting *F.T.C. v. Com. Planet, Inc.*, 815 F.3d 593, 602 (9th Cir. 2016)) (emphasis added)). *See also Hebert v. Vantage Travel Serv., Inc.*, 2021 WL 2516076, at *5 (D. Mass. June 18, 2021) (concluding that plaintiffs' claim for a refund, where "[defendant] failed to provide them with certain travel services they had purchased," was "relief [that] sounds in restitution, which was traditionally considered equitable in nature"); Lord Mansfield in *Moses v. Macferlan*, 2 Burr. 1005, 1008, 1012 (K.B. 1760) (describing action seeking refund, or restitution, as "founded in the equity of the plaintiff's case" where "the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money"). That the restitution Plaintiffs seek is monetary does not alter this conclusion. (MSJ Order at 9) ("Even though restitution based on quasi-contract is a claim in equity, the remedy may sometimes be monetary.") (citation omitted). *See also Hebert*, 2021 WL 2516076, at *5 (plaintiffs' claim, for which they sought monetary refund, was equitable).

In sum, this Court has properly recognized that both of "Plaintiffs' remaining claims are claims in equity and not in law." (MSJ Order at 10.) Moreover, with these claims, Plaintiffs seek restitution, which does "[not] trigger[] the right to a jury trial." *CashCall*, 2025 WL 1194987, at *4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.    CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiffs' Motion and hold a bench trial on Plaintiffs' remaining, and equitable, claims.


Dated: May 9, 2025                          Respectfully submitted,

                                            */s/  Daniel J. Kurowski*
                                            **HAGENS BERMAN SOBOL
                                            SHAPIRO LLP**
                                            Daniel J. Kurowski (*pro hac vice*)
                                            Whitney K. Siehl (*pro hac vice*)
                                            455 N. Cityfront Plaza Drive, Suite 2410
                                            Chicago, IL 60611
                                            Tel: (708) 628-4949
                                            Email: dank@hbsslaw.com
                                            Email: whitneys@hbsslaw.com

                                            Steve W. Berman (*pro hac vice*)
                                            1301 Second Avenue, Suite 2000
                                            Seattle, WA 98101
                                            Tel: (206) 623-7292
                                            Email: steve@hbsslaw.com

                                            Christopher R. Pitoun (SBN 290235)
                                            301 North Lake Avenue, Suite 203
                                            Pasadena, CA 91101
                                            Tel: (213) 330-7150
                                            Fax: (213) 330-7152
                                            Email: christopherp@hbsslaw.com

                                            **BERGER MONTAGUE PC**
                                            Ellen T. Noteware (*pro hac vice*)
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19103
                                            Tel: (215) 875-3000
                                            Email: enoteware@bm.net

                                            E. Michelle Drake (*pro hac vice*)
                                            Ariana Kiener (*pro hac vice*)
                                            1229 Tyler Street NE, Suite 205
                                            Minneapolis, MN 55413
                                            Telephone: (612) 594-5933
                                            Email: emdrake@bm.net
                                            Email: akiener@bm.net

**THE KATRIEL LAW FIRM, P.C.**
Roy A. Katriel, Esq. (SBN 265463)
2262 Carmel Valley Road, Suite 201
Del Mar, CA 92014
Tel: (619) 363-3333
Email: rak@katriellaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

-and-

**THE KALFAYAN LAW FIRM, APC**
Ralph B. Kalfayan (SBN 133464)
Ian D. Krupar (SBN 350391)
2262 Carmel Valley Road, Suite 200
Del Mar, CA 92014
Tel: (619) 232-0331
Email: ralph@rbk-law.com
Email: ian@rbk-law.com

**LYNCH CARPENTER LLP**
(Eddie) Jae K. Kim (SBN 236805)
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel: (619) 762-1910
Email: ekim@lcllp.com

Gary F. Lynch (*pro hac vice*)
Edward W. Ciolko (*pro hac vice*)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Email: gynch@lcllp.com
Email: eciolko@lcllp.com

**LAW OFFICES OF JENNIFER DUFFY**
Jennifer Duffy
28649 S. Western Avenue, Suite 6571
Los Angeles, CA 90734
Tel: (310) 714-9779
Email: jennifer@usclassactions.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PARRIS LAW FIRM**
R. Rex Parris (SBN 96567)
Alexander R. Wheeler (SBN 239541)
Kitty K. Szeto (SBN 258136)
John M. Bickford (SBN 280929)
Ryan A. Crist (SBN 316653)
43364 10th Street West
Lancaster, CA 93534
Tel: (661) 949-2595
Email: rrparris@parrislawyers.com
Email: kszeto@parrislawyers.com
Email: awheeler@parrislawyers.com
Email: jbickford@parrislawyers.com
Email: rcrist@parrislawyers.com

**SHEGERIAN & ASSOCIATES, INC.**
Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
145 South Spring Street, Suite 400
Los Angeles, California 90012
Tel: (310) 860-0770
Fax: (310) 860-0771
CShegerian@Shegerianlaw.com
ANguyen@Shegerianlaw.com

*Attorneys for Plaintiffs and the Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that the foregoing memorandum of points and authorities complies with the 25-page count limit set by the Court's Initial Standing Order entered in this case (ECF 8) and Local Rule 11-6.

By:  /s/ *Daniel J. Kurowski*
Daniel J. Kurowski

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 9, 2025, a true and correct copy of the foregoing was filed electronically via CM/ECF, with notice delivered to all counsel of record.

By:  /s/ *Daniel J. Kurowski*
Daniel J. Kurowski

PLTFS' MEM. ISO MOTION FOR BENCH TRIAL          Case No. 2:20-cv-0466-DMG-PVC