# **EXHIBIT 1 TO KATRIEL DECLARATION**

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs Injune David Choi, Christina Diaz, Chile Mark Aguiniga Gomez, J. Julia Greenberg, Justin Kerendian, and Latisha Watson ("Plaintiffs"); (ii) the Settlement Class (defined below); and (iii) Defendants, the University of Southern California ("USC") and the Board of Trustees of the University of Southern California (together with USC, "Defendant"). The Settlement Class and Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted. Plaintiffs and Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement and subject to the Final Approval Order entered by the Court.

## RECITALS

A.    On May 4, 2020, Plaintiff Christina Diaz filed her Class Action Complaint against USC. ECF No. 1 in 2:20-cv-04066 (C.D. Cal.).

B.    On May 5, 2020, Plaintiff Latisha Watson filed her Class Action Complaint against Defendant. ECF No. 1 in 2:20-cv-04107 (C.D. Cal.).

C.    On May 6, 2020, Plaintiff Justin Kerendian filed his Class Action Complaint in state court against USC, which USC removed to federal court on June 11, 2020. ECF No. 1 in 2:20-cv-5190 (C.D. Cal.).

D.    On May 7, 2020, Plaintiff J. Jenna Greenberg filed her Class Action Complaint against Defendant. ECF No. 1 in 2:20-cv-4172 (C.D. Cal.).

E.    On June 23, 2020, Plaintiff Injune David Choi filed his Class Action Complaint against USC, ECF No. 1 in 2:20-cv-5573 (C.D. Cal.), which was consolidated with the claims of the other Plaintiffs on October 9, 2020. (ECF No. 58.)

F.      On July 17, 2020, the Court consolidated the Diaz, Watson, Greenberg and Kerendian matters and appointed Class Counsel as interim class counsel. (ECF No. 54.[1])

G.      On August 14, 2020, Plaintiffs filed their Consolidated Class Action Complaint. (ECF No. 55.)

H.      On September 11, 2020, Defendant filed its Motion to Dismiss Plaintiffs' Class Action Complaint (ECF No. 56), which Plaintiffs opposed on October 10, 2020. (ECF No. 59.)

I.      On October 9, 2020, Plaintiff Chile Mark Aguiniga Gomez filed his Class Action Complaint against USC, ECF No. 1 in 2:20-cv-9338 (C.D. Cal.), which was consolidated with the claims of the other Plaintiffs on November 9, 2020. (ECF No. 63.)

J.      On August 6, 2021, the Court granted in part and denied in part Defendant's motion to dismiss. (ECF No. 99.)

K.      On September 8, 2021, Defendant filed its Answer to the Consolidated Class Action Complaint. (ECF No. 101.)

L.      Thereafter, the Parties engaged in extensive written, oral, and expert discovery.

M.      On May 4, 2022, Plaintiffs filed their First Amended Consolidated Class Action Complaint. (ECF No. 126.)

N.      On May 20, 2022, Defendant filed its Answer to the First Amended Consolidated Class Action Complaint. (ECF No. 128.)

O.      On August 1, 2022, counsel for the Parties attended a day-long mediation session held remotely before Hon. Edward A. Infante of JAMS, with a second mediation session conducted on September 14, 2022. (ECF Nos. 129, 205.) The Parties did not reach a settlement at either of

---

[1] Unless a docket number is specifically identified, all references to ECF numbers are to the documents filed in the 2:20-cv-4066 (C.D. Cal.) docket.

these sessions, nor during settlement discussions held in advance of the Court's June 9, 2023 hearing on the class certification and accompanying motions. (ECF No. 205.)

P.    On March 1, 2023, Plaintiffs filed their Motion for Class Certification (ECF No. 135), which Defendant opposed on April 5, 2023. (ECF No. 148.)

Q.    On April 7, 2023, Defendant filed its Motion to Exclude Testimony of Plaintiffs' Expert Witness (ECF No. 149), which Plaintiffs opposed on April 28, 2023. (ECF No. 175.)

R.    On April 14, 2023, Defendant filed its Motion for Partial Judgment on the Pleadings under Fed. R. Civ. P. 12(c) (ECF No. 152), which Plaintiffs opposed on April 28, 2023. (ECF No. 179.)

S.    On April 21, 2023, Plaintiffs filed their Motion to Strike the Expert Report and Testimony of John Hansen (ECF No. 162) and their Motion to Strike the Expert Report and Testimony of Ronald T. Wilcox, Ph.D (ECF No. 166), which Defendant opposed on April 28, 2023. (ECF Nos. 174, 176.)

T.    On June 9, 2023, the Court heard oral argument on the then-pending motions. (ECF No. 202.)

U.    On September 29, 2023, the Court: (i) granted Plaintiffs' motion for class certification, (ii) granted USC's motion for judgment on the pleadings as to the breach of implied-in-fact contract claim based on the impossibility defense, (iii) denied USC's motion to strike Dr. Singer's expert testimony, and (iv) denied Plaintiffs' motions to strike the expert testimony of USC's experts, John L. Hansen and Ronald T. Wilcox, Ph.D. (ECF No. 213.) The Court also appointed Class Counsel as counsel for the certified class. (*Id.*)

V.    Thereafter, notice issued to the certified class in accordance with the Order Approving Parties' Joint Stipulation as to Class Notice. (ECF No. 232.)

W.      On October 13, 2023, Defendant filed a Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) the Court's order granting class certification, which Plaintiffs opposed and, on December 14, 2023, the Ninth Circuit denied. (ECF No. 218.)

X.      On January 19, 2024, the Parties filed cross-motions for summary judgment or partial summary judgment (ECF Nos. 221, 224), with oppositions filed on February 9, 2024. (ECF Nos. 238, 239.)

Y.      On March 31, 2025, the Court issued its order on the Parties' cross-motions for summary judgment, denying Plaintiffs' motion for summary judgment and granting in part and denying in part Defendant's motion for summary judgment. (ECF No. 293.)

Z.      On May 7, 2025, Defendant filed its Motion to Certify an Interlocutory Appeal Pursuant to 28 U.S.C. 1292(b) and Stay Case Pending Appeal (ECF No. 296), which Plaintiffs opposed on May 16, 2025. (ECF No. 298.)

AA.     On August 6, 2020, the Parties attended their third, day-long mediation session, this time with Hon. Suzanne Segal (Ret.) of Signature Resolution.  This session resulted in an agreement in principle to resolve this case consistent with the terms of this Agreement.

BB.     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty that was alleged or could have been alleged in the Action (defined below).  Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Action and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Action.  Defendant believes that it would have prevailed at trial and in any appeal(s).  Nonetheless, taking into account the uncertainty and risks inherent in any litigation and the desire to avoid the expense of further legal fees and costs, Defendant has concluded it is desirable and beneficial that the Action be fully

and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise and the Agreement, any related documents, and any negotiations concerning or resulting in the Agreement shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever. Accordingly, nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

CC.    Plaintiffs believe that the claims asserted in the Action against Defendant have merit and that Plaintiffs would have prevailed at trial and would have prevailed in any appeal. Nonetheless, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail. Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through trial, and any subsequent appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiffs believe it is desirable that the Released Claims (defined below) be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

DD.    The Parties intend this Agreement to bind Plaintiffs, Defendant, and members of the Settlement Class who do not opt out of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and Defendant, by and through their undersigned counsel, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, and for good and valuable consideration of the benefits flowing to the Parties from the Agreement set forth herein, the sufficiency of which is hereby mutually acknowledged, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

**1.    DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1    "Action"** means *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation,* Case No. 2:20-cv-04066-DMG-PVC, pending in the U.S. District Court for the Central District of California.

**1.2    "Alternate Judgment"** means a form of Final Judgment that may be entered by the Court herein but in a form other than the form of judgment provided for in this Agreement and where none of the Parties elects to terminate this Agreement by reason of such variance.

**1.3    "Cash Award"** means the equal cash compensation, payable by the Settlement Administrator from the Settlement Fund, that each Student in the Settlement Class who has not opted out of the Settlement shall be entitled to receive as calculated from the Available Settlement Fund.

1.4    **"Class Counsel"** means Berger Montague PC, Hagens Berman Sobol Shapiro LLP and The Katriel Law Firm, the three firms appointed as Class Counsel by the Court per ECF No. 213.

1.5    **"Class Representatives"** means the named Plaintiffs in this Action, Injune David Choi, Christina Diaz, Chile Mark Aguiniga Gomez, J. Julia Greenberg, Justin Kerendian, and Latisha Watson.

1.6    **"Court"** means the U.S. District Court for the Central District of California, the Honorable Dolly Gee presiding, or any judge who shall succeed Judge Gee as the Judge in this Action.

1.7    **"Defendant"** means the University of Southern California and the Board of Trustees of the University of Southern California.

1.8    **"Defendant's Counsel"** means Susman Godfrey LLP.

1.9    **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.10    **"Election Form"** means the form by which Settlement Class Members shall make their selection identifying whether they elect to receive their Cash Award by check or electronic payment (e.g., Venmo or PayPal).  The Election Form will be available on the Settlement Website, accessible electronically only by use of the Settlement Class Member's PIN described in Paragraph 4.1(a) together with the Settlement Class Member's notice ID and confirmation code (or other information sufficient to provide secure access to the Election Form by Settlement Class Members), and will be substantially in the form of **Exhibit A**, hereto.  A hard copy Election Form may be obtained from the Settlement Administrator. Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date.  In the event a Settlement Class

Member does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.

**1.11** **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement, and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.12** *"Fee & Cost Award"* means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.13** **"Final"** means one (1) business day following the latest of the following events: (i) if any Objections to the Settlement are filed, the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if any Objections to the Settlement are filed and if there is an appeal or are appeals from the Party or parties that filed an Objection, the date of resolution in a manner that finally affirms and leaves in place a Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); (iii) if any Objections to the Settlement are filed and if there is an appeal or are appeals from the parties that filed an Objection, the date of final dismissal of any appeal or the final dismissal of

any proceeding on certiorari; or (iv) if there are no Objections filed before the Court enters Final Judgment, one Court day following entry of the Final Judgment.

1.14    **"Final Approval Hearing"** means the hearing where the Court will consider whether to enter Final Judgment approving the Settlement Agreement, the Fee & Cost Award, and a Service Award to the Class Representatives.

1.15    **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

1.16    **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be made to Students who may be members of the Settlement Class substantially in the manner set forth in this Agreement as described in Paragraphs 4.1 and 4.2 below, which is approved by the Court and consistent with the requirements of Due Process and Fed. R. Civ. P. 23, and is substantially in the form of **Exhibits B and C** hereto.

1.17    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than sixty-three (63) days after Preliminary Approval.

1.18    **"Objection/Opt-Out Deadline"** means the date by which a written objection to this Settlement Agreement or a request to opt out of this Agreement (i.e., to exclude oneself from the terms of this Agreement) submitted by a Student in the Settlement Class must be made, which shall be designated as a date stated in the Notice and no earlier than sixty (60) days after the Notice Date, or such other date as ordered by the Court. Class Counsel shall file papers supporting the Fee & Cost Award with the Court and post such papers to the Settlement Website listed in Paragraph 4.1(d) no later than fourteen (14) days before the Objection/Opt-Out Deadline.

1.19    **"Person"** means, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or

agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.  "**Person**" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.20    "**Plaintiffs**" means Injune David Choi, Christina Diaz, Chile Mark Aguiniga Gomez, J. Julia Greenberg, Justin Kerendian, and Latisha Watson, and the Settlement Class Members.

1.21    "**Plaintiffs' Counsel**" means any and all Counsel for Plaintiffs in this action, other than Class Counsel, namely The Kalfayan Law Firm, APC, Lynch Carpenter LLP, Law Offices of Jennifer Duffy, Parris Law Firm, and Shegerian & Associates, Inc.

1.22    "**Preliminary Approval**" means the Court's preliminary approval of this Settlement Agreement and of the form and manner of the Notice.

1.23    "**Preliminary Approval Order**" means the Court order preliminarily approving the Settlement Agreement and directing notice thereof to Students who may be in the Settlement Class.  A proposed order will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for Preliminary Approval of the Agreement.

1.24    "**Released Claims**" means any and all actual or potential causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form or nature, including but not limited to, all claims relating to or arising out of any state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or Unknown Claims, asserted or unasserted, arising out of or in any way allegedly related to the claims in this Action for tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member in connection with the Spring 2020 academic term, including but not limited to all claims of every nature and description whatsoever, as to all Defendant campuses, schools, programs, activities, or other offerings or services and the actual or

alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, or failures to act that were brought or could have been brought in the Action.

1.25  **"Released Parties"** means the University of Southern California, the Board of Trustees of University of Southern California, as well as any and all of the Defendant's current, former, and future predecessors, successors, affiliates, assigns, divisions, or related corporate entities, and all of their respective current, future, and former employees, staff, officers, directors, assigns, agents, trustees, administrators, executors, insurers, reinsurers, and attorneys (whether in their official or individual capacities).  Each of the Released Parties is a "**Released Party**."

1.26  **"Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, parents, family members, lenders, funders, payors (*i.e.*, any Person who paid or incurred tuition and/or fees by or on behalf of any Plaintiffs or Settlement Class Member in connection with the Spring 2020 academic term), estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations, and any other representative of any of those Persons and entities.

1.27  **"Service Award"** means the payment the Court may award the Plaintiffs for service as Class Representatives, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as a Settlement Class Member.  The Service Award shall be paid out of the Settlement Fund.

**1.28** **"Settlement"** means the Parties' agreement as set forth herein (including monetary terms and release of claims and parties) that is subject to the Court's approval.

**1.29** **"Settlement Administrator"** means Angeion Group or such other reputable administration company that has been selected jointly by the Parties and approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as escrow agent for the Settlement Fund, overseeing the distribution and publication of Notice, handing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.  Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose to Class Counsel, Defendant's Counsel, and the Settlement Administrator all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein, consistent with the written consent provisions of the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

**1.30** **"Settlement Administration Expenses"** means all fees charged by the Settlement Administrator and expenses incurred by the Settlement Administrator in connection with its administration of this Settlement, including but not limited to fees and expenses incurred in providing Notice, responding to inquiries from members of the Settlement Class, ascertaining amounts of and paying Cash Awards from the Settlement Fund, handling any unclaimed funds, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

**1.31** **"Settlement Class"** means all Students who paid or were obligated to pay tuition, fees, or other costs to USC for the Spring 2020 academic term.    Excluded from the Settlement Class are (i) all Students who enrolled in USC's education programs that, prior to March 10, 2020, were offered exclusively online, (ii) Defendant, any entity in which the Defendant has a controlling interest, and Defendant's legal representatives, predecessors, successors, assigns, and non-student employees, (iii) the Court, its employees, and (iv) any Student who previously elected to opt out of the class following the Court's September 29, 2023, order certifying the class in this case.

**1.32** **"Settlement Class Member"** means a Student who falls within the definition of the Settlement Class as set forth above and who has not chosen to opt out of the Agreement.

**1.33** **"Settlement Fund"** means the non-reversionary fund that shall be established by or on behalf of Defendant in the total amount of ten million dollars ($10,000,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon.    From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any Service Award to the Class Representatives, any Fee & Cost Award to Class Counsel, and any other costs, fees or expenses approved by the Court.  The "**Available Settlement Fund**" is the amount remaining in the Settlement Fund after payment of any Fee & Cost Award to Class Counsel, Settlement Administration Expenses (including an allowance for anticipated fees and expenses to be incurred after issuance of Cash Awards), any Service Award to the Class Representatives, and any other costs, fees or expenses approved by the Court.  The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made.  The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes

that may be due on such earnings.  The ten million dollars ($10,000,000.00 USD) paid by USC into the Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement.  The payment of the ten million dollars ($10,000,000.00 USD) into the Settlement Fund by USC fully discharges Defendant and the other Released Parties' monetary obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Class Member, or any other Person, under this Agreement.  In no event shall Defendant's total monetary obligation with respect to this Agreement exceed ten million dollars ($10,000,000.00 USD), and in no event shall the Settlement Fund or any portion thereof revert to Defendant (except that a portion of unclaimed funds may be deposited into a student assistance fund as provided for and in accordance with Paragraph 2.5).

**1.34** **"Settlement Website"** means the website the Settlement Administrator will establish for the purposes set forth in Paragraph 4.1(d).

**1.35** **"Spring 2020"** means USC's academic term that ran from approximately January 13, 2020 to approximately May 14, 2020.

**1.36** **"Student"** means any Person who was enrolled in and paid for USC's in-person based educational programs, services, and courses for the Spring 2020 academic term.

**1.37** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

2.    **SETTLEMENT RELIEF.**

2.1    **Payments to Students in the Settlement Class.**

(a)    Within thirty (30) days after the Effective Date, USC shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($10,000,000.00), specified in Paragraph 1.33 of this Agreement, less any amounts previously invoiced and paid by USC to the Settlement Administrator for its work in accordance with Paragraphs 4 and 5.

(b)    Each Settlement Class Member will receive a Cash Award from the Available Settlement Fund.  A Student is not required to submit a claim form or an Election Form in order to receive a Cash Award.  All Cash Awards will be of equal amounts.  The amount of the Cash Award will be calculated by dividing the Available Settlement Fund by the number of Settlement Class Members as of the Effective Date, as determined by the Settlement Administrator based on the Potential Settlement Class List (defined below) provided by USC.

**2.2    Payments of Cash Awards to Settlement Class Members.**  The Notice will give Students within the Settlement Class the ability to choose via the Election Form whether to receive a Cash Award by check or electronic payment.  Settlement Class Members choosing to submit an Election Form must do so no later than sixty (60) days after the Notice Date.  In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.

**2.3**    Election Forms must be timely submitted.  Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date to be considered.

**2.4**    Payments of the Cash Award to Settlement Class Members shall be made by the Settlement Administrator within sixty (60) days after the Effective Date.

**2.5**    All Cash Awards issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within one hundred eighty (180) days after the date of its issuance.  To the extent that a check issued to a Settlement Class Member is returned to the Settlement Administrator as undeliverable or not cashed within one hundred eighty (180) days after the date of issuance, or to the extent there are any remaining funds in the Settlement Fund after distribution of all Cash Awards and Settlement Administration Expenses, such funds shall be paid by the Settlement Administrator within sixty (60) days after the one hundred eighty (180) day period has expired, to the USC Student Basic Needs Fund.  Amounts deposited in this fund will not otherwise reduce or offset any financial assistance USC plans to offer students.

**3.    RELEASE.**

**3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims as against all Released Parties.

**3.2**    Upon the Effective Date, the Releasing Parties shall each be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against each of the Released Parties.

**4.    NOTICE TO THE CLASS.**

**4.1**    The Notice Plan shall consist of the following:

**(a)**    *Potential Settlement Class List*.  No later than twenty-eight (28) days from entry of the Preliminary Approval Order, USC shall use reasonable efforts to produce an updated electronic list from its records that includes the names, last known postal addresses, email addresses, and Defendant student identification numbers belonging to Students to the extent available.  Such electronic record shall be called the "**Potential Settlement Class List**," and shall be provided to the Settlement Administrator for the purposes of giving Notice to the Students, verifying whether a Student can qualify as a member of the Settlement Class, and calculating the Cash Awards to Settlement Class Members, and shall not be used for any other purpose.  For purposes of identifying and communicating with individual Students, the Settlement Administrator shall assign each Student on the Potential Settlement Class List a personal identification number ("**PIN**"). Counsel for the Parties will coordinate in good faith to provide Notice, in compliance with FERPA, to any Student on the Potential Settlement Class List who has elected not to disclose his contact information.

**(b)**    *Direct Notice via Email*.  No later than fifty-six (56) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as **Exhibit B** to all Students on the Potential Settlement Class List for whom a valid email address is included in the Potential Settlement Class List.  In the event the Settlement Administrator becomes aware that the transmission of any email Notice has failed to reach the intended recipient, the Settlement Administrator shall attempt to correct any

issues that may have caused the email transmission to fail and make a second attempt to transmit Notice via email.

       **(c)**    *Direct Notice via U.S. Mail*.  No later than the sixty-three (63) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice substantially in the form attached as **Exhibit C** via First Class U.S. Mail to all Students on the Potential Settlement Class List for whom a valid email address is not included in the Potential Settlement Class List or for whom the Settlement Administrator becomes aware that the transmission of email Notice has failed to reach the intended recipient twice.

       **(d)**    *Settlement Website*.  Within fourteen (14) days from entry of the Preliminary Approval Order, Settlement Administrator shall provide Notice on the already-obtained URL https://www.uscremotelearninglawsuit.com/, which shall be administered and maintained by the Settlement Administrator and which shall provide the Settlement Class the ability to submit Election Forms and to update mailing addresses.  Copies of this Agreement, the Email ("long-form") Notice, the operative complaint, the motions for preliminary and final approval and other pertinent documents, Court filings, and orders pertaining to the Agreement (including the motion for attorneys' Fee & Cost Award upon its filing), shall be provided on the Settlement Website.  The Notice provided on the Settlement Website shall be substantially in the form of **Exhibit C** attached hereto.

       **(e)**    *Additional Notice*. If the Notice Plan described in Paragraphs 4.1(b) and 4.1(c) does not reach at least 65% of the Settlement Class, or is not approved by the Court as complying with all Due Process requirements, the Parties, in conjunction with the Settlement Administrator, shall develop and seek approval by the Court of such additional Notice as is necessary to either reach at least 65% of the Settlement Class or satisfy the Court that all Due

Process requirements are satisfied. Such additional Notice, if necessary, shall be funded from the Settlement Fund with no additional financial contribution by Defendant.

(f)     *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after entry of the Preliminary Approval Order, the Settlement Administrator, on behalf of Defendant, shall cause to be served upon the Attorneys General of each U.S. State or territory in which, based on a preliminary Class List, Settlement Class members reside, and the Attorney General of the United States, notice of the proposed settlement as required by law.

(g)     *Payment of Notice Costs.* No later than thirty (30) days after the entry of Preliminary Approval Order, USC shall deposit into escrow $50,000 in costs invoiced by the Settlement Administrator to cover the costs of Notice. That amount shall be paid to the Settlement Administrator as payment for the Notice printing and dissemination tasks and shall be non-refundable.

4.2     The Notice shall advise the Settlement Class of their rights, including the right to opt out of and/or object to the Agreement or any of its terms.  The Notice shall specify that any objection to the Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if the Student making the objection files his notice on or before the Objection/Opt-Out Deadline approved by the Court and specified in the Notice, and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Student represented by counsel, files any objection through the Court's electronic filing system, and (b) sends copies of such papers by mail, hand, or overnight delivery service (or by operation of the Court's electronic filings system) to Class Counsel and Defendant's Counsel.

4.3     Any Settlement Class Member who intends to object to this Agreement must file the objection with the Court, which must be personally signed by the objector, and must include:

(i) the objector's name and address; (ii) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (iii) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (iv) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "**Objecting Attorneys**"); and (v) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). Settlement Class Members who file objections are still entitled to receive benefits under the Settlement and are bound by the Settlement if it is approved.

4.4    If a Settlement Class Member or any of the Objecting Attorneys has objected to any other class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

4.5    A Student in the Settlement Class may request to opt out of the Agreement and, therefore, of the Settlement Class by sending a written request postmarked to the Settlement Administrator on or before the Objection/Opt-Out Deadline approved by the Court and specified in the Notice. To exercise the right to opt out, a Student in the Settlement Class must timely send a written request to opt out to the Settlement Administrator providing his/her name and address, a signature, the name and number of the Action (*In re University of Southern California Tuition and Fees COVID-19 Refund Litigation*, Case No. 2:20-cv-04066-DMG-PVC in the U.S. District Court for the Central District of California), and a statement that the Student wishes to opt out of (*i.e.*, be excluded from) the Settlement Class. To be valid, a request to opt out must be postmarked or received by the date specified in the Notice. A request to opt out that does not meet all of these

requirements, or does not contain the foregoing required information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Students serving such an invalid opt out request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by this Agreement, if approved. Any Student who validly elects to opt out from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request to opt out must be personally signed by each Student requesting to opt out. So-called "mass" or "class" requests to opt out shall not be allowed. A Student is not entitled to submit both a request to opt out and an objection. If a Student submits both a request to opt out and an objection, the Settlement Administrator will send a letter (and email if an email address is available) that explains that the Student may not make both a request to opt out and an objection and that asks the Student to make a final decision whether to opt out from the Settlement Class or to object to the Agreement and to inform the Settlement Administrator of that decision within ten (10) days from the date of the postmark on the letter from the Settlement Administrator. If the Student does not respond to that communication by letter postmarked or email sent within ten (10) days after the Settlement Administrator's letter was postmarked (or by the Objection/Opt-Out Deadline, whichever is later), the Student will be deemed to have chosen to opt out from the Settlement Class, and the Student's objection will not be considered, subject to the Court's discretion. A list of Students who have validly opted out shall be provided to and approved by the Court in connection with the motion for final approval of the Agreement.

     **4.6**    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice Date.

**4.7**      Any Student who does not, in accordance with the terms and conditions of this Agreement, opt out from the Settlement Class will become a Settlement Class Member and will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing or maintaining any action of any kind whatsoever in any forum anywhere against any of the Released Parties concerning the Released Claims as set forth in Paragraphs 3.1-3.2.

**4.8**      All Notice costs incurred by the Settlement Administrator in performing its duties under this section shall be paid from the Settlement Fund.

**5.      SETTLEMENT ADMINISTRATION.**

**5.1**      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide such reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members.  Without limiting the foregoing, the Settlement Administrator shall:

            **(a)**      Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to notices to attorneys general, class

notices or communications with the Settlement Class or with Settlement Class Members, telephone scripts, website postings or language or other communications with the Settlement Class or Settlement Class Members, at least seven (7) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on a case by case basis; and

       **(b)**    Receive objections and requests to opt out from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any objections, opt out forms, or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

    **5.2**    In the exercise of its duties as outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from Class Counsel or any actual or purported Settlement Class Member.

    **5.3**    Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

**5.4**    The Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1 and that the Settlement Administrator, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund, without further order of the Court. In addition, Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. Defendant, other Released Parties, and Defendant's Counsel shall have no liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Fund.

**5.5**    All settlement administration costs incurred by the Settlement Administrator in performing its duties under this section shall be paid from the Settlement Fund.

## 6.    TERMINATION OF AGREEMENT.

**6.1**    Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("**Termination Notice**") to all other Parties hereto within twenty-one (21) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by any appellate court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 1.2 of this Agreement is modified or reversed in any material

respect by any appellate court.

      **6.2**    In the event that more than 5% of the Settlement Class exercise the right to opt out of the Agreement, Defendant will have the right to declare the Agreement void in its entirety upon notice to Class Counsel within ten (10) days of the Settlement Administrator providing a report showing that more than 5% of Settlement Class has opted out of the Agreement.

      **6.3**    Should the Agreement terminate, the Settlement Fund, minus any notice or administration expenses already paid or incurred, will be returned to Defendant.

**7.**    **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

      **7.1**    Within fourteen (14) days after the execution of this Settlement Agreement, or as otherwise ordered by the Court, Class Counsel shall submit this Agreement together with its exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, which shall, among other things, preliminarily approve the terms of the Agreement as being within the range of fair, adequate, and reasonable; appoint Settlement Class Counsel, the Settlement Class Representatives, and the Settlement Administrator; approve the Notice for dissemination substantially in the form of **Exhibits B and C** hereto; and enter a Preliminary Approval Order, which shall set a Final Approval Hearing date.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of this Agreement and do not limit or impair the rights of the Settlement Class or expand the obligations of Defendant.

      **7.2**    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**     After Notice is given, Plaintiffs shall seek, and Defendant will not oppose, a request to obtain from the Court a Final Judgment, which will (among other things):

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Agreement, including all exhibits thereto;

(b)     approve this Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare this Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c)     find that the Notice implemented pursuant to the Agreement (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the Agreement, the Settlement Class's right to object to or opt out of the proposed Agreement, and the Settlement Class's right to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive Notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)     find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing this Agreement;

(e)     dismiss the Action (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement;

**(f)**    incorporate the Release set forth above, make the Release effective and forever binding as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

**(g)**    permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit, arbitration, mediation, or other action in any jurisdiction anywhere that is based in whole or in part on the Released Claims;

**(h)**    without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and the Final Judgment, and for any other necessary purpose; and

**(i)**    incorporate any other provisions not materially inconsistent with this Agreement, as the Court deems necessary and just.

8.    **CLASS AND PLAINTIFFS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARDS.**

**8.1**    The amount of the Fee & Cost Award shall be determined by the Court based on petition from Class Counsel and Plaintiffs' Counsel. Class Counsel and Plaintiffs' Counsel agree, with no consideration from Defendant, to limit their request for attorneys' fees to no more than thirty-three and one third percent (33.33%) of the Settlement Fund (*i.e.*, $3,333,000.00), plus actual costs and/or expenses. Payment of the Fee & Cost Award shall be made from the Settlement Fund, and, should the Court award less than the amount(s) sought by Class Counsel and Plaintiffs' Counsel, the difference in the amount(s) sought and the amount(s) ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. The Parties agree that any award of attorneys' fees, costs, or expenses are committed to the sole discretion of the Court within the limitations set forth in this Paragraph. If the Court chooses, in its sole discretion, to award attorneys' fees and costs and/or a Service Award in any amount(s) lower than the amount(s) sought in the petition to

be filed by Class Counsel, this Agreement shall remain fully enforceable and in force. Class Counsel shall file any petition for attorneys' fees, costs and expenses and Class Representative Service Awards no later than fourteen (14) days before the Objection/Opt-Out Deadline, and a copy of the petition shall be posted on the Settlement Website.

       **8.2**     If approved by the Court, the Fee & Cost Award shall be payable by the Settlement Administrator within forty-five (45) days after the Effective Date.  Payment of the Fee & Cost Award shall be made from the Settlement Fund by wire transfer to Class Counsel and/or Plaintiffs' Counsel, in accordance with wire instructions to be provided by Class Counsel and/or Plaintiffs' Counsel, and completion of necessary forms, including but not limited to completed W-9 forms. Upon payment of the Fee & Cost Award, if and as awarded by the Court in its discretion, Class Counsel and Plaintiffs' Counsel shall release and forever discharge the Released Parties from any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees, costs or expenses incurred in the Action.  Class Counsel and Plaintiffs' Counsel agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on the sums paid to them pursuant to this Paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

       **8.3**     The Class Representatives shall request to be paid a Service Award in an amount no greater than ten thousand dollars ($10,000.00) each from the Settlement Fund, in addition to any recovery pursuant to this Agreement, in recognition of their efforts on behalf of the Settlement Class, subject to Court approval. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.  Any Service Award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent directly or in care of Class Counsel), within forty-

five (45) days after the Effective Date.  If the Court chooses, in its sole discretion, to make awards to the Class Representatives that are lower than the amount sought in the motion to be filed by Class Counsel, or if the Court chooses to make no such award, this Agreement shall remain fully enforceable and in force.  In order to receive such payment, Class Representatives must provide, sufficiently in advance of the deadline for the Settlement Administrator to process such payment, a completed W-9 form and such other documentation as may reasonably be required by the Settlement Administrator.  The Class Representatives agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on any sums paid to them pursuant to this Paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(a)    The Parties, Defendant's Counsel, Class Counsel, and Plaintiffs' Counsel, have executed this Agreement;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)    The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with the terms of the Agreement, then this Agreement shall be canceled and terminated subject to Paragraph 6 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that such other Party is in substantial compliance with the terms of this Agreement, may terminate this Agreement upon written notice to all of the Parties, except that any attempted termination of this Agreement after the Preliminary Approval Order is entered will not take effect without an order of the Court, and that this Agreement may not be terminated after Final Judgment is entered without an order of the Court vacating the Final Judgment or an order of any appellate court reversing or vacating the Final Judgment.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the Fee & Cost Award and/or the Service Award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1-6.2 or 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be vacated by the Court, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.

**10.     MISCELLANEOUS PROVISIONS.**

**10.1**     The Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree, subject to their fiduciary and other legal and ethical obligations, to cooperate to the

extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals.  Class Counsel, Plaintiffs' Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class, on the one hand, against the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant in bad faith or without a reasonable basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered, or received in any civil, criminal, or administrative proceeding in any court, administrative agency, arbitral proceeding, or

other tribunal against any Released Party as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the Settlement Fund or the Fee & Cost Award (except in connection with seeking approval of the settlement in the Action), or of any alleged wrongdoing, liability, negligence, or fault of any Released Party. Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, and as set forth above, considers it desirable to resolve the Action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement is in Defendant's best interests;

**(b)** is, may be deemed, or shall be used, offered, or received against any Released Party, as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party;

**(c)** is, may be deemed, or shall be used, offered, or received against any Released Party as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Party, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Released Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, or any Released Party, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

(e)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, or any Releasing Party that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    No Person shall have any claim against the Parties, Class Representatives, Class Counsel, Defense Counsel, the Settlement Administrator, any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

10.6    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.8**    All of the exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.9**    This Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein.  This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.10**    Except as otherwise provided herein, each Party shall bear its own costs.

**10.11**    Plaintiffs represent and warrant that they each have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they each are fully entitled to release the same.

**10.12**    Each counsel or other Person executing this Agreement, any of its exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.13**    This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.14**    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.15**    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.  As part of the agreement to render services in connection with this Agreement, the Settlement Administrator consents to the jurisdiction of the Court for this purpose.  The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction.  Any disputes between the Parties concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court for resolution.

**10.16**    This Agreement shall be governed by and construed in accordance with the substantive laws of the State of California without giving effect to the State of California's conflict of laws provisions.

**10.17**    This Agreement is deemed to have been prepared by counsel for all Parties and as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.18**    Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

    1.   E. Michelle Drake, Berger Montague, P.C., 43 SE Main Street, Suite 505, Minneapolis, MN 55414;

    2.   Roy A. Katriel, The Katriel Law Firm, P.C., 2262 Carmel Valley Road, Suite 201, Del Mar, CA 92014;

3. Daniel J. Kurowski, Hagens Berman Sobol Shapiro LLP, 455 N. Cityfront Plaza Dr., Suite 2410, Chicago, IL 60611;

4. Stephen Morrissey, Susman Godfrey LLP, 401 Union St., Suite 3000, Seattle, WA 98101.

10.19    To the extent permitted by ethics rules, the Parties and their counsel and any other Person involved in this Agreement shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement.  This paragraph shall not be construed to limit or impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendant's Counsel from notifying or explaining that the Action has settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Agreement, Preliminary Approval, Final Approval, and any objection to the Agreement's terms.  Defendant may also provide information about the Agreement to its attorneys, employees, accountants, members, partners, insurers, brokers, agents, regulators, and other Persons as required by applicable laws and regulations.  This paragraph shall not be construed to limit the rights of the Parties or the Released Parties to enforce this Agreement in Court.  This paragraph shall not be construed to limit the rights of the Parties or the Released Parties to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim as permitted by Paragraphs 10.4(c) and 10.15.

10.20    All Persons involved in the Agreement and settlement will be required to keep confidential any personal identifying information of Students and Class Members and any otherwise nonpublic financial information of Defendant.

10.21    Any documents or nonpublic information provided by Defendant to Class Counsel, Plaintiffs, or Plaintiffs' Counsel must be destroyed within twenty-eight (28) days of the Settlement

Administrator completing the issuance of all Cash Awards, except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings.

    **10.22**    Defendant may communicate with the Settlement Class in the ordinary course of its operations.  Defendant will refer inquiries from the Settlement Class regarding this Agreement and administration of the settlement to the Settlement Administrator or Class Counsel.

    **10.23**    As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: 9/3/2025

**INJUNE DAVID CHOI**

By: Injune David Choi
Plaintiff, individually and as representative of the Settlement Class

Dated: _____

**CHRISTINA DIAZ**

By:_____
Plaintiff, individually and as representative of the Settlement Class

Dated: _____

**CHILE MARK AGUINIGA GOMEZ**

By:_____
Plaintiff, individually and as representative of the Settlement Class

Dated: _____

**J. JULIA GREENBERG**

By:_____
Plaintiff, individually and as representative of the Settlement Class

Dated: _____

**JUSTIN KERENDIAN**

By:_____

37

Administrator completing the issuance of all Cash Awards, except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings.

      **10.22**    Defendant may communicate with the Settlement Class in the ordinary course of its operations.  Defendant will refer inquiries from the Settlement Class regarding this Agreement and administration of the settlement to the Settlement Administrator or Class Counsel.

      **10.23**    As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____

                        **INJUNE DAVID CHOI**

                        By:_____
                        Plaintiff, individually and as representative of the Settlement Class

Dated: _09/03/2025_

                        **CHRISTINA DIAZ**

                        By:_____
                        Plaintiff, individually and as representative of the Settlement Class

Dated: _____

                        **CHILE MARK AGUINIGA GOMEZ**

                        By:_____
                        Plaintiff, individually and as representative of the Settlement Class

Dated: _____

                        **J. JULIA GREENBERG**

                        By:_____
                        Plaintiff, individually and as representative of the Settlement Class

Dated: _____

                        **JUSTIN KERENDIAN**

                        By:_____

Administrator completing the issuance of all Cash Awards, except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings.

      **10.22**    Defendant may communicate with the Settlement Class in the ordinary course of its operations.  Defendant will refer inquiries from the Settlement Class regarding this Agreement and administration of the settlement to the Settlement Administrator or Class Counsel.

      **10.23**   As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **INJUNE DAVID CHOI**

By:_____
Plaintiff, individually and as representative of the
Settlement Class

Dated: _____          **CHRISTINA DIAZ**

By:_____
Plaintiff, individually and as representative of the
Settlement Class

Dated: 09/04/2025 _____          **CHILE MARK AGUINIGA GOMEZ**

*Chile Gomez*
Chile Gomez (Sep 4, 2025 15:07:46 PDT)
By:_____
Plaintiff, individually and as representative of the
Settlement Class

Dated: _____          **J. JULIA GREENBERG**

By:_____
Plaintiff, individually and as representative of the
Settlement Class

Dated: _____          **JUSTIN KERENDIAN**

By:_____

37

Administrator completing the issuance of all Cash Awards, except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings.

    **10.22**   Defendant may communicate with the Settlement Class in the ordinary course of its operations.  Defendant will refer inquiries from the Settlement Class regarding this Agreement and administration of the settlement to the Settlement Administrator or Class Counsel.

    **10.23**   As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____      **INJUNE DAVID CHOI**

     By:_____

     Plaintiff, individually and as representative of the Settlement Class

Dated: _____      **CHRISTINA DIAZ**

     By:_____

     Plaintiff, individually and as representative of the Settlement Class

Dated: _____      **CHILE MARK AGUINIGA GOMEZ**

     By:_____

     Plaintiff, individually and as representative of the Settlement Class

Dated: 09 / 03 / 2025      **J. JULIA GREENBERG**

     By:_*J Julia Greenberg*_____

     Plaintiff, individually and as representative of the Settlement Class

Dated: _____      **JUSTIN KERENDIAN**

     By:_____

37

Docusign Envelope ID: 5E89272B-2016-42A4-A938-9C84DB36560A

Administrator completing the issuance of all Cash Awards, except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings.

    **10.22**    Defendant may communicate with the Settlement Class in the ordinary course of its operations.  Defendant will refer inquiries from the Settlement Class regarding this Agreement and administration of the settlement to the Settlement Administrator or Class Counsel.

    **10.23**    As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **INJUNE DAVID CHOI**

                                By:_____
                                Plaintiff, individually and as representative of the
                                Settlement Class

Dated: _____          **CHRISTINA DIAZ**

                                By:_____
                                Plaintiff, individually and as representative of the
                                Settlement Class

Dated: _____          **CHILE MARK AGUINIGA GOMEZ**

                                By:_____
                                Plaintiff, individually and as representative of the
                                Settlement Class

Dated: _____          **J. JULIA GREENBERG**

                                By:_____
                                Plaintiff, individually and as representative of the
                                Settlement Class

Dated: _9/3/2025_____          **JUSTIN KERENDIAN**

                                By:_____

37

Plaintiff, individually and as representative of the Settlement Class

Dated: 9/5/2025                          **LATISHA WATSON**

By: _Latisha Watson_____
9E76EEE97C7G4A6...
Plaintiff, individually and as representative of the Settlement Class

Dated: _____          **UNIVERSITY OF SOUTHERN CALIFORNIA**

By: _____

Name: _____

Title: _____

Dated: _____          **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA**

By: _____

Name: _____

Title: _____

**AGREED AS TO ALL OBLIGATIONS OF CLASS COUNSEL:**

Dated: 9/5/2025                          **BERGER MONTAGUE PC**

By: _____
E. Michelle Drake
Ariana Kiener
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bergermontague.com
akiener@bergermontague.com

Dated: _____          **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: _____
Daniel J. Kurowski
Whitney K. Siehl
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410

38

Plaintiff, individually and as representative of the Settlement Class

Dated: _____     **LATISHA WATSON**

By:_____
Plaintiff, individually and as representative of the Settlement Class

Dated: _September 05, 2025_     **UNIVERSITY OF SOUTHERN CALIFORNIA**

By:_____

Name: _Andrew Guzman_

Title: _Provost and Senior Vice President for Academic Affairs_

Dated: _____     **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA**

By:_____

Name: _____

Title: _____


**AGREED AS TO ALL OBLIGATIONS OF CLASS COUNSEL:**

Dated: _____     **BERGER MONTAGUE PC**

By: _____
E. Michelle Drake
Ariana Kiener
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bergermontague.com
akiener@bergermontague.com

Dated: _____     **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: _____
Daniel J. Kurowski
Whitney K. Siehl
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410

38

Plaintiff, individually and as representative of the Settlement Class

Dated: _____          **LATISHA WATSON**

By:_____
Plaintiff, individually and as representative of the Settlement Class

Dated: _____          **UNIVERSITY OF SOUTHERN CALIFORNIA**

By:_____

Name: _____

Title: _____

Dated: 4. SEPTEMBER.        **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF**
2025                        **SOUTHERN CALIFORNIA**

By:_____

Name: __Suzanne Nora Johnson__

Title: __Chair__

## AGREED AS TO ALL OBLIGATIONS OF CLASS COUNSEL:

Dated: _____          **BERGER MONTAGUE PC**

By: _____
E. Michelle Drake
Ariana Kiener
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bergermontague.com
akiener@bergermontague.com

Dated: _____          **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: _____
Daniel J. Kurowski
Whitney K. Siehl
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410

38

Plaintiff, individually and as representative of the
Settlement Class

Dated: _____     **LATISHA WATSON**

By:_____
Plaintiff, individually and as representative of the
Settlement Class

Dated: _____     **UNIVERSITY OF SOUTHERN CALIFORNIA**

By:_____

Name: _____

Title: _____

Dated: _____     **THE BOARD OF TRUSTEES OF THE UNIVERSITY OF
SOUTHERN CALIFORNIA**

By:_____

Name: _____

Title: _____

**AGREED AS TO ALL OBLIGATIONS OF CLASS COUNSEL:**

Dated: _____     **BERGER MONTAGUE PC**

By: _____
E. Michelle Drake
Ariana Kiener
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bergermontague.com
akiener@bergermontague.com

Dated: _9/4/2025____     **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: _____
Daniel J. Kurowski
Whitney K. Siehl
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410

38

Chicago, IL 60611
Tel: (708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
steve@hbsslaw.com

Christopher R. Pitoun (SBN 290235)
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Tel: (213) 330-7150
Fax: (213) 330-7152
christopherp@hbsslaw.com

Dated:  09/03/2025                THE KATRIEL LAW FIRM, P.C.

By: _____
Roy A. Katriel, Esq. (SBN 265463)
2262 Carmel Valley Road, Suite 201
Del Mar, CA 92014
Tel: (619) 363-3333
rak@katriellaw.com

**AGREED AS TO ALL OBLIGATIONS OF PLAINTIFFS' COUNSEL:**

Dated:  09/03/2025                THE KALFAYAN LAW FIRM, APC

By: _Ralph Kalfayan_
Ralph B. Kalfayan (SBN 133464)
2262 Carmel Valley Road, Suite 200
Del Mar, CA 92014
Tel: (619) 232-0331
ralph@rbk-law.com

Dated: _____          LYNCH CARPENTER LLP

By: _____
(Eddie) Jae K. Kim (SBN 236805)
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel: (619) 762-1910
ekim@lcllp.com

39

Chicago, IL 60611
Tel: (708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
steve@hbsslaw.com

Christopher R. Pitoun (SBN 290235)
301 North Lake Avenue, Suite 203
Pasadena, CA 91101
Tel: (213) 330-7150
Fax: (213) 330-7152
christopherp@hbsslaw.com

Dated: _____        THE KATRIEL LAW FIRM, P.C.


                              By: _____
                              Roy A. Katriel, Esq. (SBN 265463)
                              2262 Carmel Valley Road, Suite 201
                              Del Mar, CA 92014
                              Tel: (619) 363-3333
                              rak@katriellaw.com


**AGREED AS TO ALL OBLIGATIONS OF PLAINTIFFS' COUNSEL:**


Dated: _____        THE KALFAYAN LAW FIRM, APC


                              By: _____
                              Ralph B. Kalfayan (SBN 133464)
                              2262 Carmel Valley Road, Suite 200
                              Del Mar, CA 92014
                              Tel: (619) 232-0331
                              ralph@rbk-law.com


Dated: September 3, 2025       LYNCH CARPENTER LLP


                              By: /s/ (Eddie) Jae K. Kim
                              (Eddie) Jae K. Kim (SBN 256805)
                              117 East Colorado Blvd., Suite 600
                              Pasadena, CA 91105
                              Tel: (619) 762-1910
                              ekim@lcllp.com

Gary F. Lynch (*pro hac vice*)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
gynch@lcllp.com

Dated: 09 / 03 / 2025

**LAW OFFICES OF JENNIFER DUFFY**

By: _____
Jennifer Duffy
28649 S. Western Avenue, Suite 6571
Los Angeles, CA 90734
Tel: (310) 714-9779
Email: jennifer@usclassactions.com

Dated: _____

**PARRIS LAW FIRM**

By: _____
R. Rex Parris (SBN 96567)
Alexander R. Wheeler (SBN 239541)
Kitty K. Szeto (SBN 258136)
John M. Bickford (SBN 280929)
Ryan A. Crist (SBN 316653)
43364 10th Street West
Lancaster, CA 93534
Tel: (661) 949-2595
rrparris@parrislawyers.com
kszeto@parrislawyers.com
awheeler@parrislawyers.com
jbickford@parrislawyers.com
rcrist@parrislawyers.com

Dated: _____

**SHEGERIAN & ASSOCIATES, INC.**

By: _____
Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
145 South Spring Street, Suite 400
Los Angeles, CA 90012
Tel: (310) 860-0770
Fax: (310) 860-0771
CShegerian@Shegerianlaw.com
ANguyen@Shegerianlaw.com

Doc ID: d15f6b350dedc1131d8c6b5e846a868756f2a6df

Gary F. Lynch (*pro hac vice*)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
gynch@lcllp.com

Dated: _____   **LAW OFFICES OF JENNIFER DUFFY**

By: _____
Jennifer Duffy
28649 S. Western Avenue, Suite 6571
Los Angeles, CA 90734
Tel: (310) 714-9779
Email: jennifer@usclassactions.com

Dated: 9/3/2025   **PARRIS LAW FIRM**

By: _____
R. Rex Parris (SBN 96567)
Alexander R. Wheeler (SBN 239541)
Kitty K. Szeto (SBN 258136)
John M. Bickford (SBN 280929)
Ryan A. Crist (SBN 316653)
43364 10th Street West
Lancaster, CA 93534
Tel: (661) 949-2595
rrparris@parrislawyers.com
kszeto@parrislawyers.com
awheeler@parrislawyers.com
jbickford@parrislawyers.com
rcrist@parrislawyers.com

Dated: _____   **SHEGERIAN & ASSOCIATES, INC.**

By: _____
Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
145 South Spring Street, Suite 400
Los Angeles, CA 90012
Tel: (310) 860-0770
Fax: (310) 860-0771
CShegerian@Shegerianlaw.com
ANguyen@Shegerianlaw.com

Gary F. Lynch (*pro hac vice*)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
gynch@lcllp.com

Dated: _____          **LAW OFFICES OF JENNIFER DUFFY**

By: _____
Jennifer Duffy
28649 S. Western Avenue, Suite 6571
Los Angeles, CA 90734
Tel: (310) 714-9779
Email: jennifer@usclassactions.com

Dated: _____          **PARRIS LAW FIRM**

By: _____
R. Rex Parris (SBN 96567)
Alexander R. Wheeler (SBN 239541)
Kitty K. Szeto (SBN 258136)
John M. Bickford (SBN 280929)
Ryan A. Crist (SBN 316653)
43364 10th Street West
Lancaster, CA 93534
Tel: (661) 949-2595
rrparris@parrislawyers.com
kszeto@parrislawyers.com
awheeler@parrislawyers.com
jbickford@parrislawyers.com
rcrist@parrislawyers.com

Dated: 9/4/2025          **SHEGERIAN & ASSOCIATES, INC.**

By: _____
Carney R. Shegerian (SBN 150461)
Anthony Nguyen (SBN 259154)
145 South Spring Street, Suite 400
Los Angeles, CA 90012
Tel: (310) 860-0770
Fax: (310) 860-0771
CShegerian@Shegerianlaw.com
ANguyen@Shegerianlaw.com

**AGREED AS TO ALL OBLIGATIONS OF DEFENDANT'S COUNSEL:**

Dated:  9/5/25

SUSMAN GODFREY LLP

By: _____

Vineet Bhatia (*pro hac vice*)
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel. (713) 651-9366
vbhatia@susmangodfrey.com

Stephen E. Morrissey (187165)
401 Union Street, Suite 3000
Seattle, WA 98101
Tel. (206) 373-7383
smorrissey@susmangodfrey.com

Amanda Bonn (270891)
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel. (310) 789-3100
abonn@susmangodfrey.com

*Attorneys for Defendant*

# Exhibit A

<table>
<tr><td>

**Your form must be submitted online or postmarked by:**
[**DEADLINE**]

</td><td>

*In re University of Southern California Tuition and Fees COVID-19 Refund Litigation*
No. 1:20-cv-4066-DMG-PVC (C. D. Cal.)
**SETTLEMENT ELECTION FORM**

</td><td>

**UTF-ELCT**

</td></tr>
</table>

## GENERAL INSTRUCTIONS

You are receiving this communication because our records indicate that you are a member of the Settlement Class in *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation*, Case No. 1:20-cv-4066-DMG-PVC (C.D. Cal.). This means that you are eligible to receive a Cash Award from the Settlement Fund that has been established to settle this case.

**You are not required to complete this Election Form to receive a Cash Award.  If you do not complete and return this Election Form by [DATE], you will receive your share of the Settlement Fund in the form of a check sent to your last known mailing address.**

Please complete and return this Election Form by [DATE] if you wish to: (i) receive your share of the Settlement via Venmo or PayPal, or (ii) update your mailing address to receive your share of the Settlement via check by first class mail.

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Please provide your name and contact information below. It is your responsibility to notify the Settlement Administrator if you contact information changes after you submit your Election Form.

| | |
|---|---|
| | |

**First Name**                    **Last Name**

| |
|---|
| |

**Street Address**

| | | |
|---|---|---|
| | | |

**City**                    **State**                    **Zip Code**

| | | |
|---|---|---|
| | | |

**Email Address**                    **Phone Number**                    **Notice ID**

## II. PAYMENT SELECTION

**Select one of the following payment options:**

☐ PayPal    ☐ Venmo    ☐ Check*

Please provide the email address or phone number associated with your PayPal or Venmo account:
_____

*\*Payment will be mailed to the address provided in Section I above.*

## IV. CERTIFICATION & SIGNATURE

I swear and affirm under penalty of perjury that I am a Class Member, and the information provided in this Election Form is true and correct to the best of my knowledge.

_____    _____    _____
Signature                    Printed Name                    Date

**Questions? Visit WWW.USCREMOTELEARNINGLAWSUIT.COM or call toll-free 1-833-658-5333**

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# If you were a student who paid or were obligated to pay tuition, fees, or other costs to the University of Southern California for the Spring 2020 academic term, a class action lawsuit may affect your rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

☐ **IMPORTANT: Please read this Notice carefully and in its entirety.**

☐ In March 2020, in response to the COVID-19 pandemic, the University of Southern California ("USC") transitioned students to remote learning and services through the end of the Spring 2020 academic term. In May 2020, six students (collectively, "Class Representatives" or "Plaintiffs") filed a class action lawsuit (the "Lawsuit") against USC and the Board of Trustees of USC (collectively, "Defendants"), alleging that they and similarly situated students ("Class Members") are entitled to partial refunds of tuition and certain fees or costs for the Spring 2020 academic term. The Lawsuit is *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation*, Case No. 202:20-cv-04066-DMG-PVC, in the U.S. District Court for the Southern District of California.

☐ The Parties have reached a Settlement in the Lawsuit. The proposed Settlement is not an admission of wrongdoing by Defendants, and Defendants deny all allegations of wrongdoing and disclaim all liability with regard to all claims in the Lawsuit. The Court has granted preliminary approval of the Settlement.

☐ You are included in the Settlement Class if you were a student who paid or was obligated to pay tuition, fees, or other costs to USC for the Spring 2020 academic term. But, you are not a Settlement Class Member if you request to opt out of (*i.e.*, exclude yourself from) the Settlement.

☐ Under the Settlement Agreement, USC will pay $10 million into a Settlement Fund. Some of that amount will go to Class Counsel for attorneys' fees and expenses, some will go to the Class Representatives as a Service Award, and some will pay for the costs of administering the Settlement. What remains of the $10 million will be divided equally among members of the Settlement Class (who do not request to opt-out of the Settlement) and paid as a Cash Award to each Settlement Class Member. Settlement Class Members do not need to take any action to receive their Cash Award. Settlement Class Members will automatically receive their Cash Award by check mailed to their last known mailing address. Alternatively, Settlement Class Members may visit the Settlement Website to complete an Election Form, by ==DATE==, (1) indicating that they would prefer to receive their Cash Award by Venmo or PayPal, or (2) providing an updated mailing address at which they would like to receive their Cash Award by check.

☐ Your legal rights are affected whether you act or don't act, and you have a choice to make now.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS Settlement: | |
|---|---|
| **DO NOTHING** | **Settlement Class Members who do nothing will automatically receive a payment by check to their last known mailing address as reflected in USC's records after the Effective Date of the Settlement Agreement.** You will give up any rights you may have to sue USC about the issues in this Lawsuit. |

| **CHANGE YOUR PAYMENT OPTIONS** | **Settlement Class Members may visit https://www.uscremotelearninglawsuit.com to (1) provide an updated mailing address for sending a check or (2) elect to receive the Cash Award by Venmo or PayPal instead of by a paper check.** Settlement Class Members may also submit this information to the Settlement Administrator by mail at <mark>1650 Arch Street, Suite 2210, Philadelphia, PA 19103</mark>. The deadline to change your payment option is **<mark>DATE</mark>**. |
|---|---|
| **OPT OUT** | **You will not receive a Cash Award, but you will retain any rights you may have to sue Defendants about the issues in this Lawsuit.** The deadline to opt out is <mark>DATE</mark>. |
| **OBJECT** | **Write to the Court explaining why you do not like the Settlement. If the Court approves the Settlement, you will be bound by the Court's decision and by the terms of the Settlement Agreement.** The deadline to object to the Settlement is <mark>DATE</mark>. |
| **ATTEND A HEARING** | **Ask to speak in Court about the fairness of the Settlement during the Final Approval Hearing on <mark>DATE</mark>.** |

☐ ***These rights and options—and the deadlines to exercise them—are explained in this Notice. Please review this Notice carefully***.

☐ The Court presiding over this Lawsuit still has to decide whether to finally approve the Settlement. The Cash Awards made available by this Settlement will be provided only if the Court finally approves the Settlement and after any issues with the Settlement or appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**…………………………………..……                    Page 3
    1.  Why did I get this Notice?
    2.  What is this Lawsuit about?
    3.  What is a class action and who is involved?
    4.  Why is this Lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT**…………..……..………………                  Page 4
    5.  What does the Lawsuit complain about?
    6.  How do Defendants respond?
    7.  Has the Court decided who is right?
    8.  Why is there a Settlement?
    9.  Is there any money available now?

**WHO IS IN THE CLASS**…………………………………………..                Page 5
    10.  Am I part of this Class?
    11.  Are any people not included in the Class?
    12.  I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS**……………………………………            Page 5
    13.  What happens if I do nothing at all?
    14.  How do I update my contact information or elect to have my Cash Award made electronically?
    15.  Why would I ask to opt out?
    16.  How do I ask the Court to exclude me from the Class?
    17.  How do I object to the Settlement?
    18.  What rights am I giving up in this Settlement?
    19.  When will the Court rule on the Settlement?

**THE LAWYERS REPRESENTING YOU AND THEIR**
**COMPENSATION**…..……………………...                                    Pages 9
    20.  Do I have a lawyer in this case?
    21.  Should I get my own lawyer?
    22.  How will the Class Representatives and lawyers be paid?

**UPDATE CONTACT INFORMATION AND KEEP RECORDS**………………  Page 11
    23.  How do I change my payment options?

**GETTING MORE INFORMATION**…………………………………            Page 11
    24.  Are more details available?

## BASIC INFORMATION

| 1. Why did I get this Notice? |
| --- |

USC's records show that you may have been a student who paid or was obligated to pay tuition, fees, or certain other costs to USC for the Spring 2020 academic term.  This Notice  explains that the Court has preliminarily approved a class action Settlement that may affect you.  You have legal rights and options that you may exercise before the Court decides whether to grant final approval to the Settlement.

| 2. What is this Lawsuit about? |
| --- |

The Lawsuit alleges claims for quasi-contract restitution and the California Unfair Competition Law against Defendants. Plaintiffs allege that they and Class Members are entitled to partial refunds of tuition and certain fees and costs for the Spring 2020 academic term after Defendants transitioned from in-person to remote learning and services in March 2020 amid the COVID-19 pandemic. Defendants deny Plaintiffs' claims, deny that there is any basis to seek partial refunds, and further deny any liability or wrongdoing whatsoever. Plaintiffs' operative Complaint, the Settlement Agreement, and other Lawsuit-related documents are available on the Settlement Website, accessible at https://www.uscremotelearninglawsuit.com.

| 3. What is a class action and who is involved? |
| --- |

In a class action lawsuit, one or more people—which in this case are Plaintiffs Injune David Choi, Christina Diaz, Chile Mark Aguiniga Gomez, J. Julia Greenberg, Justin Kerendian, and Latisha Watson—sue on behalf of other people who have similar claims.  The individuals who sued are called the "Plaintiffs" or "Class Representatives" and the similarly situated people they represent are called "Class Members." Together, Class Representatives and Class Members form the "Class."  The parties they sued—here, USC and the Board of Trustees of USC—are called the "Defendants."  One lawsuit resolves the issues and claims for everyone in the Class, except for those people who  choose to exclude themselves from the Class.

| 4. Why is this Lawsuit a class action? |
| --- |

The Court decided that this Lawsuit may proceed as a class action because it meets  the requirements of Rule 23 of the Federal Rules of Civil Procedure, which governs class actions in federal court.  More information about why the Court is allowing this Lawsuit to be a class action can be found by reading the Court's  Order Certifying the Class, which is available at www.USCRemoteLearningLawsuit.com.

## THE CLAIMS IN THE LAWSUIT

| 5.   What does the Lawsuit complain about? |
| --- |

Plaintiffs allege that USC promised to provide in-person instruction and services for the Spring 2020 academic term, and failed to do so for part of that term when USC switched to remote instruction and services due to the pandemic.  Plaintiffs allege that they and Class Members have the right to partial refunds of tuition and certain fees for the Spring 2020 academic term because they claim the value of remote instruction and services is less than that of in-person instruction and services.  You can read the current version of Plaintiffs' Class Action Complaint at www.USCRemoteLearningLawsuit.com.

| 6.   How do Defendants respond? |
| --- |

Defendants deny that they did anything unjust or unfair.  Specifically, they deny making a promise to provide in-person instruction and services for the Spring 2020 academic term and contend that they disclosed in the USC Catalogue that USC could change course offerings. Defendants say that the government mandated the switch from in-person to remote instruction. Defendants challenge that the value of remote instruction and services is less than that of in-person instruction and services. Defendants also state that USC experienced a financial loss because of the transition to remote instruction so that Plaintiffs and Class Members could complete their Spring 2020 academic term coursework and earn units toward graduation. Defendants deny any wrongdoing or liability to Plaintiffs and Class Members whatsoever. Defendants' Answer to the current version of Plaintiffs' Class Action Complaint is available at www.USCRemoteLearningLawsuit.com.

| 7.  Has the Court decided who is right? |
| --- |

The Court hasn't decided whether Plaintiffs or Defendants are right. By preliminarily approving a class action Settlement, the Court is not suggesting that Plaintiffs would win or lose this case.

| 8.  Why is there a Settlement? |
| --- |

Plaintiffs and Defendants have determined that it is in their best interests to settle this Lawsuit to avoid the expenses and uncertainties associated with continued litigation. This Settlement resolves all claims asserted in the Lawsuit against Defendants. Plaintiffs and the attorneys for the Settlement Class believe that the proposed Settlement is in the best interests of the Class. The Settlement Agreement is not an admission of wrongdoing by Defendants and does not imply that there has been, or would be, any finding that Defendants violated any law or otherwise did anything wrong if the Lawsuit were to move forward. Defendants deny each and every allegation of wrongdoing and liability in the Lawsuit. The Court did not reach a decision on the merits of Plaintiffs' remaining claims. The Court has preliminarily approved the Settlement and ordered that this Notice be provided to explain it. Nevertheless, because the settlement of a class action determines the rights of all members of a settlement class, the Court must give final approval to the Settlement before it will take effect. The Court has conditionally certified the Settlement Class for settlement purposes only, so that the Settlement Class will receive this Notice and have the

opportunity to opt out of the Settlement Class or to voice their support for or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the Lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this Lawsuit.

| 9.  Am I part of this Class? |
| --- |

You are a member of the Settlement Class if you were a student who paid or was obligated to pay tuition, fees, or other costs to USC for the Spring 2020 academic term.

| 10.  Are any people not included in the Class? |
| --- |

Excluded from the Class are all students who enrolled in USC's education programs that, prior to March 10, 2020, were offered exclusively online. Also excluded from the Class are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs, successors, assigns, or other people or entities related to or affiliated with Defendants and/or Defendants' officers and/or directors, the judges assigned to the Lawsuit, and any member of a judge's immediate family.

Furthermore, students who previously elected to opt out of the class certified by the Court on September 29, 2023 are not included in the Settlement Class.

| 11.  I'm still not sure if I am included. |
| --- |

If you are still unsure whether you are in the Settlement Class, obtain free assistance by visiting www.USCRemoteLearningLawsuit.com, or contacting the notice administrator at *In re University of Southern California COVID-19 Tuition and Fee Litigation*, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, 1-833-658-5333 or info@USCRemoteLearningLawsuit.com. You may also contact one of the lawyers representing the Class, whose contact information is provided below.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before final approval, and you have to decide this **now**.

| 12.  What happens if I do nothing at all? |
| --- |

Settlement Class Members who do nothing will automatically receive a payment by check to their last known mailing address as reflected in USC's records after the Effective Date of the Settlement Agreement. You will give up any rights you may have to sue USC about the issues in this Lawsuit.

QUESTIONS?  PLEASE CALL 1-833-658-5333, EMAIL INFO@USCREMOTELEARNINGLAWSUIT.COM, OR VISIT WWW.USCREMOTELEARNINGLAWSUIT.COM

5

### 13. How do I update my contact information or elect to have my Cash Award made electronically?

The $10 million Settlement Fund, minus any attorneys' fees and costs (addressed below), any Service Awards for the named Plaintiffs of up to $10,000 each, and the costs of administering the Settlement, will be divided equally among all Settlement Class Members as Cash Awards. Students in the Settlement Class will not need to take any action to receive their Cash Award. Settlement Class Members will automatically receive their Cash Award by check mailed to their last known mailing address as reflected in USC's records.

Alternatively, if Settlement Class Members prefer to receive their Cash Award by Venmo or PayPal, or to provide an updated mailing address to which their check should be sent, they may visit the Settlement Website or contact the Settlement Administrator by mail at the address below to indicate their preference by DATE.

If any Settlement Class Members fail to cash their Cash Award checks, monies from those uncashed checks will be paid to USC Student Basic Needs Fund for the purpose of providing additional student aid to current USC students.

### 14. Why would I ask to opt out?

If you already have your own lawsuit against Defendants for similar claims and want to continue with it, if you want to preserve your ability to independently pursue a lawsuit on your own, or if you do not want to participate in this lawsuit as a member of the Class for whatever reason, you need to ask to be excluded from the Class. If you exclude or remove yourself from the Class—which is sometimes called "opting-out" of the Class—you won't get any money from this Lawsuit.

However, you may then be able to sue or continue to sue Defendants for similar claims. If you exclude yourself, you will not be legally bound by the Court's pre-trial decisions or the judgment in this Lawsuit.

If you start your own lawsuit against Defendants after you exclude yourself, you'll have to hire and pay your own lawyer for the lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Defendants or preserve your ability to do so in the future, you should talk to your own lawyer soon, because your claims may be subject to time limitations, also known as statutes of limitations or repose.

If you ask to be excluded, your contact information and Spring 2020 academic term student financial account information maintained by USC will not be disclosed to Class Counsel.

### 15. How do I ask the Court to exclude me from the Class?

To exclude yourself from the Class you must send a signed letter by first-class mail stating that you "request exclusion from the Class in *In re University of Southern California COVID-19 Tuition and Fee Litigation,* Case No. CV 20-4066-DMG (PVCx)" and provide your full name, postal address, and telephone number in the letter. If you are signing on behalf of a Class Member (such as an

QUESTIONS?  PLEASE CALL 1-833-658-5333, EMAIL INFO@USCREMOTELEARNINGLAWSUIT.COM, OR VISIT WWW.USCREMOTELEARNINGLAWSUIT.COM

6

estate, corporation, or partnership), please indicate your full name and the basis of your authority to act on behalf of the Class Member.

You must mail your exclusion request, such that it is postmarked on or before ***Date***, to:

***In re University of Southern California COVID-19 Tuition and Fee Litigation***
**Attn: Exclusion Requests**
**P.O. Box 58220**
**Philadelphia, PA 19102**

You cannot exclude yourself from the Class by email, telephone, or facsimile. Requests for exclusion that do not follow the above requirements will be invalid.

## 16.  How do I object to the Settlement?

If you are a Settlement Class Member (*i.e.*, you did not opt out of the Settlement Class), you can object to any aspect of the Settlement. You can ask the Court to deny approval of the proposed Settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement that has been reached by the Parties. If the Court denies final approval of the Settlement, the benefits for Settlement Class Members described herein will not be provided, and the Lawsuit will continue.

To object, you must file your objection in writing with the Court and counsel for the Parties, as explained below. Your objection must include the following:

- Your name and address;

- An explanation of the basis upon which you claim to be a Settlement Class Member;

- All grounds for the objection, including all citations to legal authority and evidence supporting the objection;

- The name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys");

- A statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and

- If you or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

"Mass" or "class" objections will not be allowed.

You must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) no later than **DATE**.  You must also send a copy of

your objection by mail, hand, or overnight delivery service, postmarked no later than **DATE**, or by operation of the Court's electronic document system to:

- the attorneys representing the Plaintiffs and the Settlement Class, specifically: (1) E. Michelle Drake, Berger Montague PC, 1229 Tyler Street NE, Suite 205, Minneapolis, MN 55413, (2) Daniel J. Kurowski, Hagens Berman Sobol Shapiro LLP, 455 N. Cityfront Plaza Drive, Suite 2410, Chicago, IL 60611, and (3) Roy A. Katriel, Esq, The Katriel Law Firm, P.C., 2262 Carmel Valley Road, Suite 201, Del Mar, CA 92014); and
- the attorneys representing Defendants, specifically: Stephen Morrissey, Susman Godfrey LLP, 401 Union St., Suite 3000, Seattle, WA 98101.

**If you do not timely and validly make your objection, you will be deemed to have waived all objections and will not be entitled to speak at the Final Approval Hearing.**

If you file and serve a written objection and statement of intent to appear, you may appear at the Final Approval Hearing, either in person or through your personal counsel hired at your own expense, to object to the fairness, reasonableness, or adequacy of the Settlement.

If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by **DATE**. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf.

If you opt out of the Settlement, you cannot file an objection.

If you object and the Settlement is approved, you will still be entitled to receive benefits under the Settlement, and you will be bound by the terms of the Settlement.

| 17. What rights am I giving up in this Settlement? |
| --- |

Unless you opt out of the Settlement, you cannot sue or be part of any other lawsuit against Defendants or the Released Parties about the issues in this Lawsuit. This specifically includes any claim for breach of contract or any tort, common law, or statutory claim arising out of or in any way allegedly related to the claims in this Lawsuit for partial refunds of tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member in connection with the Spring 2020 academic term. Unless you opt out of the Settlement, all of the decisions and judgments of the Court will bind you.

The Settlement Agreement is available at https://www.uscremotelearninglawsuit.com. *The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully.* If you have any questions, you can talk for free to the attorneys identified herein who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

| 18. When will I receive my Cash Award? |
| --- |

Cash Awards will be distributed after the Court grants Final Approval of the Settlement. The Parties cannot accurately predict when (or whether) the Court will grant Final Approval of the Settlement,

or whether there may be appeals from that order that will take additional time to resolve, so please be patient. After the Court grants Final Approval of the Settlement, and after any appeals are resolved, Cash Awards will be paid within ==sixty (60) days== of that final resolution.

Updated information about the Lawsuit will be made available at https://www.uscremotelearninglawsuit.com. For more updates or details, you can also call the Settlement Administrator toll-free at 833-658-5333 or contact Class Counsel at the information provided below.

| 19.  When will the Court rule on the Settlement? |
| --- |

The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a final approval or fairness hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Settlement Class for settlement purposes, hear any proper objections related to the Settlement, and consider any requests for an award of attorneys' fees and expenses and Service Awards for the Class Representatives. The Court will hold the Final Approval Hearing on ==DATE==, 2026, at ==TIME== PT, at the U.S. District Court for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012. The date and time of the Final Approval Hearing are subject to change by Court order, and the hearing may be conducted remotely. Any changes, including instructions for how Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted at the Settlement Website, https://www.uscremotelearninglawsuit.com, and on the Court's docket.

If the Settlement is given Final Approval, the Court will not make any further determination as to the merits of the claims or defenses at issue in the Lawsuit. Instead, the Settlement's terms will take effect, and the Lawsuit will be dismissed on the merits with prejudice. The Parties have agreed to the Settlement to achieve an early and certain resolution to the Lawsuit, so it provides specific and valuable benefits to Settlement Class Members.

If the Court does not grant Final Approval of the Settlement, or if Final Approval is reversed on appeal, or if the Settlement does not become final for some other reason, Plaintiffs, Class Members, and Defendants will be in the same position as they were before the execution of the Settlement Agreement:  the Settlement Agreement will have no legal effect, and Plaintiffs and Defendants will continue to litigate the Lawsuit. There can be no assurance that, if the Settlement is not approved, Settlement Class Members will recover more than is provided in the Settlement, or indeed, anything at all.

## THE LAWYERS REPRESENTING YOU AND THEIR COMPENSATION

| 20.  Do I have a lawyer in this case? |
| --- |

The Court has decided that the law firms of Berger Montague PC, Hagens Berman Sobol Shapiro LLP, and The Katriel Law Firm, P.C. are qualified to represent you and all members of the Class. Together, the law firms are called  "Class Counsel." They are experienced in handling class actions. More information about these law firms, their practices, and their lawyers' experience is available at https://bergermontague.com/, https://www.hbsslaw.com/, and https://www.katriellaw.com/.

If you have questions about the matters raised in this Notice, you may contact Class Counsel:

| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP<br>Steve W. Berman<br>Daniel J. Kurowski<br>Whitney K. Siehl<br>455 N. Cityfront Plaza Drive<br>Suite 2410<br>Chicago, IL 60611<br>Tel: (708) 628-4949<br>usctuition@hbsslaw.com | BERGER MONTAGUE PC<br>E. Michelle Drake<br>Ariana Kiener<br>1229 Tyler Street NE, Suite 205<br>Minneapolis, MN 55413<br>Tel: (612) 594-5999<br>emdrake@bergermontague.com<br>akiener@bergermontague.com<br><br>THE KATRIEL LAW FIRM, P.C.<br>Roy A. Katriel, Esq<br>2262 Carmel Valley Road, Suite 201<br>Del Mar, CA 92014<br>Tel: (619) 363-3333<br>rak@katriellaw.com |

## 21.  Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you will have to pay your counsel at your own expense. For example, you can ask your own counsel to  appear in Court for you if you want someone other than Class Counsel to speak for you.

## 22.  How will the Class Representatives and lawyers be paid?

*Class Representative Compensation*. The Court may award reasonable Service Awards to the Class Representatives for their service in the Lawsuit, not to exceed ten thousand dollars ($10,000) each, which shall come from the Settlement Fund. Any such Court-ordered Service Awards shall be paid after the Settlement's Effective Date. Any Service Awards shall be in addition to any Cash Awards that the Class Representatives may receive as Settlement Class Members.

*Attorneys' Fees, Costs, and Expenses*. The attorneys who brought the Lawsuit will ask the Court to award them attorneys' fees, not to exceed thirty-three and one third percent (33.33%) of the Settlement Fund ($3,333,000), plus reimbursement of out-of-pocket costs and expenses, for the time, expense, and effort expended in investigating the facts, conducting the litigation, and negotiating the Settlement. Class Counsel's motion for attorneys' fees, costs and expenses, and Service Awards for the Class Representatives, will be filed with the Court and made available on the Settlement Website no later than **DATE**. The Fee & Cost Award shall be payable by the Settlement Administrator from the Settlement Fund after the Effective Date.

**UPDATE CONTACT INFORMATION AND KEEP RECORDS**

| |
|---|
| **23.  How do I change my payment options?** |

Settlement Class Members may visit https://www.uscremotelearninglawsuit.com to (1) provide an updated mailing address for sending a check or (2) elect to receive the Cash Award by Venmo or PayPal instead of by a paper check. Settlement Class Members may also submit this information to the Settlement Administrator by mail at:

*In re University of Southern California University COVID-19 Tuition and Fee Litigation*
**1650 Arch Street, Suite 2210**
**Philadelphia, PA 19103**

The deadline to change your payment options is **DATE**.

**GETTING MORE INFORMATION**

| |
|---|
| **24.  Are more details available?** |

Visit the Settlement Website, www.USCRemoteLearningLawsuit.com, where you will find, among other materials, the Court's Order Certifying the Class, the current version of Plaintiffs' Class Action Complaint, and the Defendants' Answer to the current version of Plaintiffs' Class Action Complaint. You may contact the notice administrator at *In re University of Southern California University COVID-19 Tuition and Fee Litigation*, P.O. Box 58220, Philadelphia, PA 19102, 1-833-658-5333, or info@USCRemoteLearningLawsuit.com. You may also contact one of the lawyers representing the Class at the information listed above.

Complete copies of the pleadings, orders, and other documents filed in this Lawsuit are available at the office of the Clerk of Court for the U.S. District Court for the Central District of California Western Division, 255 East Temple Street, Suite 180, Los Angeles, CA 90012-4701 under Case No. CV-20-4066-DMG (PVCx).

**PLEASE DO NOT CALL OR WRITE THE COURT OR CLERK OF THE COURT OR THE UNIVERSITY OF SOUTHERN CALIFORNIA REGARDING THIS NOTICE**

Dated: [Month Day], 2025        BY ORDER OF THE COURT
                                                  U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF
                                                  CALIFORNIA

# **Exhibit C**

**COURT AUTHORIZED NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

<u>USC TUITION AND FEES COVID-19 REFUND SETTLEMENT</u>

**USC'S RECORDS INDICATE YOU WERE A STUDENT WHO PAID OR WAS OBLIGATED TO PAY TUITION, FEES, OR OTHER COSTS TO USC FOR THE SPRING 2020 ACADEMIC TERM AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*University of Southern California Settlement*
Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

A Settlement has been reached in a class action Lawsuit between Defendants University of Southern California and the Board of Trustees of the University of Southern California (collectively "Defendants" or "USC") and individuals who alleged that they, and the Settlement Class, are entitled to partial refunds of tuition and fees for the Spring 2020 academic term because USC transitioned to remote instruction in March 2020 amid the COVID-19 pandemic in accordance with California legal mandates. The case is *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation*, Case No. 2:20-cv-04066-DMG-PVC, in the U.S. District Court for the Central District of California (the "Lawsuit"). The proposed Settlement is not an admission of wrongdoing by USC, and USC denies all allegations of wrongdoing and disclaims all liability with regard to all claims ~~in the Lawsuit~~.

**Am I included in the Settlement Class?** Our records reflect that you may be included in the Settlement Class. You are included in the Settlement Class if you if you were a Student who paid or was obligated to pay tuition, fees, or other costs to USC for the Spring 2020 academic term and have not previously elected to be excluded from the Class in this case.

**What Can I Get?** If approved by the Court, a Settlement Fund of $10,000,000 has been established by USC to pay Cash Awards to Settlement Class Members, notice and administration expenses, approved Class Counsel's fees and costs, and a Service Award to the named plaintiff. What remains of the $10,000,000 million will be divided equally among the approximately Settlement Class Members.

**How Do I Get a Cash Award?** Settlement Class Members will not need take any action to receive their Cash Award. Settlement Class Members will automatically receive their Cash Award by check mailed to their last known mailing address. Alternatively, if Settlement Class Members prefer to receive their Cash Award by Venmo or PayPal, or to update their mailing address to receive a check, they may visit the Settlement Website to complete an Election Form to provide their Venmo or PayPal information or to update their mailing address.

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the Settlement Administrator no later than [opt-out/objection deadline]. If you exclude yourself, you cannot get a Cash Award, but you keep any rights you may have to sue the Defendant over the legal issues in the Lawsuit. If you do not exclude yourself, you may object to the Settlement if you choose to do so. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed with the Court no later than [opt-out/objection deadline]. Specific instructions about how to object to or exclude yourself from the Settlement are available at https://uscremotelearninglawsuit.com. If you do nothing and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to causes of action asserted in this Lawsuit, or which could have been brought in this Lawsuit based upon the facts alleged regarding the Spring 2020 academic term will be released. "Mass" or "class" objections or exclusions from the Class will not be allowed.

**Who Represents Me?** The Court has appointed Berger Montague PC, Hagens Berman Sobol Shapiro LLP and The Katriel Law Firm, P.C. to represent the Settlement Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this Lawsuit, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a final approval or fairness hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also hear any proper objections related to the Settlement, consider any requests for an award of Class Counsel's attorneys' fees (not to exceed 33.33% of the total Settlement Fund), expenses, and any Service Award for the Plaintiffs (not to exceed $10,000 ea) that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on DATE, 2026, at TIME PT, at the U.S. District Court for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012. The date and time of the Final Approval Hearing are subject to change by Court order, and the hearing may be conducted remotely. Any changes, including instructions for how Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted on the Settlement Website, https://uscremotelearninglawsuit.com and on the Court's docket.

**How Do I Get More Information?** For more information, including a more detailed Notice, Claim Form, a copy of the Settlement Agreement and other documents, go to https://uscremotelearninglawsuit.com, contact the settlement administrator at 1-833-658-5333 or Settlement Administrator, P.O. Box 58220, Philadelphia, PA 58220, or call Class Counsel at 1-215-875-3000, 1-708-628-4949 or 1-619-363-3333.