**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re University of Southern California Tuition and Fees COVID-19 Refund Litigation* | No. CV 20-4066-DMG (PVCx)<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT [314] AND (2) MOTION FOR ATTORNEYS' FEES, COSTS & CLASS REPRESENTATIVE SERVICE AWARDS [312]** |

Having considered all papers filed in connection with the Final Approval Hearing, including Plaintiffs' Christina Diaz, Chile Mark Aguiniga Gomez, Injune David Choi, J. Julia Greenberg, Justin Kerendian, and Latisha Watson (collectively, "Plaintiffs" or "Class Representatives") Motion for Final Approval of Class Action Settlement [Doc. # 314] and their Motion for Attorneys' Fees and Costs and Class Representative Service Awards [Doc. # 312], arguments made at the Final Approval Hearing held on April 24, 2026, and upon good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court, for purposes of this Final Order and Judgment ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement ("Settlement Agreement") filed in this Action that memorializes the Settlement reached in this action.

2. The Court has personal and subject matter jurisdiction over all claims asserted in the Action, Plaintiffs, the Class Members, and Defendants the University of Southern California and the Board of Trustees of the University of Southern California (collectively, "Defendants").

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied in this case. The Court therefore certifies the same Class it already certified in adversarial litigation as the Settlement Class for purposes of the Settlement Agreement. That Settlement Class is defined as:

> All Students who paid or were obligated to pay tuition, fees, or other costs to USC for the Spring 2020 academic term.
>
> Excluded from the Settlement Class are (i) all Students who enrolled in USC's education programs that, prior to March 10, 2020, were offered exclusively online, (ii) Defendant, any entity in which the Defendant has a controlling interest, and Defendant's legal representatives, predecessors, successors, assigns, and non-student employees, (iii) the Court, its employees, and (iv) any Student who previously elected to opt out of the class following the Court's September 29, 2023, order certifying the class in this case.

The Court further finds that the Class Representatives and Berger Montague PC, Hagens Berman Sobol Shapiro LLP, and The Katriel Law Firm, P.C. (collectively, "Class Counsel") adequately represent the Settlement Class for purposes of entering into and implementing the Settlement.

4.    The Court finds that the Settlement was made and entered into in good faith and hereby approves the Settlement as fair, adequate, and reasonable to all Class Members. No objections and only one request for exclusion was submitted, which further supports the finding that the Settlement is fair, adequate, and reasonable. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

**Class Notice**

5.    Notice to Settlement Class Members has been completed in conformity with the terms of the Settlement Agreement and Order Granting Preliminary Approval ("Preliminary Approval Order") [Doc. # 311] to the Class Action Settlement as to all Class Members who could be identified through reasonable effort. The Court finds that the Notice implemented pursuant to the Agreement (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the Agreement, the Settlement Class's right to object to or opt out of the proposed Agreement, and the Settlement Class's right to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive Notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court. The Notice, either mailed electronically or by United States Postal Service direct to Settlement Class Members, and the Settlement Website, provided due and adequate notice to Settlement Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Settlement Class Members could opt out of the Settlement. The

2

Notice reached over 99% of the Class Members and fully satisfied the requirements of due process.

**Objections and Requests for Exclusion**

6.     No objections to the Settlement were submitted by Settlement Class Members in accordance with the requirements set forth in the Settlement Agreement and Preliminary Approval Order.

7.     The Court finds that one valid request for exclusion from the Settlement was received from Matthew Leland David Y. Gue.  Accordingly, that individual is no longer a Settlement Class Member, will not partake in any consideration provided by the Settlement, and is not bound by this Final Judgment.

**Release of Claims**

8.     Plaintiffs and all other Settlement Class Members shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Released Parties from the following Released Claims:

> Any and all actual or potential causes of action, suits,  claims, liens, demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form or nature, including but not limited to, all claims relating to or arising out of any state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or Unknown Claims, asserted or unasserted, arising out of or in any way allegedly related to the claims in this Action for tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member in connection with the Spring 2020 academic term, including but not limited to all claims of every nature and description whatsoever, as to all Defendant campuses, schools, programs, activities, or other offerings or services and the actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, or failures to act that were brought or could have been brought in the Action.

9.     The Action is dismissed (including all individual claims and Settlement Class claims presented thereby) on the merits with prejudice, without fees or costs to any party except as provided by the terms of the Settlement Agreement and this

3

Order. And, in accordance with the terms of the Settlement Agreement, the Court permanently bars and enjoins all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit, arbitration, mediation, or other action in any jurisdiction anywhere that is based in whole or in part on the Released Claims.

**Payments Pursuant to the Settlement Agreement**

10.     The Court finds that the Settlement Fund, the Available Settlement Fund Amount, and the methodology used to calculate and pay a Cash Award to each Settlement Class Member are fair and reasonable, and authorizes the Settlement Administrator to pay the Cash Awards to Settlement Class Members in accordance with the terms of the Settlement Agreement.

11.     If a Cash Award remains uncashed or undeliverable or to the extent there are any remaining funds in the Settlement Fund after distribution of all Cash Awards and Settlement Administration Expenses, such funds shall be paid by the Settlement Administrator within sixty (60) days after the one hundred eighty (180) day period has expired, to the USC Student Basic Needs Fund. Amounts deposited in this fund will not otherwise reduce or offset any financial assistance the University of Southern California plans to offer students.

**Attorneys' Fees, Expenses, Service Awards, And Settlement Administrator Costs**

12.     The Court awards attorneys' fees in the amount of $3,300,000, to be paid from the Settlement Fund, in accordance with the instructions to be provided by Berger Montague PC, Hagens Berman Sobol Shapiro LLP, and The Katriel Law Firm, P.C., consistent with the requirements in the Settlement Agreement [Doc. # 308-3 at §§ 8.1-8.2]. The Court finds that this fee award is fair and reasonable under the percent-of-the-fund approach after weighing the *Vizcaino* factors. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002). The Court further evaluated the reasonableness of the requested fees through a lodestar cross-check. That review confirms the fee award is reasonable, especially given that Class Counsel did not

4

include all hours billed by other law firms that performed work on this matter. Class Counsel's billed hours and hourly rates appear to be reasonable and justified.

13. The Court authorizes Class Counsel to allocate attorneys' fees among Class Counsel, as well as The Kalfayan Law Firm, APC, Lynch Carpenter LLP, Law Offices of Jennifer Duffy, Parris Law Firm, and Shegerian & Associates, Inc., in a manner that, in Class Counsel's good-faith judgment, reflects each firm's contribution to the prosecution and resolution of the litigation.

14. The Court approves reimbursement of Class Counsel's documented out-of-pocket expenses in an amount not to exceed $367,780.63, to be paid from the Settlement Fund to Class Counsel. [*See* Doc. # 308-3 at §§ 8.1-8.2.] The Court finds that these out-of-pocket expenses were reasonably incurred in litigating this action and are the type of expenses charged to and reimbursed by paying clients in litigation.

15. The Court awards $10,000 to each Plaintiff as a Service Award, to be paid from the Settlement Fund, in recognition of the services each Plaintiff performed for and on behalf of the Settlement Class Members. *Id*. at § 8.3. The Court finds that the Service Awards and their amount are reasonable and justified in light of the risk and investment of time and effort each Plaintiff undertook to advance the interests of all Settlement Class Members.

16. The Court approves reimbursement to the Settlement Administrator for notice and claims-administration costs in an amount not to exceed $100,000, to be paid from the Settlement Fund, subject to deductions for the payment for notice costs already made by USC in accordance with the Settlement Agreement. *Id*. at § 4.1(g).

17. To the extent any objections have been interposed to the requested award of attorneys' fees, costs, and service awards, the Court overrules those objections and finds the fees, costs, and service awards requested and approved reasonable and justified.

**Other Provisions**

18. The parties shall implement the Settlement according to its terms.

5

19. The Court reserves exclusive and continuing jurisdiction over the Action, Plaintiffs, the Settlement Class Members, and Defendants as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and the Final Judgment, and for any other necessary purpose.

**Final Judgment**

20. The Court hereby enters judgment for Plaintiffs and the Class Members in accordance with the terms of the Settlement Agreement, and this Order is a final and appealable Order.

21. If the Settlement does not become Final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated and, in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

**Final Status Report**

22. By **December 30, 2026**, Class Counsel shall file a final status report that includes the total notice and claims-administration costs of the Settlement Administrator, the number of class members who received and cashed disbursements, whether any funds remain in the common fund, and the amount of the remaining funds contributed to the USC Student Basic Needs Fund.

**IT IS SO ORDERED.**

Dated:  April 24, 2026

By: _____
DOLLY M. GEE
Chief United States District Judge